IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Chapter 7 |
| | ) | |
| VICKI E. ESRALEW, | ) | 04 B 24393 |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| | ) | |
| ROLLIN J. SOSKIN, EUGENE | ) | Adversary No. |
| TERRY, NICOLE TERRY and | ) | |
| TERRY'S COMPANY, INC., | ) | 04 A 03774 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| VICKI E. ESRALEW, | ) | |
| | ) | |
| Defendant. | ) | |

F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
FEB 1 0 2005
KENNETH S. GARDNER, CLERK
PS REP. - RD

## DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE BENJAMIN A. GOLDGAR
    BANKRUPTCY JUDGE

NOW COMES VICKI E. ESRALEW, Defendant herein, through her

Attorneys, Gina B. Krol and Cohen & Krol, and respectfully submits her Answer to

Plaintiffs' First Amended Complaint as follows:

1. Esralew filed a Petition under Chapter 7 of the Bankruptcy Code on

June 29, 2004.

ANSWER:    Vicki E. Esralew admits the allegations contained in

paragraph 1 of Plaintiffs' first amended complaint.

2. Robert Aren (hereinafter "Aren") is and, at all relevant times hereto, was

the husband of Vicki Esralew. Aren has not joined in the bankruptcy petition filed

by Esralew.

ANSWER:    Vicki E. Esralew admits the allegations contained in
paragraph 2 of Plaintiffs' first amended complaint.

3. Neil A. Reisman (hereinafter "Reisman"), until his resignation on March
15, 2004, was Vice-President-Finance and Chief Administrative Officer of Vickilew,
Inc. (hereinafter "Vickilew").

ANSWER:    Vicki E. Esralew denies the allegations contained in
paragraph 3 of Plaintiffs' first amended complaint.  Vicki E. Esralew affirmatively
states that Neil A. Reisman was an employee of Vickilew, Inc. for a period of
approximately four months.

4. Good Sector, L.L.C. (hereinafter "Good Sector") is a limited liability
company which was created on March 15, 2004 and registered in Illinois.
Reisman was a principal in the formation of the company and, upon information
and belief, has an ownership interest in Good Sector.  From the outset of Good
Sector's creation, Reisman held the title of "manager" at Good Sector.

ANSWER:    Vicki E. Esralew admits the allegations contained in
paragraph 4 of Plaintiffs' first amended complaint.

5. At the time of the filing, Esralew and Aren were indebted to Plaintiffs
pursuant to a certain Memorandum Agreement (hereinafter "Agreement") entered
into by the parties on November 22, 1998.  The Agreement was modified in part
by a letter agreement dated February 24, 1999.  A copy of such Agreement along
with a copy of the modification letter of February 24, 1999 is attached hereto as
Group Exhibit A.

ANSWER:    Vicki E. Esralew admits that she entered into the

Memorandum Agreement dated November 22, 1998. Vicki E. Esralew further admits that the signature contained on the UCC-1 financing statement appended to the complaint is hers but states that she signed same under extreme pressure and duress by Plaintiffs. Vicki E. Esralew further affirmatively states that the Memorandum Agreement should be voided as a result of Plaintiff, Soskin's conflict of interest.

6. At the time of entering into the Agreement Esralew and Aren informed Soskin and the Terrys that they had sought and received independent legal advice. Prior to entering into the Agreement Esralew and Aren proposed changes to the Agreement based upon advice from legal counsel.

ANSWER:     Vicki E. Esralew denies the allegations contained in paragraph 6 of Plaintiffs' first amended complaint and affirmatively states that Plaintiff, Soskin, was her attorney from 1988 through and after at the time she entered into the Agreement. Vicki E. Esralew affirmatively states that she did not seek any other legal representation regarding any aspects of the Memorandum Agreement and that she relied solely on the advice given to her by Soskin.

7. After Soskin filed suit to enforce the Agreement Esralew and Aren claimed that they had been represented by Soskin relative to entering into the Agreement and that the Agreement was void due to a purported conflict of interest, notwithstanding a signed waiver of any conflict of interest on the part of Soskin contained within the Agreement.

ANSWER:     Vicki E. Esralew denies the allegations contained in paragraph 6 of Plaintiffs' first amended complaint and affirmatively states that Plaintiff, Soskin, was her attorney from 1988 through and after at the time she

- 3 -

entered into the Agreement. Vicki E. Esralew affirmatively states that she did not seek any other legal representation regarding any aspects of the Memorandum Agreement and that she relied solely on the advice given to her by Soskin. Vicki E. Esralew further affirmatively states that the waiver of conflict of interest contained in the Memorandum Agreement is void as it was executed without the informed consent of all of the parties (See first affirmative defense set forth herein).

8. Pursuant to the Agreement, Soskin became a member of Kids Count Entertainment, L.L.C. (hereinafter "the L.L.C."), a limited liability company at least 92% of which was then owned by Esralew and Aren. Under the Agreement Soskin was given 2% ownership interest, certain management rights and the option to purchase an additional 8% of the L.L.C.

ANSWER:   Vicki E. Esralew denies that 92% of Kids Count Entertainment, LLC was owned by her and her husband. Vicki E. Esralew admits that the Memorandum Agreement contemplated Soskin becoming a member of Kids Count Entertainment, LLC. Vicki E. Esralew affirmatively states that said membership was to be given as payment for legal services rendered to the LLC. Soskin. Vicki E. Esralew also affirmatively states that Soskin failed to render the promised services. Vicki E. Esralew also denies that the Memorandum Agreement conferred any management rights upon Soskin.

9. Pursuant to the Agreement Eugene Terry, Nicole Terry and Terry's Company, Inc. (hereinafter "The Terry's") loaned in excess of $200,000.00 to the L.L.C., took a security interest in the inventory, receivables and other assets of the L.L.C. and retained an option to purchase or convert the debt into as much as

- 4 -

10% of the L.L.C. Pursuant to the Agreement the Terrys also had certain
management rights relative to the L.L.C.

ANSWER:    Vicki E. Esralew denies that Eugene Terry, Nicole Terry and
Terry's Company, Inc. made a loan of in excess of $200,000.00 to Kids Count
Entertainment, LLC. Vicki E. Esralew affirmatively states that Eugene Terry,
Nicole Terry and Terry's Company, Inc. made an *investment* in Kids Count
Entertainment, LLC. It is further averred that Eugene Terry, Nicole Terry and
Terry's Company, Inc. pledged to invest between $200,000.00 and $250,000.00
but only actually put in the approximate amount of $160,000.00. Vicki E. Esralew
also denies that the Memorandum Agreement conferred any management rights
upon Eugene Terry, Nicole Terry and Terry's Company, Inc.

10. The Terry's made appropriate U.C.C. filings with the State of Illinois
formalizing their security interest in the inventory, receivables and other assets of
the L.L.C. (see attached Exhibit C).

ANSWER:    Vicki E. Esralew admits that the signature contained on the
UCC-1 financing statement appended to the complaint is hers but states that she
signed same under extreme pressure and duress by Plaintiffs and without the
benefit of effective legal counsel. Vicki E. Esralew further affirmatively states that
the monies advanced by Eugene Terry, Nicole Terry and Terry's Company, Inc.
was in the nature of an investment and a loan such that there was no
consideration given to Kids Count Entertainment, LLC in exchange for the grant
of security.

11. Pursuant to the Agreement, Soskin, the Terrys, Aren and Esralew
agreed that all of Esralew's personal services, creative efforts and products would

- 5 -

be the exclusive property of Kids Count LLC. In fact, it was always the mission of

the L.L.C. to make Esralew the "Martha Stewart" of children's products.

ANSWER:    Vicki E. Esralew admits that paragraph 18 of the

Memorandum Agreement purports to restrict her all of personal services, creative

efforts and products. Vicki E. Esralew affirmatively states that the Memorandum

Agreement is voidable as it was not entered into with her full informed consent

and was drafted by her attorney in breach of his fiduciary duties to her (see first

affirmative defense delineated herein). Vicki E. Esralew further affirmatively states

that the restrictive language contained in paragraph 18 of the Memorandum

Agreement is overly broad, unreasonable and against public policy. As a result,

this restrictive language should be void and unenforceable.

12. Under the Agreement Soskin, the Terrys, Aren and Esralew agreed

that the Operating Agreement of the L.L.C. was to be amended to reflect the

provisions of the Agreement.

ANSWER:    Vicki E. Esralew denies the allegations contained in

paragraph 12 of Plaintiffs' complaint.

13. Pursuant to Section 9.4. of the Operating Agreement of the L.L.C.

(hereinafter the "Operating Agreement"), the secretary of the L.L.C. is required to

send to each member monthly financial reports prepared by the L.L.C. and an

annual compilation report prepared by independent accountants. To date, no

such reports have been received by Soskin.

ANSWER:    Vicki E. Esralew neither admits nor denies the allegations

contained in paragraph 13 of Plaintiffs' first amended complaint and demands

strict proof thereof. Vicki E. Esralew affirmatively states that the Operating

Agreement is not attached to Plaintiffs' First Amended Complaint.

14. Pursuant to Section 9.2 of the Operating Agreement, Soskin is entitled
to examine the financial and business records of the L.L.C.

ANSWER:     Vicki E. Esralew denies that Soskin is entitled to examine the
financial and business records of Kids Count Entertainment, LLC. Vicki E.
Esralew affirmatively states that the Operating Agreement is not attached to
Plaintiffs' first amended complaint.

15. A written request for such examination has been submitted to Esralew,
as the L.L.C.'s registered agent. A copy of such a request is attached hereto as
Exhibit B.

ANSWER:     Vicki E. Esralew admits receiving the attached Exhibit B.

16. To date such request has not been honored, nor has a reply been
received.

ANSWER:     Vicki E. Esralew denies Soskin is entitled to examine the
financial and business records of Kids Count Entertainment, LLC.

17. Pursuant to Paragraph 12 of the Agreement, the parties to the
Agreement were to meet not less often than every fourteen days to review
financial data.

ANSWER:     Vicki E. Esralew admits the allegations contained in
paragraph 17 of Plaintiffs' first amended complaint.

18. From and after May of 1999, Defendants have refused to
communicate directly with Soskin or with the other parties of the Agreement, or to
provide any information whatsoever about the activities of the L.L.C. or of
Esralew.

- 7 -

ANSWER:    Vicki E. Esralew denies the allegations contained in
paragraph 18 of Plaintiffs' first amended complaint and affirmatively states that
after May of 1999 she retained separate legal counsel and has made numerous
attempts to communicate with Plaintiffs through said legal counsel.

19.    Some time after May of 1999 Esralew and, upon information and belief, Aren,
created or participated in the creation of an internet web site through which products
owned, created and/or developed by the L.L.C. or are based on ideas and concepts owned
by the L.L.C. and/or the creative efforts of Esralew, which were exclusively promised to the
L.L.C,, are offered for sale to the public.

ANSWER:    Vicki E. Esralew admits that in November of 1999, she
established a new business entity, Vickilew, Inc., for the purpose of creating and
marketing new concepts and new products.  Vicki E. Esralew further affirmatively
states that Vickilew, Inc. entered into a Distribution Agreement and a License
Agreement with Kids Count Entertainment LLC and that Kids Count Entertainment,
LLC collected royalties from Vickilew, Inc. for the use of said license.  Vicki E. Esralew
also affirmatively states that the restrictive language contained in paragraph 18 of the
Memorandum Agreement is overly broad, unreasonable and against public policy.

20.    Upon information and belief, defendants Esralew and Aren have and
continue to engage in other marketing strategies in order to sell products which were
owned created and/or developed by the L.L.C. or are based on ideas and concepts owned
by the L.L.C. and/or the creative efforts of Esralew, which were exclusively promised to the
L.L.C.

ANSWER:    Vicki E. Esralew admits that she has engaged in marketing
strategies to sell products.  Vicki E. Esralew affirmatively states that to the extent said
marketing included the use of products owned, created and/or developed by Kids

- 8 -

Count Entertainment, LLC, said LLC was paid royalties.   Vicki E. Esralew also affirmatively states that the restrictive language contained in paragraph 18 of the Memorandum Agreement is overly broad, unreasonable and against public policy.

21.   Upon information and belief Esralew and Aren have created one or more new business entities in order to sell said products through the web site and through other means, without sharing the revenues with the L.L.C.

ANSWER:   Vicki E. Esralew admits that she has engaged in other business ventures but denies that Kids Count Entertainment, LLC was entitled to receive revenues from said business ventures.   Vicki E. Esralew also affirmative states that Kids Count Entertainment, LLC was paid royalties under the Distribution Agreement and License Agreement.

22.   Esralew and Aren, sometime in or after May of 1999, created or participated in the creation of a website, namely Vickilew.com, in order to market and sell products which were owned, created and/or developed by the L.L.C. or are based on ideas and concepts owned by the L.L.C. and the creative efforts of Esralew, which were exclusively promised to the L.L.C.

ANSWER:   Vicki E. Esralew admits that in November of 1999, she established a new business entity, Vickilew, Inc., for the purpose of creating and marketing new concepts and new products.   Vicki E. Esralew also affirmatively states that Vickilew, Inc. established a website known as Vickilew.com.   Vicki E. Esralew further affirmatively states that Vickilew, Inc. entered into a Distribution Agreement and a License Agreement with Kids Count Entertainment LLC and that Kids Count Entertainment, LLC collected royalties from Vickilew, Inc. for the use of said license. Vicki E. Esralew also affirmatively states that the restrictive language contained in paragraph 18 of the Memorandum Agreement is overly broad, unreasonable and

- 9 -

against public policy.

23.     Esralew and Aren, sometime in or after May of 1999, created the business entity Vickilew, Inc., a Delaware corporation, (hereinafter "Vickilcw") for the purpose of selling products which were owned, created and/or developed by the L.L.C. or arc based on ideas and concepts owned by the L.L.C. and the creative efforts of Esralew, which were exclusively promised to the LLC.

ANSWER:     Vicki E. Esralew admits that in November of 1999, she established a new business entity, Vickilew, Inc., for the purpose of creating and marketing new concepts and new products. Vicki E. Esralew further affirmatively states that Vickilew, Inc. entered into a Distribution Agreement and a License Agreement with Kids Count Entertainment LLC and that Kids Count Entertainment, LLC collected royalties from Vickilew, Inc. for the use of said license. Vicki E. Esralew also affirmatively states that the restrictive language contained in paragraph 18 of the Memorandum Agreement is overly broad, unreasonable and against public policy.

24.     Sometime after May of 1999 Esralew and Aren, secretly and without notice to Soskin or the Terrys, transferred substantially all the assets of the L.L.C. to Vickielew, for the benefit and use of Vickielew, including inventory, receivables, good will, intellectual property and Esralew's creative services.

ANSWER:     Vicki E. Esralew denies the allegations contained in paragraph 24 of Plaintiffs' first amended complaint.

25.     Following the transfer of assets to Vickilew, Vickilew made a private offering in an attempt to attract more investors and raise $4,000,000.00. Upon information and belief, Vickilew raised a substantial amount of money which was to Esralew's benefit and to the detriment of Soskin and the Terrys.

ANSWER:     Vicki E. Esralew denies that assets of Kids Count Entertainment,

LLC were transferred to Vickilew, Inc.

26.    The products being sold, as alleged in paragraphs 20 through 23, are the property of the L.L.C. and, pursuant to the parties' agreement; Soskin has a right to share in the income derived from the sale of products and concepts owned by the L.L.C. The Terrys have a right to receive payments against their loans from any of the inventories sold and receivables received, as a result of their security interest.

ANSWER:    Vicki E. Esralew denies the allegations contained in paragraph 26 of Plaintiffs' first amended complaint.

27.    Soskin and the Tenys have fulfilled all of their promises and obligations under the parties' written Agreement and provided all of the consideration required of them under the parties' Agreement.

ANSWER:    Vicki E. Esralew denies the allegations contained in paragraph 27 of Plaintiffs' first amended complaint. *Vicki E. Esralew affirmatively states that Soskin breached his fiduciary duty owed to her.* Vicki E. Esralew also affirmatively states that Soskin failed to render services to Kids Count Entertainment, LLC as contemplated by the Memorandum Agreement and that the Terrys failed to invest the full sum pledged to Kids Count Entertainment, LLC.

28.    Esralcw and Aren willingly accepted and personally benefited from the consideration provided by Soskin and the Tenys.

ANSWER:    Vicki E. Esralew denies the allegations contained in paragraph 28 of Plaintiffs' first amended complaint.

29.    Esralew and, upon information and belief, Aren have breached the parties agreement as specified in paragraphs 15 through 25 as well as in the following ways:

(a)    By providing Esralew's creative efforts and activities to business

entities other than the L.L.C. in violation of paragraph 18 of the Agreement;

(b)    By making disbursements in excess of $2,000.00 from Kids Count Entertainment, L.L.C.'s bank account without the requisite signatures in violation of paragraph 3 of the Agreement;

(c) By failing to deposit all receipts of the L.L.C. into its bank account at the LaSalle Bank in violation of paragraph 3 of the Agreement;

(d) By refusing to permit Soskin and the Terrys to participate in the management of the L.L.C. in violation of paragraphs 9 and 12 of the agreement;

(e) By failing to pay to Soskin his share of the revenues from any and all of the defendant entities in which plaintiff owns a percentage share;

(f) By failing to pay the Terrys the proceeds from the sale of inventory and receivables over which the Terrys hold a security interest;

(g) By accepting all of the consideration provided by Soskin and then denying Soskin's ownership interest in the L.L.C.;

(h) upon information and belief, in other ways as yet unknown to the Soskin and the Terrys.

ANSWER:    Vicki E. Esralew responds to the allegations contained in paragraph 29 of Plaintiffs' first amended complaint as follows:

(a) Vicki E. Esralew affirmatively states that the restrictive language containied in paragraph 18 of the Memorandum Agreement is overly broad, unreasonable and against public policy;

(b) Vicki E. Esralew admits that allegations contained in paragraph 29(b) of Plaintiffs' first amended complaint.

(c)    Vicki E. Esralew denies the allegations contained in paragraph 29(c) of Plaintiffs' first amended complaint.

(d)   Vicki E. Esralew denies the allegations contained in paragraph 29(d) of Plaintiffs' first amended complaint.

(e)   Vicki E. Esralew denies the allegations contained in paragraph 29(e) of Plaintiffs' first amended complaint.

(f)   Vicki E. Esralew denies the allegations contained in paragraph 29(f) of Plaintiffs' first amended complaint.

(g)   Vicki E. Esralew denies the allegations contained in paragraph 29(g) of Plaintiffs' first amended complaint.

(h)   Vicki E. Esralew is unable to respond to the allegations contained in paragraph 29(h) of Plaintiffs' first amended complaint.

30.   Esralew and Aren did not intend to honor the Agreement at the time they entered into it, but, rather, executed the agreement in bad faith in order to induce Soskin and the Terrys to provide services and invest money.

ANSWER:   Vicki E. Esralew denies the allegations contained in paragraph 30 of Plaintiffs' first amended complaint.

31.   Defendants engaged in the following fraudulent, deceitful and bad faith acts relative to the Agreement:

(a) Esralew and Aren told Soskin and the Terrys prior to the execution of the Agreement that they needed money quickly in order to produce television and radio commercials and get them on the air for the Christmas shopping period. In fact, defendants knew prior to the execution of the Agreement that it was already too late to put together an effective advertising campaign for the Christmas shopping period;

(b) Defendants engaged in the deception described in paragraph 31 (a) in order to induce Soskin and the Terrys into entering into the Agreement and thus

providing cash to the L.L.C. which benefited Esralew and Aren who could then draw salaries or repay loans to themselves;

(c) Within days of executing the Agreement defendants began to withhold information from Soskin and the Terrys relative to the business. Within days of executing the Agreement Esralew instructed the L.L.C.'s media buyer, Robert Blagman, not to provide information to Soskin and theTerrys concerning potential new investors which Esralew and Aren were seeking, and other business information which Soskin and the Terrys had a right to receive under the Agreement,

(d) Esralew and Aren willfully refused to take steps required of them under the Operating Agreement to perfect Soskin's and the Terry's interest in the L.L.C., although affirmative action was required of them under the L.L.C. Operating Agreement.

(e) Esralew and Aren willfully witlheld the L.L.C. Operating Agreement from Soskin and the Terrys at the time the Agreement was being negotiated and for a substantial time after execution of the Agreement in order to prevent Soskin and the Terrys from complying with any requirements of the Operating Agreement which might be necessary to perfect their interest.

ANSWER:    Vicki E. Esralew responds to the allegations contained in paragraph 31 of Plaintiffs' first amended complaint as follows:

(a)    Vicki E. Esralew denies the allegations contained in paragraph 31(a) of Plaintiffs' first amended complaint.

(b)    Vicki E. Esralew denies the allegations contained in paragraph 31(b) of Plaintiffs' first amended complaint.

(c)    Vicki E. Esralew denies the allegations contained in

paragraph 31(c) of Plaintiffs' first amended complaint.

(d)    Vicki E. Esralew denies the allegations contained in paragraph 31(d) of Plaintiffs' first amended complaint.

(e)    Vicki E. Esralew denies the allegations contained in paragraph 31(e) of Plaintiffs' first amended complaint.

32.    Soskin and the Terrys are informed and believe that defendants have engaged in other acts of deception and bad faith relative to these transactions.

ANSWER:    Vicki E. Esralew denies the allegations contained in paragraph 32 of Plaintiffs' first amended complaint.

## COUNT I

## 11 U.S.C. §523(a)(2)(A)

33.    Soskin and the Terrys allege paragraphs 1-32 as paragraphs 1-32 of Count I of the Complaint.

ANSWER:    Vicki E. Esralew realleges and restates those responses and affirmative statements set forth in paragraphs 1-32 above, as paragraphs 1-32 of Count I of Plaintiff's first amended complaint.

34.    When Esralew and Aren entered into the Agreement they had no intention of keeping the promises made in the Agreement, but, rather, made the promises in order to induce Soskin into providing management and legal services to the L.L.C. at no charge, as well as to induce the Terrys into loaning large sums of money to the L.L.C. which Esralew and Aren had no intention of repaying.

ANSWER:    Vicki E. Esralew denies the allegations contained in paragraph 34 of Plaintiffs' first amended complaint.

35.    The debts and other obligations owed to Soskin and the Terrys

should not be discharged pursuant 11 U.S.C. §523(a)(2)(A).

ANSWER:    Vicki E. Esralew denies the allegations contained in paragraph 35 of Plaintiffs' first amended complaint.

WHEREFORE, the Vicki E. Esralew, Defendant herein prays for the entry of an order dismissing Count I of Plaintiffs' First Amended Complaint and for such other and further relief as this Court shall deem proper.

## COUNT II

### 11 U.S.C. §523 (a)(2)(A)

36.    Soskin and the Terrys allege paragraphs 1 -35 as paragraphs 1 -35 of Count II of the Complaint.

ANSWER: Vicki E. Esralew realleges and restates those responses and affirmative statements set forth in paragraphs 1-35 above, as paragraphs 1-35 of Count II of Plaintiff's first amended complaint.

37.    On or about March 23, 2004, without notice to Soskin or the Terrys, Esralew and Aren transferred all of the assets of Vickilew to Rally Capital Services, Inc. in order to effectuate a purported assignment for the benefit of creditors. The assets transferred included assets in which Soskin had an ownership interest and the Terrys had a security interest, pursuant to the Agreement.

ANSWER:    Vicki E. Esralew admits that an assignment of the Vikilew, Inc. assets to Rally Capital Services, Inc. was made but denies that said transfer included assets in which Soskin had an ownership interest or that the Terrys had a security interest.

38.    On or about March 24, 2004 notice was purportedly sent to all of

Vickilew, Inc.'s creditors informing them that all assets would be auctioned on April 13, 2004. Soskin was not given actual notice of this auction despite his claims against Esralew, Aren and Vickilew which were contained in a lawsuit then pending in Lake County Circuit Court, namely, *Soskin v. Kids Count Entertainment, Inc. et al.* no. 01 CH 1269, in which Vickilew was a named defendant represented by counsel of record.

ANSWER:     Vicki E. Esralew admits that a notice was sent by Howard Samuels, Assignee of Vickilew, Inc., to the creditors of Vickilew, Inc. informing them of an impending auction of assets of Vickilew, Inc.  Vicki E. Esralew denies she was responsible for sending said notice and that Soskin was entitled to notice of said auction, as assets of Kids Count Entertainment, LLC were not being sold.

39.     The Terrys were also not given actual notice of the auction on April 13, 2004 despite the fact that the Terrys had previously received a security interest in the property being auctioned and had a pending action seeking damages in Lake County Circuit Court, namely *Eugene Terry, et al., v. Kids Count Entertainment, Inc., et al,* no. 03 CH 1769.

ANSWER:     Vicki E. Esralew admits that a notice was sent by Howard Samuels, Assignee of Vickilew, Inc., to the creditors of Vickilew, Inc. informing them of an impending auction of assets of Vickilew, Inc.  Vicki E. Esralew denies she was responsible for sending said notice and that the Terrys were entitled to notice of said auction, as assets of Kids Count Entertainment, LLC were not being sold.

40.     On March 20, 2004 Esralew entered into an agreement with Rally Capital in which she warranted that she had provided Rally Capital a complete and correct list of all creditors of Vickilew.

ANSWER:     Vicki E. Esralew admits that she provided Rally Capital Services a complete and correct list of all creditors of Vickilew, Inc.

41.     On March 15, 2004, in anticipation of the purported sale for the benefit

of creditors, Reisman, Vice-President—Finance and Chief Administrative Officer,

resigned his position with Vickilew. Also on March 15, 2004 Reisman created the entity

Good Sector, L.L.C. which adopted the trade name "Vickilew Entertainment."

ANSWER:     Vicki E. Esralew denies that Neil Reisman held an corporate

office with Vickilew, Inc., Vicki E. Esralew neither admits nor denies the remaining

allegations contained in paragraph 41 of Plaintiffs' first amended complaint and

demands strict proof thereof.

42.     On or before March 31, 2004, Good Sector, upon information and belief

through its manager, Reisman, informed Rally Capital Services, Inc. in writing of its

intent to purchase the assets of Vickilew.

ANSWER:     Vicki E. Esralew neither admits nor denies the allegations

contained in paragraph 41 of Plaintiffs' first amended complaint and demands strict

proof thereof.

43.     On April 13, 2004 Good Sector, through its agent and manager, Reisman,

purchased the assets of Vickilcw for $100,000.00, pursuant to an agreed plan between

Reisman, Esralcw and Aren. The $100,000.00 was inadequate consideration for the

assets received.

ANSWER:     Vicki E. Esralew admits that Good Sector, LLC was the

successful bidder at the auction of the sale of the assets of Vickilew, Inc., conducted

by the assignee. Vicki E. Esralew denies that the purchase price of $100,000.00 was

inadequate.

44.     After Good Sector purchased Vickilew's assets, including the rights to

the name "Vickilew," as part of the agreed plan between Reisman, Esralew and Aren,

Good Sector hired Esralew as an employee and, in effect, continued to operate Vickilew,

under a different entity, with all of Vickilew's debts having been erased by the purported assignment for the benefit of creditors. The purported assignment for the benefit of creditors was a sham instituted in order to defraud plaintiffs, erase debt and continue the same business.

ANSWER:    Vicki E. Esralew admits that she became an employee of Good Sector, LLC.    Vicki E. Esralew denies the remaining allegations contained in paragraph 44 of Plaintiffs' first amended complaint.

45.    Upon information and belief, as part of the agreed plan, Reisman, Esralew and Aren agreed not to inform Rally Capital Services, Inc. that Soskin and the Terrys were creditors of Vickilew, thus preventing Rally Capital Services, Inc. from giving actual notice of the purported assignment for the benefit of creditors to Soskin and the Terrys so that neither Soskin nor the Terrys could contest the assignment or appear on the date of the auction and bid for Vickilew's assets.

ANSWER:    Vicki E. Esralew denies the allegations contained in paragraph 45 of Plaintiffs' first amended complaint.

46.    As a result of the above, the assignment for the benefit of creditors has worked a fraud against Soskin and the Terrys.

ANSWER:    Vicki E. Esralew denies the allegations contained in paragraph 46 of Plaintiffs' first amended complaint.

47.    The debts and obligations owed to Soskin and the Terrys should not be discharged pursuant 11 U.S.C. §523(a)(2)(A).

ANSWER:    Vicki E. Esralew denies the allegations contained in paragraph 46 of Plaintiffs' first amended complaint.

WHEREFORE, the Vicki E. Esralew, Defendant herein prays for the entry of an order dismissing Count II of Plaintiffs' First Amended Complaint and for such other and

- 19 -

further relief as this Court shall deem proper.

## COUNT III

### (11 U.S.C. §523(a)(4))

48.    Soskin and the Terrys allege paragraphs 1-47 as paragraphs 1-47 of Count III of the Complaint.

ANSWER: Vicki E. Esralew realleges and restates those responses and affirmative statements set forth in paragraphs 1-47 above, as paragraphs 1-47 of Count III of Plaintiff's first amended complaint.

49.    At all relevant times hereto defendants Esralew and Aren, by law and pursuant to the Agreement, owed fiduciary duties to Soskin and the Terrys as to the manner in which Esralew and Aren operated the L.L.C.

ANSWER:    Vicki E. Esralew denies the allegations contained in paragraph 49 of Plaintiffs' first amended complaint. *Vicki E. Esralew further affirmatively states that Soskin, as her attorney, owed a fiduciary duty to her.* Vicki E. Esralew further affirmatively states that as a result of his conflict of interest, Soskin breached that fiduciary duty when he drafted the Memorandum Agreement. As result of Soskin's breach of fiduciary duty, the Memorandum Agreement is voidable.

50.    Defendants breached their fiduciary duties to the plaintiff as described in paragraphs 16 through 25.

ANSWER:    Vicki E. Esralew denies the allegations contained in paragraph 50 of Plaintiffs' first amended complaint. *Vicki E. Esralew further affirmatively states that Soskin, as her attorney, owed a fiduciary duty her.* Vicki E. Esralew further affirmatively states that as a result of his conflict of interest, Soskin breached that fiduciary duty when he drafted the Memorandum Agreement. As result of Soskin's

breach of fiduciary duty, the Memorandum Agreement is voidable.

51.    As a result of the breach of the fiduciary duties described above, plaintiffs have been damaged through the loss of income and the devaluation of the entity Kids Count Entertainment, L.L.C.

ANSWER:    Vicki E. Esralew denies the allegations contained in paragraph 51 of Plaintiffs' first amended complaint. *Vicki E. Esralew further affirmatively states that Soskin, as her attorney, owed a fiduciary duty to her.* Vicki E. Esralew further affirmatively states that as a result of his conflict of interest, Soskin breached that fiduciary duty when he drafted the Memorandum Agreement. As result of Soskin's breach of fiduciary duty, the Memorandum Agreement is voidable.

52.    The debts owed to Soskin and the Terrys should not be discharged pursuant 11 U.S.C. §523(a)(4).

ANSWER:    Vicki E. Esralew denies the allegations contained in paragraph 52 of Plaintiffs' first amended complaint.

WHEREFORE, the Vicki E. Esralew, Defendant herein prays for the entry of an order dismissing Count III of Plaintiffs' First Amended Complaint and for such other and further relief as this Court shall deem proper.

## COUNT IV

### 11 U.S.C. §523(a)(6)

53.    Soskin and the Terrys allege paragraphs 1-52 as paragraphs 1-52 of Count IV of the Complaint.

ANSWER:    Vicki E. Esralew realleges and restates those responses and affirmative statements set forth in paragraphs 1-52 above, as paragraphs 1-52 of Count IV of Plaintiff's first amended complaint.

54.    The actions of Esralew, Aren and Reisman as described above were

willfully and maliciously taken in order to avoid the payment of valid debts and performance of valid obligations owed to Soskin and the Terrys, to deny Soskin his ownership rights in the L.L.C., and erase the Terry's security interest in the L.L.C.'s assets.

ANSWER:    Vicki E. Esralew denies the allegations contained in paragraph 54 of Plaintiffs' first amended complaint.

55.    The debts and obligations owed to Soskin and the Terrys should not be discharged pursuant to 11 U.S.C. §523 (a)(6).

ANSWER:    Vicki E. Esralew denies the allegations contained in paragraph 54 of Plaintiffs' first amended complaint.

WHEREFORE, the Vicki E. Esralew, Defendant herein prays for the entry of an order dismissing Count IV of Plaintiffs' First Amended Complaint and for such other and further relief as this Court shall deem proper.

### AFFIRMATIVE DEFENSES

NOW COMES VICKI ESRALEW, Defendant herein, and respectfully asserts the following as and for her affirmative defenses to the Plaintiffs' first amended complaint:

Plaintiffs' first amended complaint is predicated solely upon the validity and enforceability of the Memorandum Agreement attached to Plaintiffs' thereto.  It is this Agreement which gives rise to the parties' relationship and upon which Plaintiffs base their allegations.  Without the Memorandum Agreement, Plaintiffs' case must fail.

## CONFLICT OF INTEREST AND SELF-DEALING MAKES THE
## MEMORANDUM AGREEMENT VOIDABLE

1. The Memorandum Agreement is voidable and unenforceable under exigent Illinois law because Rollin J. Soskin (hereinafter "Soskin"), and Plaintiff and the drafter of this agreement, breached his fiduciary duty to Vicki E. Esralew in creating this overreaching agreement which is rife with conflicts of interest and self-dealing.

2. Soskin is an attorney, licensed to practice law in Illinois. Vicki E. Esralew is not an attorney.

3. Soskin, over a period of time, represented Vicki E. Esralew and her husband in a variety of matters including estate planning, business matter and personal legal matters.

4. In 1998, Soskin agreed to represent Kids Count Entertainment LLC. The agreement, as represented to Vicki E. Esralew, was that in exchange for rendering valuable legal services to Kids Count LLC, Soskin would receive a 2% interest in the business.

5. Also, in 1998, Soskin introduced Vicki E. Esralew to Eugene and Nicole Terry, Plaintiffs. Eugene Terry is also an attorney and is Soskin's former law partner. Soskin introduced the Terry's as potential investors in Kids Count Entertainment LLC.

6. As a result of this meeting, Soskin drafted the Memorandum Agreement. At this time, neither Vicki E. Esralew, Bob Ahrens nor Kids Count Entertainment LLC had the benefit of counsel other than Soskin. In this transaction, Soskin represented all parties to the Agreement, including himself.

7. Soskin attempts to rely on paragraph 11 of the Memorandum Agreement for the assertion that Vicki E. Esralew, and others, waived any conflict of interest. Any waiver of the conflict of interest is void as it was executed without informed consent of all parties. Neither Vicki E. Esralew, nor her husband, were advised that their interests were adverse to Soskin and the Terrys. He never counseled them to seek independent counsel and they relied on his advise when they signed the Memorandum Agreement.

8. It is clear that Soskin was aware of his conflict of interest, that is why he drafted paragraph 11.

9. In drafting this Agreement, Soskin represented numerous parties thereto all having divergent interest and engaged in self-dealing by giving himself an interest in Kids Count Entertainment LLC.

10. Under Illinois law, there is a strong presumption that Soskin exercised undue influence on Vicki E. Esralew in advising her to enter into the Memorandum Agreement as a result of his conflict of interest and self dealing. See, Klaskin v. Klepak, 126 Ill.2d 376, 386, 534 N.E.2d 971 (1989).

11. In acting as her attorney, Soskin owed Vicki E. Esralew a fiduciary duty. **By engaging in this transaction he breached the fiduciary duty owed to her.** As a result of this breach, the Memorandum Agreement is voidable. See, In re Richard Imming, 545 N.E.2d 715 (1989).

12. Without the existence of the Memorandum Agreement, the operative allegations of the adversary complaint upon which Plaintiffs rely must be stricken and the complaint must fail.

WHEREFORE, VICKI E. ESRALEW, Defendant herein, prays for the entry of

an order voiding the Memorandum Agreement, dismissing the Plaintiffs'

Adversary Complaint, and for such other and further relief as this Court shall

deem proper.

### THE RESTRICTIVE COVENANT CONTAINED IN THE MEMORANDUM AGREEMENT IS UNREASONABLE AND AGAINST PUBLIC POLICY

13. Paragraphs 11 & 12, 19-28 and 37-47 of Plaintiffs' first amended

complaint contain allegations dealing with the restrictive covenant contained in

paragraph 18 of the Memorandum Agreement. Paragraph 18 reads as follows,

"Absent subsequent agreement to the contrary, Vicki Esralew agrees that all of

her personal services, appearances, creative efforts, activities and products shall

be performed and or created for the exclusive benefit of Kids Count." Those

paragraphs contained in the first amended complaint based upon that language

deal with Plaintiffs' assertions that Vicki E. Esralew took her person and ideas to

another entity and as a result breached Paragraph 18 of the Memorandum

Agreement.

14. Paragraph 18 was drafted by Defendant, Soskin. It illustrates

overreaching and self dealing delineated above.

15. As a matter of public policy, those allegations should be stricken. In

determining the validity of a restrictive covenant, a court will look to determine the

reasonableness of its restraint. See, Lawrence v. Cambridge Human Resource

Group, 685 N.E.2d 434, 441 (1997).

16. Under the prevailing law, in determining the "reasonableness" of the

restrictive covenant, this Court should "measure the hardship to the employee, its

effect on the general public, and the reasonableness of time, territory and activity restrictions." Id at 441 citing Abbott Interfast Corp. v. Harkabus, 619 N.E.2d 1337 (1993).

17. That restrictive covenant language contained in paragraph 18 of the Memorandum Agreement imposes unlimited territory, time and activity restrictions on Ms. Esralew's personal services, creative efforts, activities appearances and products. It would be difficult to imagine a greater hardship.

18. That this Court should void paragraph 18 of the Memorandum Agreement as it is overly broad, unreasonable and against public policy.

19. Without the existence of the paragraph 18 of the Memorandum Agreement, the operative allegations of the adversary complaint upon which Plaintiffs rely must be stricken and the complaint must fail.

WHEREFORE, VICKI E. ESRALEW, Defendant herein, prays for the entry of an order voiding the paragraph 18 of Memorandum Agreement as overly broad, unreasonable and against public policy, dismissing the Plaintiffs' first amended complaint, and for such other and further relief as this Court shall deem proper.

Respectfully submitted:
VICKI E. ESRALEW, Defendant

By: _____
One of Her Attorneys

GINA B. KROL
COHEN & KROL
105 W. Madison Street
Suite 1100
Chicago, IL  60602
312/368-0300

- 26 -