## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re:                   )

                        )

                        )     Case No. 04-B-24393

VICKI E. ESRALEW         )     Chapter 7

                        )

               Debtor.    )

ROLLIN J. SOSKIN, EUGENE    )

TERRY, NICOLE TERRY and     )

TERRY'S COMPANY, INC.      )

               Plaintiffs,   )

                        )

         Vs.                )     Adversary Proceeding

                        )     No. 04 A 3774

                        )

VICKI E. ESRALEW,        )     Judge Goldgar

               Defendant.   )

TO:     Ms. Gina Krol
        Cohen & Krol
        105 W. Madison Street, Suite 1100
        Chicago, Illinois 60602

### NOTICE OF MOTION

Please take notice that on April 8, 2005 at 1:00 p.m. I shall appear before the Honorable

Judge Goldgar in Room 206, Lake County Courthouse Annex Building, 18 N. County Street,

Waukegan, Illinois, and present Plaintiffs' Motion to Compel Discovery, a copy of which is enclosed

herewith and served upon you.

                                     Thomas C. Crooks, Attorney for Plaintiffs

Thomas C. Crooks
ARDC #00547336
Three First National Plaza, Suite 1950
Chicago, IL 60602
Office (312) 641-2260
Facsimile (312) 641-5220

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
MAR 2 9 2005
KENNETH S. GARDNER, CLERK
PS REP. - RD

## CERTIFICATE OF SERVICE

The undersigned certifies that she caused a complete copy of the foregoing to be served upon the person indicated therein by enclosing same in a sealed envelope addressed to her, postage prepaid, and depositing same in the U.S. Mail at Three First National Plaza, Chicago, Illinois, 60602 on March 29, 2005.

_3-29-05_
Date

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In Re:                 )

                   )

                   )     Case No. 04-B-24393

VICKI E. ESRALEW         )     Chapter 7

                   )

           Debtor.    )

_____ )

ROLLIN J. SOSKIN, EUGENE     )

TERRY, NICOLE TERRY and      )

TERRY'S COMPANY, INC.       )

           Plaintiffs,   )

                   )

       Vs.               )     Adversary Proceeding

                   )     No. 04 A 3774

                   )

VICKI E. ESRALEW,         )     Judge Goldgar

           Defendant.   )

### MOTION TO COMPEL DISCOVERY

Now come the plaintiffs, Rollin J. Soskin, Eugene Terry, Nicole Terry and Terry's Company, Inc., by and through their attorney, Thomas C. Crooks, and in support of their Motion to Compel Discovery state as follows:

1.     Defendant was served with Plaintiff's First Request for Production of Documents and Interrogatories to Debtor-Defendant Esralew on February 21, 2005 (see attached Exhibits A and B). Also on February 21, 2005 notice of depositions were sent to Defendant scheduling the debtor for March 22, 2005 and her husband for March 21, 2005 (see attached Exhibit C).

2.     To date plaintiffs have not received a response to either request for written discovery.

3.     Plaintiffs' counsel made two telephone calls to counsel for the debtor-defendant between March 1, 2005 and March 17, 2005 in order to discuss discovery as well as settlement. On both occasions counsel left a message for Gina Krol. Neither phone call was returned.

4.    Plaintiffs' counsel corresponded with Gina Kroll by letter dated March 17, 2005 requesting the status of plaintiff's discovery requests (see attached Exhibit D). Counsel has not responded to this letter.

5    Discovery was scheduled to close on March 31, 2005.

WHEREFORE, Plaintiff prays for the following:

(a)    For entry of an order requiring defendant to respond to the outstanding discovery by a date certain;

(b)    For an order extending discovery for a reasonable period of time so that plaintiff can procure written discovery and take the depositions of the debtor and her husband;

(c)    For an order awarding plaintiff his costs and attorney's fees for the bringing of this motion;

(d)    For such further relief as this Court deems just.

Thomas C. Crooks, Attorney for Plaintiff

Thomas C. Crooks
ARDC #00547336
Three First National Plaza, Suite 1950
Chicago, IL 60602
Office (312) 641-2260
Facsimile (312) 641-5220

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| | ) | Case No. 04-B-24393 |
| VICKI E. ESRALEW | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| ROLLIN J. SOSKIN, EUGENE | ) | |
| TERRY, NICOLE TERRY and | ) | |
| TERRY'S COMPANY, INC. | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | Adversary Proceeding |
| | ) | No. 04 A 3774 |
| | ) | |
| VICKI E. ESRALEW, | ) | Judge Goldgar |
| Defendant. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO VICKI ESRALEW

Plaintiff requests that the debtor-defendant, Vicki Esralew, produce the following documents

for inspection and copying at Three First National Plaza, Suite 1950, Chicago, Illinois 60602 no later

than thirty days from the date of this request.

### I. Definitions and Instructions

A.      As used herein, the words and phrases set out below shall have the following meaning

prescribed for them:

1.      "Document" or "documents" shall mean every original (and every copy of any original

or copy which differs in any way from the original) of every writing or reporting of every kind or

description, whether handwritten, typed, drawn, draft or final version, original or reproduction,

signed or unsigned version, sketched, printed or recorded by any physical, graphic, mechanical or

electrical means whatever including without limitation, books, records, papers, pamphlets,

**PLAINTIFF'S EXHIBIT**

A

brochures, notices, jotting, reports, interoffice or personal memoranda, circulars, advertisements,

specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, laboratory

or engineering reports, notebooks, worksheets, reports, lists, analyses, summaries, ledger accounts,

audits, inventories, tax returns, financial statements, profit and loss statements, cash flow statements,

balance sheets, annual or other periodic reports, prospectuses, registrations, solicitations, minutes,

stock ledgers, stock certificates, licenses, permits, calendars, appointment books, diaries, calendars,

messages, telephone bills, and toll call records, expense reports, commission statements, itineraries,

agendas, payroll records, checkbooks, canceled checks, receipts, contracts, agreements, instrument

assignments, applications, computer entries, contracts offers, acceptances, proposals, financing

statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written

memorials of oral communications and/or meetings, forecasts, photographs, photographic slides or

negatives, films, filmstrips, models, video and audio tape recordings and discs.

2.      "Related to" or "relating to" shall mean directly or indirectly mentioning, describing,

pertaining to, being connected with, or reflecting upon a stated subject matter.

3.      "Identification" or "identify," when referring to a document, shall mean to set forth the

author or originator, addressee, signatories, date, title or subject matter, and the present custodian of

the original thereof, or, if unknown, the present custodian of any copy thereof and the last known

address of each such custodian.

4.      "You" or "your" shall refer to the defendants, their agents, present or former

representatives or other persons acting on their behalf.

B.      In construing this demand for documents:

1.      The singular shall include the plural and the plural shall include the singular.

2

2.      A masculine, feminine or neuter pronoun shall not exclude the other genders.

3.      If a request for production is silent as to the time span for which production is desired,
production shall be made of all documents requested from 1985 to the present.

4.      Each request shall extend to all documents which are or have been in the possession
of or subject to the control of any of the defendants, their agents or representatives at any time during
the period of time covered by this Request.

## II. Documents Which Are Lost Or Destroyed

If any document, production of which is sought, has been lost or destroyed, state:

a.      The title of the document;

b.      the date appearing thereon and the date of the document's preparation, if known;

c.      the name(s) and address(es) of the person(s) to whom the document was addressed
or distributed;

d.      the name(s) and address(es) and title(s), if known, of the document's author(s) and
signer(s); and

e.      the content of the document in sufficient detail to enable the subject matter thereof to
be known.

In addition to the information required above, state whether such document was (a) lost or (b)
destroyed, state the circumstances under which such document was lost or destroyed (including the
date and place of loss or destruction) and identify each person (in accordance with paragraph I(A)(3))
responsible for, or participating in, such document's loss or destruction.

## III. Documents Upon Which Privilege Is Claimed

1.      For each document requested herein which is sought to be withheld under a claim of

3

privilege, provide the following information:

(a)    the place, date, and manner of recording or otherwise preparing the document;

(b)    the name and title of sender; and the name and title of the recipient of the document;

(c)    the name of each person or persons participating in the preparation of the document;

(d)    the name and position, if any, of each person to whom the contents of the documents have heretofore been communicated by copy, exhibition, reading or substantial summarization; and

(e)    a statement of the basis on which privilege is claimed and whether or not the subject matter of the contents of documents is limited to legal advice or information provided for the purpose of securing legal advice.

### DOCUMENTS REQUESTED

1.    All documents, including correspondence, e-mails or other written communication, reflecting or referring to communication between plaintiff and any of the defendants.

2.    All business and personal federal income tax returns for each of the defendants from 1997 to the present.

3.    All documents reflecting sales and/or revenues for each of the defendant business entities for 1997 to the present.

4.    All documents which relate to any individuals or entities who invested in or made loans to any of the defendants from 1985 to the present.

5.    All documents which relate to plaintiff, Eugene Terry, Nicole Terry or Terry's Company, Inc.

6.    All documents related to any legal work plaintiff did for any of the defendants,

4

whether as an attorney or as defendants' business partner.

7.      All bank statements for all accounts on which any of the defendants were or are signators for the years 1997 to the present.

8.      All documents relating to any agreement of Esralew to provide personal services either personally or through any business entity in which she owns or owned an interest, from 1985 to the present.

9.      All documents, including correspondence, related to any potential investor or lender for any of the defendant's business entities, including documents which relate to Steve Santowski, Alan Young, Erving Harris (including the Harris Foundation), Mark Robins, Peter Abruzzo, Jim Robinson and Dr. Leoanard Makowka..

10.     All documents which support, refute or refer to any fact stated in defendants' affirmative defenses.

11.     All telephone bills for all telephones in the name of any of the defendants from June 1998 to June 1999.

12.     All business plans, proposals and financial statements related to any of the defendants created from 1985 to the present.

13.     All documents related to the purchase or sale or creation of a joint venture as to all or any part of  Kids Count Entertainment L.L.C. or Kids Count Entertainment, Inc., including any proposals, whether or not consummated.

Thomas C. Crooks
Attorney for Plaintiff

5

Thomas C. Crooks
Attorney for Plaintiff
Three First National Plaza
Suite 1950
Chicago, Illinois 60602-4298
Telephone: (312) 641-2260
Facsimile: (312) 641-5220

Rollin J. Soskin
Rollin J. Soskin & Associates
9933 Lawler Avenue, Suite 312
Skokie, Illinois 60077
Telephone: (847) 329-9991

## CERTIFICATE OF SERVICE

The undersigned certifies that she served a complete copy of the foregoing upon Ms. Gina

Krol, Cohen & Krol, 105 W. Madison Street, Suite 1100, Chicago, Illinois 60602 by enclosing same

in a scaled envelope addressed to her, postage prepaid, and depositing same in the U.S. Mail at Three

First National Plaza, Chicago, Illinois, 60602 on February 21, 2005.

_2-21-05_
Date

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| | ) | Case No. 04-B-24393 |
| VICKI E. ESRALEW | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| ROLLIN J. SOSKIN, EUGENE | ) | |
| TERRY, NICOLE TERRY and | ) | |
| TERRY'S COMPANY, INC. | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | Adversary Proceeding |
| | ) | No. 04 A 3774 |
| | ) | |
| VICKI E. ESRALEW, | ) | Judge Goldgar |
| Defendant. | ) | |

INTERROGATORIES TO DEBTOR-DEFENDANT ESRALEW

The plaintiff, by and through his attorney, Thomas C. Crooks, propounds the following

interrogatories to Vicki e. Esralew:

I. Definitions and Instructions

As used herein, the words and phrases set out below shall have the following meaning

prescribed for them:

A.       "Identification" or "identify," when referring to a person, shall mean to set forth that

person's full name, last known address, home telephone and work telephone numbers.  When

referring to a corporation, partnership or other business entity please state the nature of the entity, its

business address and telephone number, identify all person(s) with an interest in the entity and

identify the person(s) with the day to day responsibility for operating the business.

B.       "You" or "your" shall refer to each defendant, their agents, present or former



PLAINTIFF'S
EXHIBIT

B

representatives or other persons acting on their behalf.

## INTERROGATORIES

1.     State the full name of the individual answering, assisting in the answering of signing of these interrogatories, as well as their current residence address, date of birth and social security number.

ANSWER:

2.     Identify each person who witnessed or claims to have witnessed or otherwise has information regarding any occurrence that is the subject of defendants' affirmative defenses or plaintiff's answer thereto.

ANSWER:

3.     For each person identified in response to interrogatory no. 2, please state with specificity the event(s) they claim or are believed to have witnessed and state with specificity the information you believe they possess.

ANSWER:

2

4.    Please provide the name and address of each opinion witness who will offer any

testimony and state:

(a)  The subject matter on which the opinion witness is expected to testify;

(b)  The conclusions and/or opinions of the opinion witness and the basis therefore,
including reports of the witness, if any;

(c)  The qualifications of each opinion witness, including a *curriculum vitae* and/or
resume, if any; and

(d)  The identity of any written reports of the opinion witness regarding this
occurrence.

ANSWER:

5.    Please identify anyone you believe may be in possession of documents relevant to any

issue in plaintiff's complaint and defendant's answer.  For each such person identify with specificity

what documents you believe to be in their possession.

ANSWER:

6.    Identify all individuals or entities who have, at any time, invested in or otherwise had

an ownership interest in Kids Count Entertainment, L.L.C. or Kids Count Entertainment, Inc. and in

each case state the nature and amount of any such ownership interest.  For each entity identified please identify the owners and officers of the entity.

ANSWER:

 

7.      Identify all individuals or entities who have from 1985 to the present loaned money to Kids Count Entertainment, L.L.C., Kids Count Entertainment, Inc., Esralew or Aren and in each case state the amount of the loan and whether and when the loan was repaid.

ANSWER:

 

8.      With regard to interrogatories 7 and 8 please identify all attorneys who had any involvement in any such ownership interest or loan.

ANSWER:

 

9.      Identify all attorneys who have done work for you or with whom you have consulted for any purpose from 1985 to the present.  For each attorney state the following:

(a)      the time period during which he/she did work for you and/or consulted with you;

(b)      the subject matter on which the attorney worked or consulted;

4

ANSWER:

10.    Identify all lawsuits in which you have been a party from 1985 to the present.  For

each lawsuit please state the following:

(a)    the court in which the suit was filed and the case number;

(b)    the parties to the lawsuit;

(c)    the nature of the allegations which formed the basis of the lawsuit;

(d)    the outcome of the lawsuit;

(e)    state whether discovery was taken and identify all depositions taken.

ANSWER:

11.    Identify all individuals and entities you had contact with regarding the making of

television or radio commercials and infomercials in 1998 and 1999 and for each individual or entity

identified please state the date(s) of contact and the subject matter of each contact.

ANSWER:

12.    Identify all individuals or entities with whom you communicated concerning a possible investment in Kids Count Entertainment, Inc. or Kids Count Entertainment, L.L.C. or a possible loan to any of the defendants. With respect to each individual or entity please state the date of initial contact or communication and each subsequent contact or communication.

ANSWER:

13.    Identify all business entities through which you have provided, or offered to provide, your personal/creative services from 1985 to the present.

ANSWER:

14.    Identify all business entities of which you have been involved in the formation or creation from 1985 to the present.

ANSWER:

By: _____
Attorney for plaintiff

Thomas C. Crooks
Three First National Plaza, Suite 1950
Chicago, Illinois 60602
Telephone: (312) 641-2260
Facsimile:   (312) 641-5220

Rollin J. Soskin
ROLLIN J. SOSKIN & ASSOCIATES
9933 Lawler Avenue, Suite 312
Skokie, Illinois 60077
(847) 329-9991

## CERTIFICATE OF SERVICE

The undersigned certifies that she served a complete copy of the foregoing upon Ms. Gina

Krol, Cohen  & Krol,105 W. Madison Street, Suite 1100, Chicago, Illinois 60602 by enclosing same

in a sealed envelope addressed to her, postage prepaid, and depositing same in the U.S. Mail at Three

First National Plaza, Chicago, Illinois, 60602 on February 21, 2005.


2-21-05
Date

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| | ) | Case No. 04-B-24393 |
| VICKI E. ESRALEW | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| ROLLIN J. SOSKIN, EUGENE | ) | |
| TERRY, NICOLE TERRY and | ) | |
| TERRY'S COMPANY, INC. | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | Adversary Proceeding |
| | ) | No. 04 A 3774 |
| | ) | |
| VICKI E. ESRALEW, | ) | Judge Goldgar |
| Defendant. | ) | |

TO:  Ms. Gina Krol
     Cohen & Krol
     105 W. Madison Street, Suite 1100
     Chicago, Illinois 60602

### NOTICE OF DEPOSITIONS

Please take notice that I shall on behalf of the plaintiff take the following depositions on the dates and times indicated below, before a Notary Public or some other officer authorized by law to take depositions, at the offices of Thomas C. Crooks, Three First National Plaza, Suite 1950, Chicago, Illinois 60602, said depositions to continue thereafter until completed, pursuant to which you are hereby notified to produce said persons at the times and place designated and to appear and take part in the examinations as you may desire.

|  |  |  |
|---|---|---|
| Robert Aren | March 21, 2005 | 2:00 p.m. |
| Vicki Esralew | March 22, 2005 | 2:00 p.m. |

By: _____

Attorney for plaintiff



**PLAINTIFF'S
EXHIBIT**

C

Thomas C. Crooks
Three First National Plaza, Suite 1950
Chicago, Illinois 60602
Telephone: (312) 641-2260
Facsimile:  (312) 641-5220

Rollin J. Soskin
Rollin J. Soskin & Associates
9933 Lawler Avenue, Suite 312
Skokie, Illinois 60077
Telephone: (847) 329-9991

## CERTIFICATE OF SERVICE

The undersigned certifies that she served a complete copy of the foregoing upon Ms. Gina

Krol, Cohen  & Krol,105 W. Madison Street, Suite 1100, Chicago, Illinois 60602 by enclosing same

in a sealed envelope addressed to her, postage prepaid, and depositing same in the U.S. Mail at Three

First National Plaza, Chicago, Illinois, 60602 on February 21 , 2005.


_2-21-05_
Date

_Jere Ponce_

# THOMAS C. CROOKS

### ATTORNEY AT LAW

THREE FIRST NATIONAL PLAZA - SUITE 1950

CHICAGO, ILLINOIS 60602-4298

FAX (312) 641-5220

TELEPHONE (312) 641-2260

TCROOKS@BARRISTERS.COM

March 17, 2005

_Facsimile and Mail_

Gina D. Krol, Esq.
Cohen & Krol
105 W. Madison Street, Suite 1100
Chicago, Illinois 60602

Re:    Soskin, et al v. Esralew, 04-B-24393

Dear Ms. Krol:

I have made several calls to you over the last several weeks regarding outstanding discovery and have not received return calls. I need to talk to you first about where you are in responding to my written discovery as well as whether or not you will be producing Ms. Esralew and Mr. Aren for depositions. I previously sent out deposition notices, however, I am certainly not going to proceed with the depositions in the absence of a response to written discovery.

Please contact me upon receipt of this letter so that we can discuss the status of discovery.

Very truly yours,

Thomas C. Crooks

TCC:jp



PLAINTIFF'S
EXHIBIT
D

**THOMAS C. CROOKS**
ATTORNEY AT LAW
THREE FIRST NATIONAL PLAZA - SUITE 1950
CHICAGO, ILLINOIS 60602-4298
FAX (312) 641-5220
TELEPHONE (312) 641-2260

## FACSIMILE COVER SHEET

To: _Gina O. Krol_

From: _Thomas C. Crooks_

Date: _3-17-05_

Re: _____

No. of Pages Including Cover Sheet _2_

Message:

The information contained in this facsimile transmission is attorney communication and privileged. It is intended only for the addressee. If you receive this communication and are not the addressee, you are hereby notified that the copying or distribution of this communication is prohibited. If you received this communication in error, please notify us immediately by calling the above number collect and return the original to us at the above address. Thank you.

```
*********************
*** FAX TX REPORT ***
*********************


        TRANSMISSION OK


JOB NO.                 3499
DESTINATION ADDRESS     3684559
PSWD/SUBADDRESS
DESTINATION ID
ST. TIME                03/17 15:50
USAGE T                 00'20
PGS.                    2
RESULT                  OK
```