# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Chapter 7 |
| | ) | |
| **VICKI E. ESRALEW**, | ) | No. 04 B 24393 |
| | ) | |
| Debtor. | ) | Judge A. Benjamin Goldgar |
| | ) | |
| **ROLLIN J. SOSKIN, EUGENE TERRY, NICOLE TERRY AND TERRY'S COMPANY, INC.**, | ) ) ) ) | |
| | ) | Adversary No. 04 A 3774 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **VICKI E. ESRALEW**, | ) | |
| Defendant. | ) | |

## NOTICE OF FILING

TO:   SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on the 10th day of January 2006, Cohen & Krol filed Defendant Vicki E. Esralew's Local Rule 7056-1 Statement of Facts with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn, Chicago, Illinois, a copy of which is hereby served upon you.

/s/ Linda M. Kujaca
Cohen & Krol
105 W. Madison St., Ste 1100
Chicago, IL 60602
312/368-0300

STATE OF ILLINOIS   )
                    ) SS
COUNTY OF COOK      )

Linda M. Kujaca, being first duly sworn on oath, deposes and states that she placed a copy of the foregoing Notice together with a copy of the Application attached thereto in a properly addressed, stamped and sealed envelope, directed to the persons shown on the attached Service List, and deposited same in the U. S. Mails at Chicago, Illinois, this 10th day of January 2006.

/s/ Linda M. Kujaca

## SERVICE LIST

Office of the U.S. Trustee
227 W. Monroe Street
Suite 3350
Chicago, IL 60606

Thomas Crooks
Three First National Plaza
Suite 1950
Chicago, IL 60602

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Chapter 7 |
| | ) | |
| **VICKI E. ESRALEW**, | ) | No. 04 B 24393 |
| | ) | |
| Debtor. | ) | Judge A. Benjamin Goldgar |
| | ) | |
| **ROLLIN J. SOSKIN, EUGENE TERRY, NICOLE TERRY AND TERRY'S COMPANY, INC.**, | ) ) ) ) | |
| | ) | Adversary No. 04 A 3774 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **VICKI E. ESRALEW**, | ) | |
| Defendant. | ) | |

**DEFENDANT'S LOCAL RULE 7056-1 STATEMENT OF FACTS**

TO THE HONORABLE A. BENJAMIN GOLDGAR,
   BANKRUPTCY JUDGE

Vicki E. Esralew, Defendant and Debtor herein, by and through her attorneys, Gina B. Krol and Cohen & Krol, in accordance with Local Rule 7056-1, and for her statement of facts in support of her Motion for Summary Judgment against Plaintiffs Rollin J. Soskin, Eugene Terry, Nicole Terry and Terry's Company, Inc., states as follows:

1.    In 1988, Rollin Soskin (hereinafter referred to as "Soskin") began representing Vicki E. Esralew ("Esralew") and Bob Aren ("Aren") in estate planning matters.  *Affidavit of Vicki E. Esralew, attached hereto and incorporated herein as Exhibit A, paragraph 2.  Affidavit of Bob Aren, attached hereto and incorporated herein as Exhibit B, paragraph 2.*

2. Soskin represented Esralew and Aren in a variety of matters including estate planning, business matters and personal legal matters. *Affidavit of Vicki E. Esralew, Exhibit A, paragraph 3. Affidavit of Bob Aren, Exhibit B, paragraph 3.*

3 Esralew filed her Chapter 7 bankruptcy petition on June 29, 2004. *First Amended Adversary Complaint ("Amended Complaint"), attached hereto and incorporated herein as Exhibit C, paragraph 1.*

4. Aren is Esralew's husband and has not joined in her Chapter 7 bankruptcy petition. *Amended Complaint, Exhibit C, paragraph 2.*

5. On November 22, 1998, Esralew and Aren executed a Memorandum of Agreement with Plaintiffs Rollin J. Soskin, Eugene Terry, Nicole Terry and Terry's Company, Inc. *Memorandum of Agreement, dated November 22, 1998, attached hereto and incorporated herein as Exhibit D.*

6. Soskin drafted the Memorandum of Agreement. *Defendant's Answer to Plaintiffs' First Amended Complaint, attached hereto and incorporated herein as Exhibit E, paragraph 11.*

7. The Memorandum of Agreement was modified in part by a letter agreement dated February 24, 1999. *February 24, 1999 letter from Rollin J. Soskin to Mr. and Mrs. Eugene Terry and Mr. and Mrs. Robert Aren, attached hereto and incorporated herein as Exhibit F.*

8. Soskin was Esralew and Aren's counsel before, during and after the drafting and execution of the Memorandum of Agreement. *Affidavit of Vicki E. Esralew, Exhibit A, paragraph 6. Affidavit of Bob Aren, Exhibit B, paragraph 6. Defendant's Answer to Plaintiffs' First Amended Complaint, Exhibit E, paragraph 6.*

9. Neither Esralew nor Aren executed any written waiver or document in which Soskin advised that they should seek the advice of independent counsel in the execution of the Memorandum of Agreement. *Affidavit of Vicki E. Esralew, Exhibit A, paragraph 8. Affidavit of Bob Aren, Exhibit B, paragraph 8.*

10. Esralew and Aren never executed any separate written waiver or document advising that their legal interests in executing the Memorandum of Agreement were adverse to those of Soskin and Eugene Terry, Nicole Terry and Terry's Company, Inc. *Affidavit of Vicki E. Esralew, Exhibit A, paragraph 9. Affidavit of Bob Aren, Exhibit B, paragraph 9. Defendant's Affirmative Defenses to Plaintiffs' First Amended Complaint, Exhibit E, paragraph 7.*

11. Eugene Terry is an attorney and former law partner of Soskin. *Defendant's Affirmative Defenses to Plaintiffs' First Amended Complaint, Exhibit E, paragraph 5.*

12. The Memorandum of Agreement provided that Eugene Terry, Nicole Terry and Terry's Company, Inc. would invest funds in Kids Count Entertainment, Inc. and Kids Count Entertainment, LLC (collectively, "Kids Count") to help finance the creation of commercials, purchase of air time and manufacture of required inventory. *Memorandum of Agreement, Exhibit D.*

13. Pursuant to the terms of the Memorandum of Agreement, Eugene Terry, Nicole Terry and Terry's Company, Inc. loaned funds to Kids Count Entertainment, LLC, took a security interest in the inventory, receivables and other assets of Kids Count Entertainment, LLC and retained an option to purchase or convert the debt into up to ten (10%) percent of Kids Count Entertainment, LLC. *Memorandum of Agreement, Exhibit D. First Amended Complaint, Exhibit C, paragraph 9.*

14. The terms of the Memorandum of Agreement contemplated that Soskin would become a member of Kids Count Entertainment, LLC, a limited liability company. *Memorandum of Agreement, Exhibit D.  First Amended Complaint, Exhibit C, paragraph 8.*

15. By the terms of the Memorandum of Agreement, Soskin was to receive salary or legal fees not to exceed $4,000 per month. *Memorandum of Agreement, Exhibit D.*

16. Also by the terms of the Memorandum of Agreement, Soskin received a two (2%) percent ownership interest in Kids Count and the option to purchase an additional eight (8%) percent of Kids Count Entertainment, LLC. *Memorandum of Agreement, Exhibit D.  First Amended Complaint, Exhibit C, paragraph 8.*

17. On October 12, 2004, Plaintiffs filed their Adversary Complaint against Esralew, Aren and Neil A. Reisman ("Reisman"), seeking judgment against Esralew, Aren and Reisman and seeking that such judgment be held nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A), (a)(4) and (a)(6). *Adversary Complaint, attached hereto and incorporated herein as Exhibit G.*

18. On November 16, 2004, Plaintiffs filed their First Amended Adversary Complaint against Esralew, seeking judgment and a finding that such judgment be held nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A), (a)(4) and (a)(6). *First Amended Adversary Complaint, attached hereto and incorporated herein as Exhibit C.*

19. Paragraph 18 of the Memorandum of Agreement reads as follows: "Absent subsequent agreement to the contrary, Vicki Esralew agrees that all of her personal services, appearances, creative efforts, activities and products shall be

performed and or [sic] created for the exclusive benefit of Kids Count." *Memorandum of Agreement, Exhibit D.*

20. Paragraph 18 of the Memorandum of Agreement does not state any limitations upon Vicki Esralew's obligations in terms of time, territory, scope, duties or responsibilities as they relate to the restrictions on the Debtor's personal services, creative efforts, activities, appearances and products. *Memorandum of Agreement, Exhibit D. Affidavit of Vicki E. Esralew, Exhibit A, paragraph 11. Affidavit of Bob Aren, Exhibit B, paragraph 11. Deposition of Rollin Soskin, November 10, 2005, pages 82-83, Exhibit I.*

21. Soskin never provided a written document to Esralew or Aren advising them that Paragraph 18 of the Memorandum of Agreement was adverse to their interests. *Affidavit of Vicki E. Esralew, Exhibit A, paragraph 12. Affidavit of Bob Aren, Exhibit B, paragraph 12.*

22. Soskin never provided a written document to Esralew or Aren advising them of the possible legal ramifications intended by Paragraph 18 of the Memorandum of Agreement. *Affidavit of Vicki E. Esralew, Exhibit A, paragraph 14. Affidavit of Bob Aren, Exhibit B, paragraph 13.*

23. On or about May 5, 1999, Rollin Soskin sent correspondence to Esralew and Aren stating his belief that, "[t]he way things appear at this time, your interests may now be significantly different from the interests of the Terry's [sic] and from my interests, and therefore you should have separate advisors." *May 5, 1999 correspondence from Rollin Soskin to Vicki Esralew and Bob Aren, attached hereto and incorporated herein as Exhibit H.*

|  |  |
|---|---|
| | Respectfully submitted, |
| Gina B. Krol | Vicki E. Esralew, |
| Joseph E. Cohen | |
| Linda M. Kujaca | |
| Cohen & Krol | |
| 105 W. Madison St., Ste 1100 | BY:   /s/ Linda M. Kujaca |
| Chicago, IL 60602 | One of her Attorneys |
| 312/368-0300 | |