## MEMORANDUM OF AGREEMENT

Vicki Esralew, Robert Aren (hereinafter collectively referred to as "Esralew), Eugene Terry, Nicole Terry and Terry's Company, Inc. (hereinafter collectively referred to as "Terry"), Rollin J. Soskin (hereinafter referred to as "Soskin"), and Kids Count Entertainment, Inc. and Kids Count Entertainment, L.L.C. (hereinafter collectively referred to as "Kids Count") have agreed as follows:

1.   Terry will invest $200,000 to $250,000 as December, 1998 through February, 1999 cash flow shall require. Terry's Company, Inc. may purchase the new inventory and sell it to Kids Count as ordered, at a price that provides a 10% per annum return on the funds invested in inventory. The balance of the investment by Terry will be a loan to Kids Count at the rate of 10% interest. A financing statement will be filed with the Secretary of State in order to provide protection under the Uniform Commercial Code with respect to Terry's investment, secured by the assets of Kids Count. The primary purpose of Terry's investment is to fund creation of commercials, purchase of air time and manufacture of required inventory.



2.   In addition to the investment described in paragraph 1, Terry will deposit the sum of $27,000 into a bank account in the name of Kids Count. This portion of Terry's investment (the "receivable loan") is in the form of a purchase from Kids Count of certain receivables due from Discovery Toys - $12,855 scheduled to be received in December, and $14,145 of the $18,000 scheduled to be received in February. Immediately upon receipt, the instruments of payment of such amounts, or any portion thereof, shall be immediately turned over to Terry without deposit by Kids Count. The original invoices for the aforementioned Discovery Toy invoices shall be marked "ASSIGNED TO EUGENE TERRY" and delivered to Soskin to hold.

3.   A new bank account at LaSalle Bank shall be created in the name of Kids Count Entertainment, L.L.C. into which Terry shall deposit the receivable loan and that portion of his investment which will be treated as a loan to the Kids Count. Disbursements in excess of $2,000 from such account shall be made only upon two signatures as follows: one signature to be either Eugene Terry, Nicole Terry, or Rollin J. Soskin; and one signature to be either Vicki Esralew or Robert Aren. All receipts of Kids Count, regardless of source, shall be deposited into such bank account.

4.   It is anticipated that the receivable loan from Terry and collections from December sales will be sufficient to cover overhead. From such amounts, Esralew shall be entitled to withdraw from Kids Count a sum not to exceed $12,000 per month, which may be taken, in Esralew's sole discretion, as salary or repayment of the loans to Kids Count previously made by Esralew or Aren, or in any combination thereof, provided that the total of gross compensation and loan repayment shall not exceed $12,000 per month.

Exhibit D

**PLAINTIFF'S EXHIBIT**

A

MEMORANDUM OF AGREEMENT - page 2

5. From the receivable loan and subsequent sales, Kids Count shall pay to Soskin a sum not to exceed $4,000 per month which Soskin may have paid as salary or as legal fees to his law firm, in his sole discretion. To the extent not taken in a particular month, the sums payable to Esralew and Soskin shall accrue and be payable, if and when cash flow allows.

6. As part of the consideration for Terry's loan, Terry shall have a five (5) year option to purchase ten (10%) percent of Kids Count Entertainment, L.L.C. for a price of $250,000. This sum may be paid by cash and/or cancellation of the Terry's loans to the company. For this purpose, the unpaid portion of Terry's investment in inventory may be treated as part of Terry's loan upon transfer of any unpurchased inventory to the Kids Count. In the event of a refinancing in excess of two million dollars or recapitalization of Kids Count with new value in excess of two million dollars Kids Count may demand that Terry exercise or waive his option within ninety (90) days of notice.

7. As part of the consideration to Terry and to Soskin, Soskin shall immediately receive a one (1%) percent interest in Kids Count Entertainment, L.L.C. and shall have a five (5) year option to purchase eight (8%) percent of Kids Count Entertainment, L.L.C. for the sum of $200,000. In the event of a refinancing in excess of two million dollars or recapitalization of Kids Count with new value in excess of two million dollars Kids Count may demand that Soskin exercise or waive his option within ninety (90) days of notice.

8. In addition to the interest and the option granted to Soskin above, Soskin shall immediately receive a one (1%) percent interest as incentive and in lieu of fees for services to Kids Count, whether as attorney, employee, or otherwise, in excess of the agreed upon $4,000 per month set forth in paragraph 5 above, for the period from December 1, 1998 through such time as the salaries and compensation of Esralew and Soskin are reviewed, based upon company performance, but in no event shall such period of "free excess" services by Soskin extend beyond May 31, 1999. It is understood and agreed that Soskin will not work exclusively for Kids Count and has other business interests, including a law practice. Soskin shall not be required to spend in excess of sixty (60) hours per month during such period without additional compensation.

9. It is agreed that any of the following actions shall require the unanimous consent of Esralew, Terry and Soskin:

    (a) incurring of any new debt beyond normal trade payables;
    (b) issuance of any new stock or security or other interest convertible in to an ownership interest in Kids Count;

MEMORANDUM OF AGREEMENT - page 3

(c) sale or transfer of any interest in Kids Count owned by Esralew or Aren to anyone other than Esralew, Aren, Soskin or Terry or to Kids Count, without first offering such interest to Terry and Soskin upon the same terms and conditions as are offerred by any proposed transferee.

10. In the event of any sale or transfer by Kids Count or Esralew of any shares in Kids Count Entertainment, Inc. or Kids Count Entertainment, L.L.C., which results in Esralew owning less than 51% of Kids Count, Terry and Soskin shall have the right to "tag along" on a pro-rata basis at a price equal to the price at which Esralew's shares or interest are sold, and Esralew shall have the right to "bring-along" Terry and Soskin on a pro-rata basis at a price equal to the price at which Esralew's shares or interest are sold.

11. Each party hereto has made such investigation of the facts and circumstances and the condition of Kids Count and of the other parties, and has engaged such attorneys, accountants, or other professionals as they have determined in their own discretion to be necessary or prudent in the circumstances. Esralew, Terry, and Kids Count all hereby waive any actual or apparent conflict of interest resulting from the participation of Soskin in bringing Esralew, Aren and Kids Count together with the Terrys, or from the services of Soskin to, by or in regard to Kids Count, Terry and Esralew, or any of them, and from the representations made by any of the partiews hereto to the others in order to induce them to enter into this agreement, and after due consideration, the parties agree to hold Soskin harmless and idemnified against any and all loss, cost and damages, including reasonable attorney's fees, resulting from any claims that Soskin represented one party or the other or was subject to a conflict of interest as between any of the parties to this agreement, or that any party made any material misrepresentation with respect to the transactions herein contemplated.

12. The parties agree to meet not less often than every fourteen (14) days to review sales, inventory levels, cash position and other data relevant to Kids Count.

13. The parties agree that because time is short and the investment of Terry is essential to Kids Count's chances of success, in large part as a result of the desire to have commercials on the air in time to take advantage of the Christmas gift season, this transaction is being documented by this simple memorandum rather than by all of the legal documents which this agreement contemplates. The parties agree to enter into shareholder's agreements, option agreements, and other contracts and legal documents as may be necessary or customary, containing the provisions which are set forth herein (in addition to any other items as to which the parties may agree). The parties agree to attempt to complete all such documentation by February 28, 1999.

MEMORANDUM OF AGREEMENT - page 4

14. The parties agree that the operating agreement of the limited liability company shall also be amended to reflect the provisions hereof, and it is agreed that Soskin, Esralew, Aren, and either of the Terrys shall be directors of Kids Count. In the event that Robert Leeper should be made a director, both of the Terrys shall be directors.

15. Esralew and Kids Count represent that the ownership of Kids Count Entertainment, L.L.C. is as follows: Robert Leeper - five (5%) percent; Harris Associates - one (1%) percent; Kids Count Entertainment, Inc. - ninety-four (94%) (Kids Count Entertainment, Inc. is owned 100% by Esralew and/or trusts for their children). Esralew and Kids Count represent that after this Memorandum of Agreement is signed, the ownership of Kids Count Entertainment, L.L.C. will be as follows: Harris Associates - one (1%) percent; Robert Leeper - five (5%) percent; Rollin J. Soskin - two (2%) percent; and Kids Count Entertainment, Inc. - ninety-two (92%), subject to the rights of Terry and Soskin to acquire the additional percentages set forth herein from Kids Count Entertainment, Inc., from Esralew, or from Kids Count Entertainment, L.L.C.

16. Esralew and Kids Count represent that the total debt (principal) of Kids Count Entertainment consists of the following: Jim Terra - $75,000; Harris Bank - $150,000; First National Bank - $73,933.34; Hudsucker Partners (Irving Harris) - $325,000; Vicki Esralew - $196,445; Feels Good Partners - $50,000; Steve Santowski - $75,000; Foley & Lardner - $18,000; Citibank Visa - $9,600 (credit card used exclusively for Kids Count expenses; Miscellaneous trade payables - $33,000 (includes $15,000 to Aultschuler, Melvoin & Glasser).

17. Esralew and Kids Count represent and warrant that the financial statements prepared as of October 20, 1998 are substantially true and correct except as to the status of Santowski as a shareholder.

18. Absent subsequent agreement to the contrary, Vicki Esralew agrees that all of her personal services, appearances, creative efforts, activities and products shall be performed and or created for the exclusive benefit of Kids Count.

19. It is understood and agreed that neither Soskin nor Terry shall be personally liable for any debts of Kids Count or any personal debts of Esralew.

MEMORANDUM OF AGREEMENT - page 5

10. Acceptance by Esralew, Aren and Kids Count of the benefit of the services of Soskin and/or of the deposit of funds and/or the receipt of other benefits from Terry shall constitute their acceptance of all of the foregoing terms.

WHEREFORE, the parties have set their hands this 22 day of November, 1998.

Kids Count Entertainment, Inc.

By: _____
Vicki Esralew, President

_____
Vicki Esralew

_____
Eugene Terry

_____
Rollin J. Soskin

Kids Count Entertainment, L.L.C.

By: _____
Vicki Esralew, Manager

_____
Robert Aren

_____
Nicole Terry