**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Chapter 7 |
| | ) | |
| **VICKI E. ESRALEW,** | ) | No. 04 B 24393 |
| | ) | |
| Debtor. | ) | Judge A. Benjamin Goldgar |
| | ) | |
| **ROLLIN J. SOSKIN, EUGENE TERRY, NICOLE TERRY AND TERRY'S COMPANY, INC.,** | ) ) ) | |
| | ) | Adversary No. 04 A 3774 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **VICKI E. ESRALEW,** | ) | |
| Defendant. | ) | |

### AFFIDAVIT OF VICKI E. ESRALEW

STATE OF ILLINOIS    )
                                  )
COUNTY OF LAKE    )

I, Vicki E. Esralew, being sworn under oath, depose and state as follows:

1. I respectfully submit this affidavit in connection with the Defendant's Motion for Summary Judgment. I have personal knowledge of the matters set forth herein. If called upon to testify, I could testify competently to the facts contained herein.

2. In 1988, Rollin Soskin (hereinafter referred to as "Soskin") began representing me and my husband Bob Aren in estate planning matters.

3. Soskin represented my husband and me in a variety of matters including estate planning, business matters and personal legal matters.

4. On November 22, 1998, my husband and I executed a Memorandum of Agreement with Plaintiffs Soskin, Eugene Terry, Nicole Terry and Terry's Company, Inc. My husband and I executed the Memorandum of Agreement to provide funding to Kids Count Entertainment, Inc. and Kids Count Entertainment, LLC. Soskin drafted the Memorandum of Agreement.

5. My husband and I did not retain or consult separate counsel during the drafting or execution of the Memorandum of Agreement.

Exhibit A

6. Soskin was my and my husband's counsel before, during and after the drafting and execution of the Memorandum of Agreement.

7. My husband and I were not aware and were never informed by Soskin of the legal ramifications of the waiver of the conflict of interest contained in the Memorandum of Agreement.

8. Neither my husband nor I executed any written waiver or document in which Soskin advised that we should seek the advice of independent counsel in executing the Memorandum of Agreement.

9. Neither my husband nor I ever executed any separate written waiver or document advising that our legal interests in executing the Memorandum of Agreement were adverse to those of Soskin and Eugene Terry, Nicole Terry and Terry's Company, Inc.

10. My husband and I relied on Soskin's legal advice in executing the Memorandum of Agreement.

11. Paragraph 18 of the Memorandum of Agreement does not limit my obligations in terms of time, territory, scope or responsibilities regarding my personal services, creative efforts, activities, appearances and products.

12. Soskin never provided a written document to me or my husband advising that Paragraph 18 of the Memorandum of Agreement was adverse to our interests.

13. Soskin never provided a written document to me or my husband advising us of the possible legal ramifications and the broad restriction on my personal and business activities intended by Paragraph 18 of the Memorandum of Agreement.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this _11th_ day of January, 2006.

_____
Vicki E. Esralew

SUBSCRIBED AND SWORN
to before me this _11_ day of January 2006.

_Margaret A. Burau_
Notary Public

OFFICIAL SEAL
MARGARET A BURAU
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/03/08