IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| | ) | Case No. 04-B-24393 |
| VICKI E. ESRALEW | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | | |
| ROLLIN J. SOSKIN, EUGENE TERRY, NICOLE TERRY and TERRY'S COMPANY, INC. Plaintiffs, | ) ) ) ) | |
| | ) | |
| vs. | ) ) | Adversary Proceeding No. 04 A 3774 |
| | ) | |
| VICKI E. ESRALEW, Defendant. | ) ) | Judge Goldgar |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
LOCAL RULE 7056-1 STATEMENT OF FACTS**

The Plaintiffs, Rollin J. Soskin, Eugene Terry, Nicole Terry and Terry's Company, Inc., by and through their attorney, Thomas C. Crooks, pursuant to Local Rule 7056-1 responds to Defendant's Statement of Facts as follows:

1.    In 1988, Rollin Soskin (hereinafter referred to as "Soskin") began representing Vicki E. Esralew ("Esralew") and Bob Aren ("Aren") in estate planning matters. *Affidavit of Vicki E. Esralew, attached hereto and incorporated herein as Exhibit A, paragraph 2. Affidavit of Bob Aren, attached hereto and incorporated herein as Exhibit B, paragraph 2.*

RESPONSE:    Plaintiffs agree.

2. Soskin represented Esralew and Aren in a variety of matters including estate planning, business matters and personal legal matters. *Affidavit of Vicki E. Esralew, Exhibit A, paragraph 3. Affidavit of Bob Aren, Exhibit B, paragraph 3.*

RESPONSE: Plaintiffs agree.

3. Esralew filed her Chapter 7 bankruptcy petition on June 29, 2004. *First Amended Adversary Complaint ("Amended Complaint"), attached hereto and incorporated herein as Exhibit C, paragraph 1.*

RESPONSE: Plaintiffs agree.

4. Aren is Esralew's husband and has not joined in her Chapter 7 bankruptcy petition. *Amended Complaint, Exhibit C, paragraph 2.*

RESPONSE: Plaintiffs agree.

5. On November 22, 1998, Esralew and Aren executed a Memorandum of Agreement with Plaintiffs Rollin J. Soskin, Eugene Terry, Nicole Terry and Terry's Company, Inc. *Memorandum of Agreement, dated November 22, 1998, attached hereto and incorporated herein as Exhibit D.*

RESPONSE: Plaintiffs agree.

6. Soskin drafted the Memorandum of Agreement. *Defendant's Answer to Plaintiffs' First Amended Complaint, attached hereto and incorporated herein as Exhibit E, paragraph 11.*

2

RESPONSE: Plaintiffs agree only that Soskin typed the initial version of the Memorandum of Agreement following discussions with all parties and that thereafter all parties proposed and effected changes to the original draft. (Soskin dep. pp. 18-29, 32-34, 63-65; Soskin Aff. ¶¶ 7-17).

7.  The Memorandum of Agreement was modified in part by a letter agreement dated February 24, 1999. *February 24, 1999 letter from Rollin J. Soskin to Mr. and Mrs. Eugene Terry and Mr. and Mrs. Robert Aren, attached hereto and incorporated herein as Exhibit F.*

RESPONSE: Plaintiffs agree.

8.  Soskin was Esralew and Aren's counsel before, during and after the drafting and execution of the Memorandum of Agreement. *Affidavit of Vicki E. Esralew, Exhibit A, paragraph 6. Affidavit of Bob Aren, Exhibit B, paragraph 6. Defendant's Answer to Plaintiffs' First Amended Complaint, Exhibit E, paragraph 6.*

RESPONSE: Plaintiffs agree only that Soskin provided legal services to Esralew prior to the drafting and execution of the memorandum of agreement. Esralew was encouraged to and in fact did seek counsel with her own attorney. Following the drafting and execution of memorandum of agreement, Soskin did no legal work for Esralew or Aren[1], but did do legal work for Kids Count Entertainment LLC, the entity in which all the parties had an interest, as contemplated by the agreement. (Soskin dep. pp. 18-29, 32-34, 63-65; Soskin Aff. ¶¶ 7-17).

9.  Neither Esralew nor Aren executed any written waiver or document in which Soskin advised that they should seek the advice of independent counsel in the execution of the

3

Memorandum of Agreement. *Affidavit of Vicki E. Esralew, Exhibit A, paragraph 8. Affidavit of Bob Aren, Exhibit B, paragraph 8.*

RESPONSE: Plaintiff denies. The memorandum of agreement itself contains an explicit waiver. (See ¶ 11 of Memorandum of Agreement).

10. Esralew and Aren never executed any separate written waiver or document advising that their legal interests in executing the Memorandum of Agreement were adverse to those of Soskin and Eugene Terry, Nicole Terry and Terry's Company, Inc. *Affidavit of Vicki F. Esralew, Exhibit A, paragraph 9. Affidavit of Bob Aren, Exhibit B, paragraph 9. Defendant's Affirmative Defenses to Plaintiffs' First Amended Complaint, Exhibit E, paragraph 7.*

RESPONSE: Plaintiff denies. The memorandum of agreement itself contains an explicit waiver. (See ¶ 11 of Memorandum of Agreement).

11. Eugene Terry is an attorney and former law partner of Soskin. *Defendant's Affirmative Defenses to Plaintiffs' First Amended Complaint, Exhibit E, paragraph 5.*

RESPONSE: Plaintiffs agree.

12. The Memorandum of Agreement provided that Eugene Terry, Nicole Terry and Terry's Company, Inc. would invest funds in Kids Count Entertainment, Inc. and Kids Count Entertainment, LLC (collectively, "Kids Count") to help finance the creation of commercials,

---

[1] Soskin acknowledges that he did the personal income tax return for Esralew and Aren for 1998, for convenience sake since he had all the information from Kids Count.

4

purchase of air time and manufacture of required inventory. *Memorandum of Agreement, Exhibit D.*

RESPONSE: Plaintiffs agree that these were some of the reasons money was invested. According to the agreement the money was for "cash flow" and "to cover overhead." See Memorandum of Agreement, ¶¶ 1, 4.

13. Pursuant to the terms of the Memorandum of Agreement, Eugene Terry, Nicole Terry and Terry's Company, Inc. loaned funds to Kids Count Entertainment, L.L.C., took a security interest in the inventory, receivables and other assets of Kids Count Entertainment, LLC and retained an option to purchase or convert the debt into up to ten (10%) percent of Kids Count Entertainment, LLC. *Memorandum of Agreement, Exhibit D. First Amended Complaint, Exhibit C, paragraph 9.*

RESPONSE: Plaintiffs agrees that the Terrys had an option to purchase 10% of Kids Count for payment of $250,000. See ¶ 6 of Memorandum of Agreement.

14. The terms of the Memorandum of Agreement contemplated that Soskin would become a member of Kids Count Entertainment, LLC, a limited liability company. *Memorandum of Agreement, Exhibit D. First Amended Complaint, Exhibit C, paragraph 8.*

RESPONSE: Plaintiffs agree.

15. By the terms of the Memorandum of Agreement, Soskin was to receive salary or legal fees not to exceed $4,000 per month. *Memorandum of Agreement, Exhibit D.*

5

RESPONSE: Plaintiffs agree that the memorandum of agreement was so worded, but, in fact, Soskin received no salary or legal fees for the work he did for Kids Count Entertainment LLC following the execution of the Memorandum of Agreement. The contemplated payment of $4,000 covered 60 hours of work which would put this work at the hourly rate of $66.00. (Soskin Aff. ¶ 23).

16. Also by the terms of the Memorandum of Agreement, Soskin received a two (2%) percent ownership interest in Kids Count and the option to purchase an additional eight (8%) percent of Kids Count Entertainment, LLC. *Memorandum of Agreement, Exhibit D. First Amended Complaint, Exhibit C, paragraph 8.*

RESPONSE: Plaintiffs agree that he had an option to purchase another 8% of Kids Count for $200,000.

17. On October 12, 2004, Plaintiffs filed their Adversary Complaint against Esralew, Aren and Neil A. Reisman ("Reisman"), seeking judgment against Esralew, Aren and Reisman and seeking that such judgment be held nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A), (a)(4) and (a)(6). *Adversary Complaint, attached hereto and incorporated herein as Exhibit G.*

RESPONSE: Plaintiffs agree.

18. On November 16, 2004, Plaintiffs filed their First Amended Adversary Complaint against Esralew, seeking judgment and a finding that such judgment be held nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A), (a)(4) and (a)(6). *First Amended Adversary Complaint, attached hereto and incorporated herein as Exhibit C.*

6

RESPONSE:  Plaintiffs agree.

      19.     Paragraph 18 of the Memorandum of Agreement reads as follows:

"Absent subsequent agreement to the contrary, Vicki Esralew agrees that all of her personal services, appearances, creative efforts, activities and products shall be performed and or [sic] created for the exclusive benefit of Kids Count." *Memorandum of Agreement, Exhibit D.*

RESPONSE:  Plaintiffs agree.

      20.     Paragraph 18 of the Memorandum of Agreement does not state any limitations upon Vicki Esralew's obligations in terms of time, territory, scope, duties or responsibilities as they relate to the restrictions on the Debtor's personal services, creative efforts, activities, appearances and products. *Memorandum of Agreement, Exhibit D. Affidavit of Vicki E. Esralew, Exhibit A, paragraph 11. Affidavit of Bob Aren, Exhibit B, paragraph 11. Deposition of Rollin Soskin, November 10, 2005, pages 82-83, Exhibit I.*

RESPONSE:  Plaintiffs agree.

      21.     Soskin never provided a written document to Esralew or Aren advising them that Paragraph 18 of the Memorandum of Agreement was adverse to their interests. *Affidavit of Vicki E. Esralew, Exhibit A, paragraph 12. Affidavit of Bob Aren, Exhibit B, paragraph 12.*

RESPONSE:  Plaintiffs agree that Soskin never provided a written document to Esralew or Aren advising them that paragraph 18 of the memorandum of agreement was adverse to their interests, but denies that paragraph 18 of the memorandum of agreement was adverse to their interests.

7

22.     Soskin never provided a written document to Esralew or Aren advising them of the possible legal ramifications intended by Paragraph 18 of the Memorandum of Agreement. *Affidavit of Vicki E. Esralew, Exhibit A, paragraph 14. Affidavit of &b Aren, Exhibit B, paragraph 13.*

RESPONSE:  Plaintiffs agree.

23.     On or about May 5, 1999, Rollin Soskin sent correspondence to Esralew and Aren stating his belief that, "[t]he way things appear at this time, your interests may now be significantly different from the interests of the Terry's [sic] and from my interests, and therefore you should have separate advisors." *May 5, 1999 correspondence from Rollin Soskin to Vicki Esralew and Bob Aren, attached hereto and incorporated herein as Exhibit H.*

RESPONSE:  Plaintiffs agrees that the above quote is accurate though it is misleading because it is taken out of the context of the letter which also said "…it has always been our understanding that you (or the Terrys) would consult with other advisors from time to time on any business or legal issue, as you deemed appropriate, and you have done so on many occasions."

    /s/ Thomas C. Crooks
Thomas C. Crooks,
Attorney for Plaintiffs

Thomas C. Crooks
Attorney for Plaintiffs
ARDC #00547336
Three First National Plaza, Suite 1950
Chicago, IL 60602-4298
Office (312) 641-2260
Facsimile (312) 641-5220

\\Ma01\Data - Clients\Crooks, Thomas\Kid's count\Motions\summary judgment\Ptf's Response to Local Rule 7056-1 Statement of Facts.doc

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| ) | Case No. 04-B-24393 |
| VICKI E. ESRALEW ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| | |
| ROLLIN J. SOSKIN, EUGENE ) | |
| TERRY, NICOLE TERRY and ) | |
| TERRY'S COMPANY, INC. ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Adversary Proceeding |
| ) | No. 04 A 3774 |
| ) | |
| VICKI E. ESRALEW, ) | Judge Goldgar |
| Defendant. ) | |

## NOTICE OF FILING

TO:   Cohen & Krol                                  Office of the U.S. Trustee
       105 W. Madison Street, Suite 1100    227 W. Monroe Street, Suite 3350
       Chicago, IL 60606                              Chicago, IL 60606

     PLEASE TAKE NOTICE that on February 21, 2006, Thomas C. Crooks electronically filed Plaintiffs' Response to Defendant's Local Rule 7056-1 Statement of Facts with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois, a copy of which is hereby served upon you.


                                             /s/ Thomas C. Crooks
                                             Thomas C. Crooks
                                             Attorney for the Plaintiffs

Thomas C. Crooks
ARDC #00547336
Three First National Plaza, Suite 1950
Chicago, IL 60602-4298
Office (312) 641-2260
Facsimile (312) 641-5220

9

## CERTIFICATE OF SERVICE

      I hereby certify that on February 21, 2006 I electronically filed the foregoing Plaintiff's Response to Defendant's Local Rule 7056-1 Statement of Facts and Notice of Filing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Cohen & Krol | Office of the U.S. Trustee |
| 105 W. Madison Street, Suite 1100 | 227 W. Monroe Street, Suite 3350 |
| Chicago, IL 60606 | Chicago, IL 60606 |

                                      /s/ Thomas C. Crooks
                                      Thomas C. Crooks
                                      Attorney for the Plaintiffs