Sent by:E TERRY                    15-mov-98 14:47    from 8472661034>                            page 1

Post-It™ brand fax transmittal memo 7671 | # of pages ▸ 7

To: Rollin Soskin    From: E. Terry
Co.    Co.
Dept:    Phone #
Fax #    Fax #

## MEMORANDUM

TO :   Rollin Soskin, Atty

FROM : Eugene Terry,    450 Central Ave #214, Highland Park, Ill. 60035-2659 U.S.A.
Tel 847-266-1032  Fax 847-266-1034

SUBJECT: Kids Count Proposal

Date :   November 16, 1998

1) Nicole and I have reviewed our meetings with Vicki and you, the business plan, the various products and the 6 month cash projections. We propose the following investment and it's conditions, subject to satisfactory answers to the questions designated by letter paragraphs A+ which follows our proposal.

2) We will invest $200,000 to $250,000, as December thru February 1999's cash flow shall require. For tax reasons I explained to you I would hope that a portion of the investment would be thru Terry's Company, Inc.which would secure the "Inventory" and sell it to Kids Count (KC) as is ordered by them. The price would be a sum that gives us a 10% PA return on the investment. The balance of the investment would be a loan at 10%PA.interest. We will need a UCC filing. The purpose of our investment is to fund the commercials, purchase of time and required inventory. The operational expenses for November should come out of the A/R for November.

3) I have modified the 6 month cash flow to which I hope we will all agree . I have added a $21,000 per month cash expenditure for the service (West) which will handle the calls, (7000 units x $3.) . I have reduced Rollins expense to a retainer of $2,000 per month and Vicki's salary from $15,000 to $12,000 per month. In November I have reduced the cost of the commercial to $80,000 and added $17,000 to December as the cost to "tweek" the commercial. The main purpose of our investment is to generate long term working capital for the company. After 6 months we should agree to another 6 month plan based upon experience not mere projections.Our program should be to build a company with multiple products selling into and thru various markets that shows a positive cash flow after supporting development of new products. Remember that if we adopt a program to reduce the million +/- debt over 5 years, that will drain $200,000 + interest per year. It will be tough to build up  sizeable working capital

4) In return for our investment we will need a 5 year option to purchase 10% of the issued and outstanding shares of the Corporation or Partnership, if that is the entity you decide upon, for $250,000. We can pay this by cash and /or cancellation of our loan. Should Vicki at anytime decide to dispose of her shares so that she no longer has control

EXHIBIT
B
Blumberg No. 5118

C31C0

Sent by:E TERRY                15-Exhibits B E          FROM 8472661034>                    page 2

(50+%) she should agree to a "piggy back" for us.

6) We recognize you as the attorney for Vicki and KC and we will handle, at our expense, any of our legal work.

7) This proposal contemplates many legal documents which can be drafted and negotiated after January 30, 1999 when we both have more accurate facts and figures since the commercials will have run. We are willing to deposit the money and make the investment before all the documents are executed, Since the Xmas season is aproaching time is of the essence. However our time table to complete them should be by February 28.

These are the questions we have:

A) The 6 month cash flow contemplates a total of 30,000 payment on loans. Isn't there a $25,000 payment due on one of the loans, in addition to the $30,000?

B) Has Vicki reviewed the 6 month cash flow and does it make sense to here?

C) The Balance Sheet shows Inventory. Is this finished goods, do you have a list or breakdown?

D) B/S shows Equipment. Is this only the computers or what other assets?

E) What is the Fiscal Year?

F) B/S shows "accrued payables" Is this accrued interest? What is it?

G) In regard to the Long Term Debt on the B/S can you outline the general terms,conditions,and if the debit is against a note or document, and of course, is on demand"

   1) Jim Terra, $75,000.

   2) Harris Bank $150,000

   3) 1st Nat Bank $74,000

   4) Hudsuckers $325,000

   5) Vicki    $200,000

C31C1

Sent by:E TERRY                15-Nov-05 14:18                From 8472661034>                Page 3/7

6) Fells Good  $50,000

H) Stockholders; Please list who they are and what they own. On the B/S it shows Vicki, Bob Leeper, Kids Count and Steve Santowski.

I) Directors: Who are they and how many are required?

J) Officers; Who are they and do they have salary contracts or what do they draw?

K) P/L shows "Bad Debt". What is this?

L) Insurance. What do they have now, including medical, life etc.

M) P/L shows "placement fee". What is this?

N) In the P/L I do not see tech support at $2000 per month. Where is it?

O) P/L shows "interest expense" at $1900 per month. Who gets this and on which loans?

Hope all the above is clear.

6 Month Cash Flow Encl.

C3162

LAW OFFICES OF
# ROLLIN J. SOSKIN & ASSOCIATES
9933 Lawler Avenue, Suite 312
Skokie, Illinois 60077-3703
Fax:   (847) 674-8938
**Phone: (847) 329-9991**

## TELECOMMUNICATIONS COVER SHEET

TO:      Eugene & Nicole        Vicki & Bob

FAX NO.:____(847) 266-1034_____(847) 550-8061_____

FROM:_____Rollin J. Soskin_____

FAX NO.: (847) 674-8938        NUMBER OF PAGES
                               INCLUDING COVER SHEET:_____5_____

CLIENT:_____        DATE:_____11/18/98_____

ADDITIONAL COMMENTS:

**Gene, Nicole, Vicki & Bob:**

**Following is a draft of the Memorandum I have prepared. Any suggestions, changes, etc.?**

IF ANY DIFFICULTY IS EXPERIENCED WITH THIS
TRANSMISSION, PLEASE CONTACT OUR OFFICE AT
(847) 329-9991.

PLEASE DELIVER IMMEDIATELY!

THE PAGES COMPRISING THIS FACSIMILE TRANSMISSION CONTAIN
CONFIDENTIAL INFORMATION.  THIS INFORMATION IS INTENDED SOLELY FOR
USE BY THE INDIVIDUAL OR ENTITY NAMED AS THE RECIPIENT HEREOF.  IF
YOU ARE NOT THE INTENDED RECIPIENT, BE AWARE THAT ANY DISCLOSURE,
COPYING, DISTRIBUTION, OR USE OF THE CONTENTS OF THIS TRANSMISSION
IS PROHIBITED.  IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR,
PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO WE MAY ARRANGE TO
RETRIEVE THIS TRANSMISSION AT NO COST TO YOU.



EXHIBIT
C

C31C8

## MEMORANDUM OF AGREEMENT

Vicki Esralew, Robert Aren (hereinafter collectively referred to as "Esralew), Eugene Terry, Nicole Terry and Terry's Company, Inc. (hereinafter collectively referred to as "Terry"), Rollin J. Soskin (hereinafter referred to as "Soskin"), and Kids Count Entertainment, Inc. and Kids Count Entertainment, L.L.C. (hereinafter collectively referred to as "Kids Count") have agreed as follows:

1.    Terry will invest $200,000 to $250,000 as December, 1998 through February, 1999 cash flow shall require. Terry's Company, Inc. will purchase the inventory and sell it to Kids Count as ordered, at a price that provides a 10% per annum return on the funds invested in inventory. The balance of the investment by Terry will be a loan to Kids Count at the rate of 10% interest. A financing statement will be filed with the Secretary of State in order to provide protection under the Uniform Commercial Code with respect to Terry's investment, secured by the assets of Kids Count. The primary purpose of Terry's investment is to fund creation of commercials, purchase of air time and manufacture of required inventory.

2.    In addition to the investment described in paragraph 1, Terry will deposit the sum of $27,000 into a bank account in the name of Kids Count. This portion of Terry's investment (the "receivable loan") is in the form of a purchase from Kids Count of certain receivables due from Discovery Toys - $12,855 scheduled to be received in December), and $14,145 of the $18,000 scheduled to be received in February. Immediately upon receipt, the instruments of payment of such amounts, or any portion thereof, shall be immediately turned over to Terry without deposit by Kids Count.

3.    A new bank account at Lasalle Bank shall be created in the name of Kids Count Entertainment, L.L.C. into which Terry shall deposit the receivable loan and that portion of his investment which will be treated as a loan to the Kids Count. Disbursements from such account shall be made only upon two signatures as follows: one signature to be either Eugene Terry, Nicole Terry, or Rollin J. Soskin; and one signature to be either Vicki Esralew or Robert Aren.

4.    It is anticipated that the receivable loan from Terry and collections from December sales will be sufficient to cover overhead. From such amounts, Esralew shall be entitled to withdraw from the Kids Count a sum not to exceed $12,000 per month, which may be taken, in Esralew's sole discretion, as salary or repayment of the loans to Kids Count previously made by Esralew or Aren, or in any combination thereof, provided that the total of gross compensation and loan repayment shall not exceed $12,000 per month.

C 3109

MEMORANDUM OF AGREEMENT - page 2

5.    From the receivable loan and subsequent sales, Kids Count shall pay to Soskin a sum not to exceed $4,000 per month which Soskin may have paid as salary or as legal fees to his law firm, in his sole discretion. To the extent not taken in a particular month, the sums payable to Esralew and Soskin shall accrue and be payable, if and when cash flow allows.

6.    As part of the consideration for Terry's loan, Terry shall have a five (5) year option to purchase ten (10%) percent of Kids Count Entertainment, L.L.C. for a price of $250,000. This sum may be paid by cash and/or cancellation of the Terry's loans to the company. For this purpose, the unpaid portion of Terry's investment in inventory may be treated as part of Terry's loan upon transfer of any unpurchased inventory to the Kids Count.

7.    As part of the consideration to Terry and to Soskin, Soskin shall receive one (1%) percent interest in the Kids Count Entertainment, L.L.C. and shall have an option to purchase eight (8%) percent of Kids Count Entertainment, L.L.C. for the sum of $200,000.

8.    In addition to the interest and the option granted to Soskin above, Soskin shall receive a one (1%) percent interest as incentive and in lieu of fees for services to Kids Count, whether as attorney, employee, or otherwise, in excess of the agreed upon $4,000 per month set forth in paragraph 5 above, for the period from December 1, 1998 through such time as the salaries and compensation of Esralew and Soskin are reviewed, based upon company performance, but in no event shall such period of free excess services by Soskin extend beyond May 31, 1999.

9.    It is agreed that any of the following actions shall require the unanimous consent of Esralew, Terry and Soskin:

(a)    incurring of any new debt beyond normal trade payables;
(b)    issuance of any new stock or security or other interest convertible in to an ownership interest in Kids Count;
(c)    sale or transfer of any interest in Kids Count owned by Esralew or Aren to anyone other than Esralew, Aren, Soskin or Terry or to Kids Count, without first offering such interest to Terry and Soskin upon the same terms and conditions as are offerred by any proposed transferee.

10.    In the event of any sale or transfer by Kids Count or Esralew of any shares in Kids Count Entertainment, Inc. or Kids Count Entertainment, L.L.C., which results in Esralew owning less than 51% of Kids Count, Terry and Soskin shall have the right to "tag along" on a pro-rata basis at a price equal to the price at which Esralew's shares or interest are sold.

C 3170

MEMORANDUM OF AGREEMENT - page 3

11.     Each party hereto has made such investigation of the facts and circumstances and the condition of Kids Count and of the other parties, and has engaged such attorneys, accountants, or other professionals as they have determined in their own discretion to be necessary or prudent in the circumstances. Esralew, Terry, and Kids Count all hereby waive any actual or apparent conflict of interest resulting from the participation of Soskin in bringing Esralew, Aren and Kids Count together with the Terrys, or from the services of Soskin to, by or in regard to Kids Count, Terry and Esralew, or any of them, and from the representations made by any of the partiews hereto to the others in order to induce them to enter into this agreement, and after due consideration, the parties agree to hold Soskin harmless and idemnified against any and all loss, cost and damages, including reasonable attorney's fees, resulting from any claims that Soskin represented one party or the other or was subject to a conflict of interest as between any of the parties to this agreement, or that any party made any material misrepresentation with respect to the transactions herein contemplated.

12.     The parties agree to meet not less often than every fourteen (14) days to review sales, inventory levels, cash position and other data relevant to Kids Count.

13.     The parties agree that because time is short and the investment of Terry is essential to Kids Count's chances of success, in large part as a result of the desire to have commercials on the air in time to take advantage of the Christmas gift season, this transaction is being documented by this simple memorandum rather than by all of the legal documents which this agreement contemplates. The parties agree to enter into shareholder's agreements, option agreements, and other contracts and legal documents as may be necessary, containing the provisions which are set forth herein (in addition to any other items as to which the parties may agree). The parties agree to attempt to complete all such documentation by February 28, 1999.

14.     The parties agree that the operating agreement of the limited liability company shall also be amended to reflect the provisions hereof, and it is agreed that Soskin, Esralew, Aren, and either of the Terrys shall be directors of Kids Count. In the event that Robert Leiper should be made a director, both of the Terrys shall be directors.

03171

MEMORANDUM OF AGREEMENT - page 4

15.    Acceptance by Esralew, Aren and Kids Count of the benefit of the services of Soskin and/or of the deposit of funds and/or the receipt of other benefits from Terry shall constitute acceptance of all of the foregoing terms.

WHEREFORE, the parties have set their hands this _____ day of November, 1998.

Kids Count Entertainment, Inc.                Kids Count Entertainment, L.L.C.

By:_____        By:_____
    Vicki Esralew, President                   Vicki Esralew, Manager


_____          _____
Vicki Esralew                          Robert Aren


_____          _____
Eugene Terry                          Nicole Terry


_____
Rollin J. Soskin

**HP OfficeJet**
**Personal Printer/Fax/Copier**

**Fax Log Report**

Nov-18-98   07:16 PM

| Identification | Result | Pages | Type | Date | Time | Duration | Diagnostic |
|---|---|---|---|---|---|---|---|
| 5508061 | OK | 05 | Sent | Nov-18 | 07:13P | 00:02:45 | 002586030022 |

1.2.0   2.8

CC173

**HP OfficeJet**
**Personal Printer/Fax/Copier**

**Fax Log Report**

Nov-18-98    07:13 PM

| Identification | Result | Pages | Type | Date | Time | Duration | Diagnostic |
|---|---|---|---|---|---|---|---|
| 2661034 | OK | 05 | Sent | Nov-18 | 07:10P | 00:02:39 | 002586030022 |

1.2.0    2.8

C3174

November 19, 1998

To: Rollin
Fr: Vicki & Bob
Re: T.T.D.

Hi Rollin,

Here's a brief list of what we need:

1. Take care of West (the info I faxed to you this morning and afternoon)
   • Application, all information
   • Find out about any/all info (i.e., download, batch information)
   • We must do this Friday or we will miss our w/o Dec. 7 air date – they need 2 weeks

2. LaSalle Bank – please fax to Jennifer Merlin (Vice President, Private Banking) 312-904-6253 (fax) and FEDEX necessary info to arrive on Monday
   • Please finish filling out info
   • Need to get signature cards in and decide who can sign – we'll need to cut a check for the commercial early next week.
   • Be in touch with Jennifer Merlin 312-904-6309 re:  *ast Toy Barfield* 6039
       • setting up account
       • merchant card  (2.40% - West may have companies with lower Credit Card %)

Kids Count's  FEIN# 364143446000

Sales Tax# 2828-3872

**Thanks!**  Please advise us on questions and completion.... Will be in office all day tomorrow.

*Foley 18mm*
*Cithmt 2000 sig*

LAW OFFICES OF
# ROLLIN J. SOSKIN & ASSOCIATES
9933 Lawler Avenue, Suite 312
Skokie, Illinois 60077-3703
Fax:   (847) 674-8938
**Phone: (847) 329-9991**

## TELECOMMUNICATIONS COVER SHEET

TO:       Eugene & Nicole       Vicki & Bob

FAX NO.:____(847) 266-1034_____(847) 550-8061_____

FROM:_____Rollin J. Soskin_____

FAX NO.: (847) 674-8938

NUMBER OF PAGES
INCLUDING COVER SHEET:_____5_____

CLIENT:_____      DATE:_____11/19/98_____

ADDITIONAL COMMENTS:

    **Gene, Nicole, Vicki & Bob:**

    **Following is a revised draft of the Memorandum I have prepared. Any suggestions, changes, etc.?**

IF ANY DIFFICULTY IS EXPERIENCED WITH THIS
TRANSMISSION, PLEASE CONTACT OUR OFFICE AT
(847) 329-9991.

PLEASE DELIVER IMMEDIATELY!

THE PAGES COMPRISING THIS FACSIMILE TRANSMISSION CONTAIN
CONFIDENTIAL INFORMATION.  THIS INFORMATION IS INTENDED SOLELY FOR
USE BY THE INDIVIDUAL OR ENTITY NAMED AS THE RECIPIENT HEREOF.  IF
YOU ARE NOT THE INTENDED RECIPIENT, BE AWARE THAT ANY DISCLOSURE,
COPYING, DISTRIBUTION, OR USE OF THE CONTENTS OF THIS TRANSMISSION
IS PROHIBITED.  IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR,
PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO WE MAY ARRANGE TO
RETRIEVE THIS TRANSMISSION AT NO COST TO YOU.



EXHIBIT
D

03176

## MEMORANDUM OF AGREEMENT

Vicki Esralew, Robert Aren (hereinafter collectively referred to as "Esralew), Eugene Terry, Nicole Terry and Terry's Company, Inc. (hereinafter collectively referred to as "Terry"), Rollin J. Soskin (hereinafter referred to as "Soskin"), and Kids Count Entertainment, Inc. and Kids Count Entertainment, L.L.C. (hereinafter collectively referred to as "Kids Count") have agreed as follows:

1.    Terry will invest $200,000 to $250,000 as December, 1998 through *May* February, 1999 cash flow shall require. Terry's Company, Inc. will purchase the *new* inventory and sell it to Kids Count as ordered, at a price that provides a 10% per annum return on the funds invested in inventory. The balance of the investment by Terry will be a loan to Kids Count at the rate of 10% interest. A financing statement will be filed with the Secretary of State in order to provide protection under the Uniform Commercial Code with respect to Terry's investment, secured by the assets of Kids Count. The primary purpose of Terry's investment is to fund creation of commercials, purchase of air time and manufacture of required inventory.

2.    In addition to the investment described in paragraph 1, Terry will deposit the sum of $27,000 into a bank account in the name of Kids Count. This portion of Terry's investment (the "receivable loan") is in the form of a purchase from Kids Count of certain receivables due from Discovery Toys - $12,855 scheduled to be received in December, and $14,145 of the $18,000 scheduled to be received in February. Immediately upon receipt, the instruments of payment of such amounts, or any portion thereof, shall be immediately turned over to Terry without deposit by Kids Count. *The invoices shall be marked "Assigned to Eugene Terry" and delivered to Soskin to hold. original*

3.    A new bank account at LaSalle Bank shall be created in the name of Kids Count Entertainment, L.L.C. into which Terry shall deposit the receivable loan and that portion of his investment which will be treated as a loan to the Kids Count. Disbursements from such account shall be made only upon two signatures as follows: one signature to be either Eugene Terry, Nicole Terry, or Rollin J. Soskin; and one signature to be either Vicki Esralew or Robert Aren. All receipts of Kids Count, regardless of source, shall be deposited into such bank account.

4.    It is anticipated that the receivable loan from Terry and collections from December sales will be sufficient to cover overhead. From such amounts, Esralew shall be entitled to withdraw from Kids Count a sum not to exceed $12,000 per month, which may be taken, in Esralew's sole discretion, as salary or repayment of the loans to Kids Count previously made by Esralew or Aren, or in any combination thereof, provided that the total of gross compensation and loan repayment shall not exceed $12,000 per month.

MEMORANDUM OF AGREEMENT - page 2

5.     From the receivable loan and subsequent sales, Kids Count shall pay to Soskin a sum not to exceed $4,000 per month which Soskin may have paid as salary or as legal fees to his law firm, in his sole discretion. To the extent not taken in a particular month, the sums payable to Esralew and Soskin shall accrue and be payable, if and when cash flow allows.

6.     As part of the consideration for Terry's loan, Terry shall have a five (5) year option to purchase ten (10%) percent of Kids Count Entertainment, L.L.C. for a price of $250,000. This sum may be paid by cash and/or cancellation of the Terry's loans to the company. For this purpose, the unpaid portion of Terry's investment in inventory may be treated as part of Terry's loan upon transfer of any unpurchased inventory to the Kids Count. In the event of a refinancing in excess of two million dollars or recapitalization of Kids Count with new value in excess of two million dollars Kids Count may demand that Terry exercise or waive his option within ~~one hundred twenty (120)~~ ninety (90) days of notice.

7.     As part of the consideration to Terry and to Soskin, Soskin shall immediately receive a one (1%) percent interest in Kids Count Entertainment, L.L.C. and shall have a five (5) year option to purchase eight (8%) percent of Kids Count Entertainment, L.L.C. for the sum of $200,000. In the event of a refinancing in excess of two million dollars or recapitalization of Kids Count with new value in excess of two million dollars Kids Count may demand that Soskin exercise or waive his option within ~~one hundred twenty (120)~~ ninety (90) days of notice.

8.     In addition to the interest and the option granted to Soskin above, Soskin shall immediately receive a one (1%) percent interest as incentive and in lieu of fees for services to Kids Count, whether as attorney, employee, or otherwise, in excess of the agreed upon $4,000 per month set forth in paragraph 5 above, for the period from December 1, 1998 through such time as the salaries and compensation of Esralew and Soskin are reviewed, based upon company performance, but in no event shall such period of "free excess" services by Soskin extend beyond May 31, 1999. It is understood and agreed that Soskin will not work exclusively for Kids Count and has other business interests, including a law practice. Soskin shall not be required to spend in excess of sixty (60) hours per month during such period without additional compensation.

9.     It is agreed that any of the following actions shall require the unanimous consent of Esralew, Terry and Soskin:

(a)     incurring of any new debt beyond normal trade payables;
(b)     issuance of any new stock or security or other interest convertible in to an ownership interest in Kids Count;

03178

MEMORANDUM OF AGREEMENT - page 3

    (c)    sale or transfer of any interest in Kids Count owned by Esralew or Aren to anyone other than Esralew, Aren, Soskin or Terry or to Kids Count, without first offering such interest to Terry and Soskin upon the same terms and conditions as are offerred by any proposed transferee.

10.    In the event of any sale or transfer by Kids Count or Esralew of any shares in Kids Count Entertainment, Inc. or Kids Count Entertainment, L.L.C., which results in Esralew owning less than 51% of Kids Count, Terry and Soskin shall have the right to "tag along" on a pro-rata basis at a price equal to the price at which Esralew's shares or interest are sold, and Esralew shall have the right to "bring-along" Terry and Soskin on a pro-rata basis at a price equal to the price at which Esralew's shares or interest are sold.

11.    Each party hereto has made such investigation of the facts and circumstances and the condition of Kids Count and of the other parties, and has engaged such attorneys, accountants, or other professionals as they have determined in their own discretion to be necessary or prudent in the circumstances. Esralew, Terry, and Kids Count all hereby waive any actual or apparent conflict of interest resulting from the participation of Soskin in bringing Esralew, Aren and Kids Count together with the Terrys, or from the services of Soskin to, by or in regard to Kids Count, Terry and Esralew, or any of them, and from the representations made by any of the partiews hereto to the others in order to induce them to enter into this agreement, and after due consideration, the parties agree to hold Soskin harmless and idemnified against any and all loss, cost and damages, including reasonable attorney's fees, resulting from any claims that Soskin represented one party or the other or was subject to a conflict of interest as between any of the parties to this agreement, or that any party made any material misrepresentation with respect to the transactions herein contemplated.

12.    The parties agree to meet not less often than every fourteen (14) days to review sales, inventory levels, cash position and other data relevant to Kids Count.

13.    The parties agree that because time is short and the investment of Terry is essential to Kids Count's chances of success, in large part as a result of the desire to have commercials on the air in time to take advantage of the Christmas gift season, this transaction is being documented by this simple memorandum rather than by all of the legal documents which this agreement contemplates. The parties agree to enter into shareholder's agreements, option agreements, and other contracts and legal documents as may be necessary, containing the provisions which are set forth herein (in addition to any other items as to which the parties may agree). The parties agree to attempt to complete all such documentation by February 28, 1999.

*or customary*

03179

MEMORANDUM OF AGREEMENT - page 4

14.    The parties agree that the operating agreement of the limited liability company shall also be amended to reflect the provisions hereof, and it is agreed that Soskin, Esralew, Aren, and either of the Terrys shall be directors of Kids Count.  In the event that Robert Leeper should be made a director, both of the Terrys shall be directors.

15.    Esralew and Kids Count represent that the ownership of Kids Count Entertainment, L.L.C. is as follows:  Robert Leeper - five (5%) percent; Harris Associates - one (1%) percent; Kids Count Entertainment, Inc. - ninety-four (94%) (Kids Count Entertainment, Inc. is owned 100% by Esralew and/or trusts for their children).  Esralew and Kids Count represent that after this Memorandum of Agreement is signed, the ownership of Kids Count Entertainment, L.L.C. will be as follows:  Harris Associates - one (1%) percent; Robert Leeper - five (5%) percent; Rollin J. Soskin - two (2%) percent; and Kids Count Entertainment, Inc. - ninety-two (92%), subject to the rights of Terry and Soskin to acquire the additional percentages set forth herein from Kids Count Entertainment, Inc., from Esralew, or from Kids Count Entertainment, L.L.C.

16.    Esralew and Kids Count represent that the total debt of Kids Count Entertainment consists of the following:  Jim Terra - $75,000; Harris Bank - $150,000; First National Bank - $73,933.34; Hudsucker Partners (Irving Harris) - $325,000; Vicki Esralew - $300,000; Feels Good Partners - $50,000; Steve Santowski - $75,000; Miscellaneous trade payables - $33,000 (includes $15,000 to Aultschuler, Melvoin & Glasser).  $196,445;

17.    Acceptance by Esralew, Aren and Kids Count of the benefit of the services of Soskin and/or of the deposit of funds and/or the receipt of other benefits from Terry shall constitute their acceptance of all of the foregoing terms.

WHEREFORE, the parties have set their hands this _____ day of November, 1998.

Kids Count Entertainment, Inc.          Kids Count Entertainment, L.L.C.

By:_____          By:_____
    Vicki Esralew, President                   Vicki Esralew, Manager

_____          _____
Vicki Esralew                           Robert Aren

                                                        _____
_____          _____          Rollin J. Soskin
Eugene Terry                            Nicole Terry

C3300

## MEMORANDUM OF AGREEMENT

Vicki Esralew, Robert Aren (hereinafter collectively referred to as "Esralew), Eugene Terry, Nicole Terry and Terry's Company, Inc. (hereinafter collectively referred to as "Terry"), Rollin J. Soskin (hereinafter referred to as "Soskin"), and Kids Count Entertainment, Inc. and Kids Count Entertainment, L.L.C. (hereinafter collectively referred to as "Kids Count") have agreed as follows:

1.    Terry will invest $200,000 to $250,000 as December, 1998 through February, 1999 cash flow shall require. Terry's Company, Inc. may purchase the new inventory and sell it to Kids Count as ordered, at a price that provides a 10% per annum return on the funds invested in inventory. The balance of the investment by Terry will be a loan to Kids Count at the rate of 10% interest. A financing statement will be filed with the Secretary of State in order to provide protection under the Uniform Commercial Code with respect to Terry's investment, secured by the assets of Kids Count. The primary purpose of Terry's investment is to fund creation of commercials, purchase of air time and manufacture of required inventory.

2.    In addition to the investment described in paragraph 1, Terry will deposit the sum of $27,000 into a bank account in the name of Kids Count. This portion of Terry's investment (the "receivable loan") is in the form of a purchase from Kids Count of certain receivables due from Discovery Toys - $12,855 scheduled to be received in December, and $14,145 of the $18,000 scheduled to be received in February. Immediately upon receipt, the instruments of payment of such amounts, or any portion thereof, shall be immediately turned over to Terry without deposit by Kids Count. The original invoices for the aforementioned Discovery Toy invoices shall be marked "ASSIGNED TO EUGENE TERRY" and delivered to Soskin to hold.

3.    A new bank account at LaSalle Bank shall be created in the name of Kids Count Entertainment, L.L.C. into which Terry shall deposit the receivable loan and that portion of his investment which will be treated as a loan to the Kids Count. Disbursements in excess of $2,000 from such account shall be made only upon two signatures as follows: one signature to be either Eugene Terry, Nicole Terry, or Rollin J. Soskin; and one signature to be either Vicki Esralew or Robert Aren. All receipts of Kids Count, regardless of source, shall be deposited into such bank account.

4.    It is anticipated that the receivable loan from Terry and collections from December sales will be sufficient to cover overhead. From such amounts, Esralew shall be entitled to withdraw from Kids Count a sum not to exceed $12,000 per month, which may be taken, in Esralew's sole discretion, as salary or repayment of the loans to Kids Count previously made by Esralew or Aren, or in any combination thereof, provided that the total of gross compensation and loan repayment shall not exceed $12,000 per month.

EXHIBIT
E

## MEMORANDUM OF AGREEMENT - page 2

5.    From the receivable loan and subsequent sales, Kids Count shall pay to Soskin a sum not to exceed $4,000 per month which Soskin may have paid as salary or as legal fees to his law firm, in his sole discretion. To the extent not taken in a particular month, the sums payable to Esralew and Soskin shall accrue and be payable, if and when cash flow allows.

6.    As part of the consideration for Terry's loan, Terry shall have a five (5) year option to purchase ten (10%) percent of Kids Count Entertainment, L.L.C. for a price of $250,000. This sum may be paid by cash and/or cancellation of the Terry's loans to the company. For this purpose, the unpaid portion of Terry's investment in inventory may be treated as part of Terry's loan upon transfer of any unpurchased inventory to the Kids Count. In the event of a refinancing in excess of two million dollars or recapitalization of Kids Count with new value in excess of two million dollars Kids Count may demand that Terry exercise or waive his option within ninety (90) days of notice.

7.    As part of the consideration to Terry and to Soskin, Soskin shall immediately receive a one (1%) percent interest in Kids Count Entertainment, L.L.C. and shall have a five (5) year option to purchase eight (8%) percent of Kids Count Entertainment, L.L.C. for the sum of $200,000. In the event of a refinancing in excess of two million dollars or recapitalization of Kids Count with new value in excess of two million dollars Kids Count may demand that Soskin exercise or waive his option within ninety (90) days of notice.

8.    In addition to the interest and the option granted to Soskin above, Soskin shall immediately receive a one (1%) percent interest as incentive and in lieu of fees for services to Kids Count, whether as attorney, employee, or otherwise, in excess of the agreed upon $4,000 per month set forth in paragraph 5 above, for the period from December 1, 1998 through such time as the salaries and compensation of Esralew and Soskin are reviewed, based upon company performance, but in no event shall such period of "free excess" services by Soskin extend beyond May 31, 1999. It is understood and agreed that Soskin will not work exclusively for Kids Count and has other business interests, including a law practice. Soskin shall not be required to spend in excess of sixty (60) hours per month during such period without additional compensation.

9.    It is agreed that any of the following actions shall require the unanimous consent of Esralew, Terry and Soskin:

   (a)    incurring of any new debt beyond normal trade payables;
   (b)    issuance of any new stock or security or other interest convertible in to an ownership interest in Kids Count;

MEMORANDUM OF AGREEMENT - page 3

(c) sale or transfer of any interest in Kids Count owned by Esralew or Aren to anyone other than Esralew, Aren, Soskin or Terry or to Kids Count, without first offering such interest to Terry and Soskin upon the same terms and conditions as are offerred by any proposed transferee.

10. In the event of any sale or transfer by Kids Count or Esralew of any shares in Kids Count Entertainment, Inc. or Kids Count Entertainment, L.L.C., which results in Esralew owning less than 51% of Kids Count, Terry and Soskin shall have the right to "tag along" on a pro-rata basis at a price equal to the price at which Esralew's shares or interest are sold, and Esralew shall have the right to "bring-along" Terry and Soskin on a pro-rata basis at a price equal to the price at which Esralew's shares or interest are sold.

11. Each party hereto has made such investigation of the facts and circumstances and the condition of Kids Count and of the other parties, and has engaged such attorneys, accountants, or other professionals as they have determined in their own discretion to be necessary or prudent in the circumstances. Esralew, Terry, and Kids Count all hereby waive any actual or apparent conflict of interest resulting from the participation of Soskin in bringing Esralew, Aren and Kids Count together with the Terrys, or from the services of Soskin to, by or in regard to Kids Count, Terry and Esralew, or any of them, and from the representations made by any of the partiews hereto to the others in order to induce them to enter into this agreement, and after due consideration, the parties agree to hold Soskin harmless and idemnified against any and all loss, cost and damages, including reasonable attorney's fees, resulting from any claims that Soskin represented one party or the other or was subject to a conflict of interest as between any of the parties to this agreement, or that any party made any material misrepresentation with respect to the transactions herein contemplated.

12. The parties agree to meet not less often than every fourteen (14) days to review sales, inventory levels, cash position and other data relevant to Kids Count.

13. The parties agree that because time is short and the investment of Terry is essential to Kids Count's chances of success, in large part as a result of the desire to have commercials on the air in time to take advantage of the Christmas gift season, this transaction is being documented by this simple memorandum rather than by all of the legal documents which this agreement contemplates. The parties agree to enter into shareholder's agreements, option agreements, and other contracts and legal documents as may be necessary or customary, containing the provisions which are set forth herein (in addition to any other items as to which the parties may agree). The parties agree to attempt to complete all such documentation by February 28, 1999.

MEMORANDUM OF AGREEMENT - page 4

14.    The parties agree that the operating agreement of the limited liability company shall also be amended to reflect the provisions hereof, and it is agreed that Soskin, Esralew, Aren, and either of the Terrys shall be directors of Kids Count. In the event that Robert Leeper should be made a director, both of the Terrys shall be directors.

15.    Esralew and Kids Count represent that the ownership of Kids Count Entertainment, L.L.C. is as follows: Robert Leeper - five (5%) percent; Harris Associates - one (1%) percent; Kids Count Entertainment, Inc. - ninety-four (94%) (Kids Count Entertainment, Inc. is owned 100% by Esralew and/or trusts for their children). Esralew and Kids Count represent that after this Memorandum of Agreement is signed, the ownership of Kids Count Entertainment, L.L.C. will be as follows: Harris Associates - one (1%) percent; Robert Leeper - five (5%) percent; Rollin J. Soskin - two (2%) percent; and Kids Count Entertainment, Inc. - ninety-two (92%), subject to the rights of Terry and Soskin to acquire the additional percentages set forth herein from Kids Count Entertainment, Inc., from Esralew, or from Kids Count Entertainment, L.L.C.

16.    Esralew and Kids Count represent that the total debt (principal) of Kids Count Entertainment consists of the following: Jim Terra - $75,000; Harris Bank - $150,000; First National Bank - $73,933.34; Hudsucker Partners (Irving Harris) - $325,000; Vicki Esralew - $196.445; Feels Good Partners - $50,000; Steve Santowski - $75,000; Foley & Lardner - $18,000; Citibank Visa - $9,600 (credit card used exclusively for Kids Count expenses; Miscellaneous trade payables - $33,000 (includes $15,000 to Aultschuler, Melvoin & Glasser).

17.    Esralew and Kids Count represent and warrant that the financial statements prepared as of October 20, 1998 are substantially true and correct except as to the status of Santowski as a shareholder.

18.    Absent subsequent agreement to the contrary, Vicki Esralew agrees that all of her personal services, appearances, creative efforts, activities and products shall be performed and or created for the exclusive benefit of Kids Count.

19.    It is understood and agreed that neither Soskin nor Terry shall be personally liable for any debts of Kids Count or any personal debts of Esralew.

## MEMORANDUM OF AGREEMENT - page 5

10.    Acceptance by Esralew, Aren and Kids Count of the benefit of the services of Soskin and/or of the deposit of funds and/or the receipt of other benefits from Terry shall constitute their acceptance of all of the foregoing terms.

WHEREFORE, the parties have set their hands this _22_ day of November, 1998.

Kids Count Entertainment, Inc.

By: _____
Vicki Esralew, President

_____
Vicki Esralew

_____
Eugene Terry

_____
Rollin J. Soskin

Kids Count Entertainment, L.L.C.

By: _____
Vicki Esralew, Manager

_____
Robert Aren

_____
Nicole Terry

LAW OFFICES OF

# ROLLIN J. SOSKIN & ASSOCIATES

9933 LAWLER AVENUE • SUITE 312

SKOKIE, ILLINOIS 60077-3703

FAX (847) 674-8938

TELEPHONE (847) 329-9991

February 24, 1999

Mr. and Mrs. Eugene Terry
450 Central Avenue
Suite 214
Highland Park, Illinois 60035-2659

Mr. and Mrs. Robert Aren
1735 Country Club Drive
Long Grove, Illinois 60047

Re:   Waiver of Agreement Terms - Kids Count

Dear Nicole, Gene, Vicki and Bob:

As you are aware, Paragraphs 13 and 14 of our Agreement of November 22, 1998, provided, in pertinent part, that we would enter into more formal documentation of our relationship by February 28, 1999. Based on our recent discussions, and the fact that we are endeavoring to bring in additional equity participants, it is my understanding that we have agreed to put off the expense and time involved in preparing and reviewing such documents, until such time as we are more certain about the structure of Kids Count as it goes forward with other strategic partners. Based thereon, it is my understanding that we all agree to enter into such documents in the future, while waiving any requirement of our existing Agreement that such documents be completed in the short run.

On a related topic, since the direct response TV campaign has not been generating income as quickly as had been hoped, the Terrys have been financing the Company's continued existence by purchasing its receivables. It is my understanding that all parties agree, notwithstanding any specific document assigning each new receivable, that all receivables now belong to the Terrys or Terry's Company as applicable, and as they are collected are to be turned over in partial satisfaction of the Terry's receivable purchases. In the event that, from time to time, the Terrys allow the Company to retain collected receivables, such retention shall not be deemed a waiver of any rights of the Terrys, but, in essence, a purchase by the Terrys of those receivables collected by the Company subsequent to the receivables which have already been purchased by the Terrys and/or assigned to them.

Mr. and Mrs. Gene Terry
Mr. and Mrs. Robert Aren
February 24, 1999 – Page 2.


If the above accurately sets forth our understanding and agreement, please so indicate by signing the acknowledgement at the bottom of this letter and returning the same to me in the self-addressed envelope enclosed herewith for your convenience.

Very truly yours,

Rollin J. Soskin

RJS/ml.


### Acknowledgement

The above accurately sets forth our understanding and agreement and represents a valid modification to the Agreement dated November 22, 1998.

Dated: ~~February~~ March 23, 1999

                                 Vicki Esralew

~~February~~ March 03, 1999

                                   Robert Aren

February _____, 1999

                                   Nicole Terry

February _____, 1999

                                   Eugene Terry

February _____, 1999

                                   Rollin J. Soskin

February _____, 1999

Kids Count Entertainment, Inc. and
Kids Count Entertainment, L.L.C.

By: _____
Vicki Esralew, as President and
as Manager, respectively

LAW OFFICES OF

# ROLLIN J. SOSKIN & ASSOCIATES

9933 LAWLER AVENUE • SUITE 312

SKOKIE, ILLINOIS 60077-3703

FAX (847) 674-8938

TELEPHONE (847) 329-9991

February 24, 1999

Mr. and Mrs. Eugene Terry
450 Central Avenue
Suite 214
Highland Park, Illinois 60035-2659

Mr. and Mrs. Robert Aren
1735 Country Club Drive
Long Grove, Illinois 60047

Re:    Waiver of Agreement Terms - Kids Count

Dear Nicole, Gene, Vicki and Bob:

As you are aware, Paragraphs 13 and 14 of our Agreement of November 22, 1998, provided, in pertinent part, that we would enter into more formal documentation of our relationship by February 28, 1999. Based on our recent discussions, and the fact that we are endeavoring to bring in additional equity participants, it is my understanding that we have agreed to put off the expense and time involved in preparing and reviewing such documents, until such time as we are more certain about the structure of Kids Count as it goes forward with other strategic partners. Based thereon, it is my understanding that we all agree to enter into such documents in the future, while waiving any requirement of our existing Agreement that such documents be completed in the short run.

On a related topic, since the direct response TV campaign has not been generating income as quickly as had been hoped, the Terrys have been financing the Company's continued existence by purchasing its receivables. It is my understanding that all parties agree, notwithstanding any specific document assigning each new receivable, that all receivables now belong to the Terrys or Terry's Company as applicable, and as they are collected are to be turned over in partial satisfaction of the Terry's receivable purchases. In the event that, from time to time, the Terrys allow the Company to retain collected receivables, such retention shall not be deemed a waiver of any rights of the Terrys, but, in essence, a purchase by the Terrys of those receivables collected by the Company subsequent to the receivables which have already been purchased by the Terrys and/or assigned to them.

Mr. and Mrs. Gene Terry
Mr. and Mrs. Robert Aren
February 24, 1999 - Page 2.

    If the above accurately sets forth our understanding and agreement, please so
indicate by signing the acknowledgement at the bottom of this letter and returning the
same to me in the self-addressed envelope enclosed herewith for your convenience.

                                    Very truly yours,

                                    Rollin J. Soskin

RJS/ml

### Acknowledgement

    The above accurately sets forth our understanding and agreement and
represents a valid modification to the Agreement dated November 22, 1998.

Dated: February _____, 1999        _____
                                    Vicki Esralew

       February _____, 1999        _____
                                    Robert Aren

       February _____, 1999        _____
                                    Nicole Terry

       February _____, 1999        _____
                                    Eugene Terry

       February _____, 1999        _____
                                    Rollin J. Soskin

       February _____, 1999        Kids Count Entertainment, Inc. and
                                    Kids Count Entertainment, L.L.C.


                                    By: _____
                                    Vicki Esralew, as President and
                                    as Manager, respectively

Law Offices Of
## Rollin J. Soskin & Associates

Rollin J. Soskin
Rachel A. Rupp

August 13, 2001

Ms. Vicki Esralew
Registered Agent, Kids Count Entertainment L.L.C.
1735 Country Club Drive
Long Grove, Illinois 60047

Re:   Kids Count Entertainment, L.L.C.

Dear Ms. Esralew:

As a member of the above-captioned organization, I wish to examine the financial and organizational records. Please contact the undersigned immediately to schedule a mutually convenient time to review these documents within the next ten (10) days.

Very truly yours,

Rollin J. Soskin,

RJS:kbs

Aren/ArenEsra8-13-01



This STATEMENT is presented to a filing officer for filing pursuant to the Uniform Commercial Code.

Debtor(s) (Last Name First) and address(es)

**KIDS COUNT ENTERTAINMENT**
**P.O. Box 5108**
**Buffalo Grove, IL 60089**

Secured Party(ies) and address(es)

**Eugene Terry and Terry's**
**Company, Inc.**
**450 Central Avenue**
**Highland Park, IL 60035.**

For Filing Officer
(Date, Time, Number, and Filing Officer)

UCU101/25/93:06:3333:
20.00 CK01
SOSIL 10:57 3377622 FS

1  This financing statement covers the following types or items of property:

Accounts receivable, inventory, work in process, equipment, supplies, furniture, fixtures, intellectual property, intangibles, including but not limited to patents trademarks and copyrights, security deposits and all other assets, without limitation.

ASSIGNEE OF SECURED PARTY

99025 476 0

2  ☐ Products of Collateral are also covered.

_____ Additional sheets presented.
_____ Filed with Office of Secretary of State of Illinois.
_____ Debtor is a transmitting utility as defined in UCC§9-105.

**(1) FILING OFFICER COPY-ALPHABETICAL**

STANDARD FORM - UNIFORM COMMERCIAL CODE - FORM UCC-1 - Rev. 1980.

**Kids Count Entertainment, L.L.C.**
and **KIDS COUNT ENTERTAINMENT, INC.**
By:
Signature(s) of Debtor(s)                    (Secured Party)
* Signature of Debtor Required in Most Cases;
Signature of Secured Party in Cases Covered by UCC §9-402 (2)

This form of financing statement is approved by the Illinois Secretary of State.

PLAINTIFF'S
EXHIBIT