Affidavit of Peter Abruzzo

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| VICKI E. ESRALEW ) | Case No. 04-B-24393 |
| ) | Chapter 7 |
| Debtor ) | |
| ROLLIN J. SOSKIN, EUGENE ) | |
| TERRY, NICOLE TERRY and ) | |
| TERRY'S COMPANY, INC. ) | |
| Plaintiffs; ) | |
| ) | |
| vs ) | Adversary Proceeding |
| ) | No. 04 A 3774 |
| VICKI E. ESRALEW ) | |
| Defendant, ) | Judge Goldgar |

Affidavit of Peter Abruzzo

Peter Abruzzo, after first being duly sworn on oath, deposes and states;

1. I have personal knowledge of the statements made in this affidavit and if called upon to testify could so testify in open court.

2. During and after October, 1998 I had personal conversations with Vicki Esralew and her husband Robert Aren, concerning the possible investment by me of both money and time in their company, Kids Count Entertainment, LLC.

3. During November, 1998 I became aware that they were also negotiating with Eugene Terry, Nicole Terry, and Rollin Soskin, but was asked by Vicki Esralew to keep our conversations confidential while she dealt with the Terrys, and Soskin. Our conversations continued through November and December, even though I have subsequently been made aware that Esralew and Aren signed an agreement with Soskin and the Terrys in November, 1998.

4. During all of my conversations with Esralew and Aren, they were asking that I use my personal management skills and experience to run the company, leaving Esralew free to create new products. I was not aware at that time that Esralew and Aren had agreed to equal management control with Soskin and the Terrys.

5. It was not until sometime in January, 1999 that I was introduced to Soskin and the Terrys for discussions concerning my possible involvement in the company.

6. Although negotiations between Esralew and myself did not result in an agreement with Soskin and the Terrys, Soskin and the Terrys continued to welcome my involvement at Esralew's request.

7. In addition to my negotiations with Soskin and the Terrys, Esralew continued to request that I introduce her to others who might be interested in investing in the company, including Jim Robinson of Morgan Creek Productions. Throughout the negotiations, Esralew promised that if I would introduce her to someone who would invest in the company, she would sell me part of her own shares in the company. To my knowledge, this was not prohibited by her agreement with Soskin and the Terrys.

8. In or about April, 1999 I did in fact arrange a meeting for Esralew with Mr. Robinson. Upon return from that meeting, Esralew advised that Robinson was very interested and prepared to invest in the company, but that he was only interested in her as the "talent" and Esralew then indicated that she would not honor her agreement to sell me part of her interest in the company, despite the apparent willingness of my referral to invest.

Further affiant sayth naught:

Executed this 19 of February, 2006

*[signature]*
Peter Abruzzo

Subscribed and Sworn to before me
this 9 day of February, 2006.

*[signature]*
Notary Public

*[Notary Seal:]* KIMBERLY L. AMBROSE
MY COMMISSION EXPIRES
SEPTEMBER 22, 2009