**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Chapter 7 |
| | ) | |
| **VICKI E. ESRALEW**, | ) | No. 04 B 24393 |
| | ) | |
| Debtor. | ) | Judge A. Benjamin Goldgar |
| | ) | |
| **ROLLIN J. SOSKIN, EUGENE TERRY, NICOLE TERRY AND TERRY'S COMPANY, INC.**, | ) ) ) ) | |
| | ) | Adversary No. 04 A 3774 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **VICKI E. ESRALEW**, | ) | |
| Defendant. | ) | |

## NOTICE OF FILING

TO:    SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on the 14th day of March 2006, Cohen & Krol filed Defendant Vicki E. Esralew's Reply In Support Of Defendant's Motion For Summary Judgment with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn, Chicago, Illinois, a copy of which is hereby served upon you.

/s/ Linda M. Kujaca
Cohen & Krol
105 W. Madison St., Ste 1100
Chicago, IL 60602
312/368-0300

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF COOK       )

Linda M. Kujaca, being first duly sworn on oath, deposes and states that she placed a copy of the foregoing Notice together with a copy of the Application attached thereto in a properly addressed, stamped and sealed envelope, directed to the persons shown on the attached Service List, and deposited same in the U. S. Mails at Chicago, Illinois, this 14th day of March 2006.

/s/ Linda M. Kujaca

## **SERVICE LIST**

Office of the U.S. Trustee
227 W. Monroe Street
Suite 3350
Chicago, IL 60606

Thomas Crooks
Three First National Plaza
Suite 1950
Chicago, IL 60602

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF: ) | Chapter 7 |
| ) | |
| **VICKI E. ESRALEW**, ) | No. 04 B 24393 |
| ) | |
| Debtor. ) | Judge A. Benjamin Goldgar |
| ) | |
| **ROLLIN J. SOSKIN, EUGENE TERRY,** ) | |
| **NICOLE TERRY AND TERRY'S COMPANY,** ) | |
| **INC.**, ) | |
| ) | Adversary No. 04 A 3774 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **VICKI E. ESRALEW**, ) | |
| Defendant. ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE A. BENJAMIN GOLDGAR,
   BANKRUPTCY JUDGE

Vicki E. Esralew, Defendant and Debtor herein, by and through her attorneys, Gina B. Krol and Cohen & Krol, for her Reply in support of her motion for summary judgment, states and represents as follows:

In their Response to the Debtor/Defendant's motion for summary judgment, the Plaintiffs understandably attempt to raise several factual issues to cloud Vicki Esralew's request for summary judgment. No material issues of fact are raised in the Plaintiffs' Response to obscure the issues set forth in Defendant's motion for summary judgment. Rollin Soskin operated under a conflict of interest in preparing, negotiating, executing and acting under the Memorandum of Agreement. The Defendant and her husband were never given a separate waiver of this conflict before they executed the Memorandum of Agreement. No documents have been produced by the Plaintiffs

refuting this basic fact.  While an issue was raised regarding whether Vicki Esralew retained separate counsel – she claims she did not, Rollin Soskin claims she did – this does not refute the basic, underlying fact: Rollin Soskin had a conflict of interest.  He cannot produce any document waiving this conflict other than the *very document* that Ms. Esralew signed under his counsel.  Mr. Soskin's failure to abide by the professional conduct rules should, in and of itself, make the Memorandum of Agreement void.

There is, however, an alternative and additional basis for rendering the Memorandum of Agreement void.  The restrictive covenant restraining Ms. Esralew's ability to earn a living is far too broad.  The restrictive covenant does not have sufficient limiting parameters placed upon the employment restrictions.  Plaintiffs are correct that none of the case law cited in Defendant's Memorandum is directly on point.  A restrictive covenant is, however, a restrictive covenant.  Defendant sought to relate her particular unique situation to standing Illinois case law regarding restrictive covenants.

Plaintiffs also argue that Ms. Esralew had and has a continuing obligation to her corporation and that the restrictive covenant simply stated the requirements of such a continuing obligation.  Nothing is cited by the Plaintiffs, however, for the proposition that Ms. Esralew must be inextricably entwined, without limit, to a defunct corporation.  Vicki Esralew knows of no case law requiring her to severely restrict her ability to earn a living and feed her family because of the dead weight of a corporate albatross.  A blanket restriction which effectively prohibits Ms. Esralew from engaging in her occupation is an unreasonable restraint on trade.  <u>Abbott-Interfast Corp. v. Harkabus</u>,

619 N.E.2d 1337, 1343 (Ill.1993). Ms. Esralew filed her bankruptcy to obtain a fresh start[1] and rid herself of the continuing debt related to her corporate failings.

As the restrictive covenant contained in the Memorandum of Agreement is far too broad to be considered and held valid or enforceable, and the Memorandum of Agreement contains no clause allowing the remainder of the document to be enforceable should any provision be held invalid, Ms. Esralew submits that the entire Memorandum of Agreement should be struck and rendered void. Id at 1343-1344 ("In certain circumstances, however, the unenforceability of one provision in a contract will render the entire contract void, even though the contract contains a severability clause"); see also Hay Group, Inc. v. Bassick, 2005 WL 2420415 (N.D.Ill.) *4 (citing cases where courts refused to modify covenants not to compete where the scope was overbroad).

As Plaintiffs have failed to raise any genuine issue of material fact, Vicki E. Esralew is entitled to judgment as a matter of law.

WHEREFORE, Vicki E. Esralew, Defendant and Debtor herein, by and through her attorneys, Gina B. Krol and Cohen & Krol, respectfully requests that this Court enter an order granting her Motion for Summary Judgment; and for such other and further relief as the Court shall deem proper.

| | |
|---|---|
| Gina B. Krol<br>Joseph E. Cohen<br>Linda M. Kujaca<br>Cohen & Krol<br>105 W. Madison St., Ste 1100<br>Chicago, IL 60602<br>312/368-0300 | Vicki E. Esralew,<br><br><br><br>BY:   /s/ Linda M. Kujaca<br>         One of her Attorneys |

---

[1] This being a pre-BAPCPA case.