**FILED**
APR 2 4 2006
Judge A. Benjamin Goldgar
United States Bankruptcy Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re: )
)
) Case No. 04-B-24393
VICKI E. ESRALEW ) Chapter 7
)
Debtor. )

ROLLIN J. SOSKIN, EUGENE )
TERRY, NICOLE TERRY and )
TERRY'S COMPANY, INC. )
Plaintiffs, )
)
vs. ) Adversary Proceeding
) No. 04 A 3774
)
) Judge Goldgar
VICKI E. ESRALEW, )
Defendant. )

## Affidavit of Robert Blagman

Robert Blagman, after first being duly sworn on oath, deposes and states:

1. I have personal knowledge of the statements made in this affidavit and if called upon to testify could so testify in open court.

2. I was hired in the fall of 1998 to produce a television commercial for Kids Count Entertainment, L.L.C. I dealt directly with Vicki Esralew and her husband, Robert Aren.

3. Based upon conversations I had with Vicki Esralew during October and November of 1998 she knew that if we started filming the television commercial at Thanksgiving it would not give us enough time to complete the post production work and have the commercial on the air in time for an effective Christmas sales campaign.

4. In the fall of 1998 there were outstanding invoices to Kids Count based on work my company had done. After November 22, 1998 I was directed by Esralew to resubmit the bills and

they were then paid.

5. In December of 1998 and early 1999 I traveled to Chicago three times in order to meet with potential investors in Kids Count that Esralew arranged for me to talk to. Esralew said that she was hoping to get financing from these people in order to buy out Soskin and the Terrys and move forward without them. Esralew told me she wanted to get financing through Peter Abruzzo or contacts made through a Dr. Leonard Makowka. Each time I traveled to Chicago to meet with the potential investors I was instructed by Esralew not to let Mr. Soskin or the Terrys know I was coming to town and not to tell them that I was working with Esralew and Aren to find other investors to replace them.

6. During December of 1998 and January of 1999 I was constantly given direction by Esralew that contradicted what I was being told by Mr. Soskin. Esralew directed me to hold back information from Mr. Soskin on many occasions. I was told by Esralew during this time period to withhold information about Peter Abruzzo from Soskin and the Terrys.

7. I met with Dr. Makowka at Esralew's home in January or February of 1999 to discuss a possible investment by people he knew. I was directed by Esralew to make up a story about what I was in town for and not to tell Soskin or the Terrys that I was meeting with Dr. Makowka about a possible investment.

8. Based upon the dealings I had with Esralew the second half of 1998 and first half of 1999 and having had an opportunity to observe her engage not only with Soskin and the Terrys, but also a number of potential investors, I came to the conclusion that she has a problem with proper business procedures and loyalty to investors. She seemed to consistently drop initial investors for newer possible investors using interests in her business as "bait" for lack of a better term.

9.    Attached to this affidavit is a true and correct copy of a letter dated May 23, 1999 which I sent to Mr. Soskin and the Terrys. On page 4 of that letter I fully explained to them for the first time the problems I was having months earlier when Esralew was directing me to withhold information from and even lie to Soskin and the Terrys.

Executed this 22nd day of February, 2006.

Robert Blagman

SUBSCRIBED AND SWORN
To before me this 22nd day of February, 2006

Notary Public

OGDEN C. PAGE
Commission # 1420208
Notary Public - California
Los Angeles County
My Comm. Expires Jun 12, 2007