**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | |
| VICKI ESRALEW ) | |
| ) | |
| Debtor, ) | |
| _____) | |
| ) | |
| ROLLIN SOSKIN, et. al. ) | |
| ) | |
| Plaintiffs ) | No. 04 A 3774 |
| ) | |
| v. ) | Judge Goldgar |
| ) | |
| VICKI ESRALEW ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Vicki Esralew, by and through her attorneys, ASHMAN & STEIN, respectfully moves this Honorable Court for the entry of an Order pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 7056, granting summary judgment in favor of Defendant and against Plaintiffs Rollln J. Soskin, Eugene Terry, Nicole Terry and Terry's Company Inc., and in support of said Motion, Defendant respectfully submits the attached Memorandum of Law and Local Rule 7056-1 Statement, and states as follows:

1. On June 29, 2004 Vicki E. Esralew ("Esralew") filed her voluntary Chapter bankruptcy petition. John Gierum is the duly appointed Chapter 7 Trustee for the Debtors case.

1

2. On or about October 12, 2004. Rollin J. Soskin, Eugene Terry, Nicole Terry and Terry's Company Inc. filed the instant adversary complaint against the Debtor, seeking judgment and a finding that such judgment be held nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A), (a114) and (a(6).

3. Esralew filed her Answer to the Complaint on February 10, 2005.

4. Counts I and II of Plaintiff's Complaint seeks an Order that, among other things, provides that any debts owed by Esralew to the Plaintiffs not be discharged pursuant to 11 U.S.C § 523(a)(2)(A); Count III of Plaintiff's Complaint seeks an Order that, among other things, provides that any debts owed by Esralew to two of the Plaintiffs not be discharged pursuant to 11 U.S.C § 523(a)(4); and Count IV of Plaintiff's Complaint seeks an Order that, among other things, provides that the debts owed by Esralew to the Plaintiffs not be discharged pursuant to 11 U.S.C § 523(a)(6).

5. On January 10, 2006, Esralew filed her first motion for summary judgment herein. Said motion was premised only upon her purported affirmative defenses that the Agreement was invalid due to a purported conflict of interest on the part of Plaintiff Soskin, and that the restrictive covenant contained in the Agreement was void as against public policy. As subsequently pointed out by this Court, Esralew's affirmative defenses were not affirmative defenses at all and, accordingly, this Court denied said motion in its entirety on August 23, 2006. [Order 8/23 /06].

6. Esralew's motion for summary judgment, as well as this Court's ruling thereon, make it abundantly clear that Esralew quite missed the point of every count of the Complaint - some of which could and should have been dismissed based upon the pleadings.

7.  Unlike her previous motion, Esralew's instant motion for summary judgment addresses the allegations and issues presented by Plaintiffs' Complaint. Those issues arise under 11 U.S.C §523, which makes debts non-dischargeable:

>   (2)  for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
>
>   >   (A)  false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition:...
>
>   (4)  for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;
>
>   (6)  for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6) (2001).

8.  Summary judgment is appropriate where the submissions of the parties indicate that no genuine issue of material fact stands in the way of the judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) As set forth in Defendant's attached Memorandum of Law and LR 7056-1 Statement, there are no genuine issues of material fact capable of supporting any of Plaintiffs' claims under any of the exceptions to discharge provided under the Bankruptcy Act.

9.  First, Plaintiffs are unable establish that Esralew made any representations that she knew to be false with the intention of deceiving the Plaintiffs or that the Plaintiffs relied on any of Esralew's representations resulting in damage. Accordingly, Esralew is entitled to judgment on Counts I and II of the Complaint. [11 U.S.C § 523(a)(2)(A)]

10. Second, Plaintiffs are unable to establish that Esralew is indebted to them in any way, or that any other indebtedness which they attribute to Esralew arose while Esralew acted

3

in a fiduciary capacity and from her fraud or defalcation. Accordingly, Esralew is entitled to judgment on Count III of the Complaint.[11 U.S.C § 523(a)(4)]

11. Finally, Plaintiffs are unable to establish that any act on the part of Esralew was done with the actual intent to cause injury, that Esralew had a subjective motive to inflict the injury, or that Esralew believed that injury was substantially certain to occur as a result of her conduct. Accordingly, Esralew is entitled to judgment on Count IV of the Complaint.[11 U.S.C § 523(a)(6)]

WHEREFORE, Defendant and Debtor, Vicki Esralew, respectfully prays this Honorable Court for the entry of an Order granting summary judgment in her favor and against Plaintiffs; that Plaintiffs be ordered to pay, and Defendant recover from Plaintiffs, all of Defendant's costs and reasonable attorneys fees incurred in the presentation and prosecution of this Motion; and that Defendant shall receive such other and further relief as this Honorable Court may deem appropriate under the circumstances.

    Respectfully submitted,
    Vicki Esralew

    BY: /s/ Carey M. Stein
    One of her attorneys

Carey M. Stein
ASHMAN & STEIN
Attorneys for Defendant
150 North Wacker Drive
Suite 3000
Chicago, Illinois 60606
(312) 782-3484

\\Workgroup\disk 1\carey\ACTIVE\esralew adv soskin\defendant motions\msj\msj2.wpd