# DISTRIBUTION AGREEMENT

THIS Agreement is made as of this 1st day of January, 2000, between KIDS COUNT ENTERTAINMENT, LLC, an Illinois Limited Liability Company, with offices located at 1735 RFD, Long Grove, Lake County, Illinois ("Kids Count"), and VICKILEW, LLC, a Delaware Limited Liability Company, with offices located at 1735 RFD, Long Grove, Lake County, Illinois ("Vickilew").

WHEREAS, Kids Count is the owner of the copyrights for the following products: Jack's House CD ROM, Jack's Attic CD ROM, Kids Count Workout! Video, Home Music CD/Cassette, and Spuzzled artwork computer files, (hereinafter collectively referred to as the "Products") which have been previously manufactured by Kids Count.

WHEREAS, Vickilew desires to obtain the rights to manufacture, produce, market, advertise, sell, distribute, provide technical support for, maintain and/or upgrade the Products within a defined exclusive territory, all under the terms and subject to the conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the mutual promises contained herein, and intending to be legally bound, the parties hereto agree as follows:

1. **Grant Of Distribution Rights.** Kids Count hereby grants an exclusive distribution rights to Vickilew to manufacture, produce, market, advertise, sell, distribute, provide technical support for, maintain and/or upgrade the Products.

2. **Manner of Manufacture.** All of the Products manufactured and offered for sale under and pursuant to this Agreement shall be manufactured in strict accordance with Kids Count's specifications as disclosed to Vickilew and as modified from time to time.

3. **Exclusive Territory.** The License granted in this Agreement includes the right to sell all such Products within the following territory (the "Territory"): North America, South America, Europe, Asia, Africa and Australia.

4. **Termination Of Distribution Rights.** Vickilew understands and agrees that the distribution rights granted herein are limited to the described Territory and will terminate upon termination of this Agreement.

5. **Best Efforts.** Vickilew shall devote its best efforts to promote the sales of the Products.

DISTRIBUTION AGREEMENT - PAGE 1

C:\My Documents\Vickilew\Office\Legal\Agreements\Topline Entertainment\Distribution Agreement Jan 2000.doc


EXHIBIT T

6. <u>Responsibility of Vickilew</u>. Vickilew shall have the following responsibilities:

   a. To manufacture the Products at its own cost and expense;

   b. To market, advertise and promote the sales of the Products;

   c. To furnish to Kids Count such reports, information and data as Kids Count may from time to time reasonably require;

   d. To pay Kids Count's expenses in connection with its obligations and activities under this Agreement;

   e. To conform to all merchandising policies of Kids Count as may be from time to time announced.

7. <u>Labeling</u>. Each of the Products shall indicate that Kids Count is the Manufacturer of the Product. Vickilew may also attach a sticker to the Products, provided, however, that the Kids Count trademark is not obscured or contradicted in any manner.

8. <u>Accounting</u>. Vickilew shall make written report to Kids Count on or before the thirtieth day following the end of the calendar year (i.e. January 30) showing the number of each Product sold by Vickilew and the total gross sales of all the Kids Count Products sold by Vickilew during the calendar year.

9. <u>Marketing Fee</u>. Vickilew shall pay to Kids Count a marketing fee, based on fifty percent (50%) of the net profits/revenues over all costs of manufacturing, distributing, marketing and administrative expenses incurred by Vickilew during the term of this Distribution Agreement.

The percentage fee portion of the Distribution Fee shall be payable on or before the thirtieth day following the end of the calendar year (i.e. January 30).

Additionally, the Distribution Fee due hereunder may be accrued and payable by Vickilew as its business cash flow reasonably permits.

10. <u>Term</u>. Unless otherwise terminated as herein provided, this Agreement shall commence on January 1, 2000 and shall continue from year to year, provided, however, that either party may at any time, terminate the License immediately upon giving written notice delivered personally or by certified mail, return receipt requested, addressed as either party may designate in writing from time to time.

DISTRIBUTION AGREEMENT - PAGE 2

C:\My Documents\Vickilew\Office\Legal\Agreements\Tony Nashan\DistributionAgreement\Distribution Agreement Jan 2000.doc

Upon notification of the termination of this Agreement by either party, Vickilew shall immediately surrender to Kids Count all of Kids Count's records and files in its possession, including but not limited to, the following:

    a. Product design and Specification Files;

    b. Customer Lists and Log Books;

    c. Mailing Lists

    c. Policies and Procedures Manuals;

    e. All other records and files created by Vickilew in manufacturing the Products.

11. **Relationship Of The Parties.** The relationship created by this Agreement shall be that of independent contractor and not that of principal and agent or of employer and employee, and under no circumstances is Vickilew to be considered an agent or employee of Kids Count. Vickilew will operate under this Agreement as an independent contractor for the purpose of soliciting orders for the sale of the Products. Vickilew shall have no right or authority to assume or undertake any obligations of any kind, express or implied, on behalf of Kids Count.

12. **Interpretations.** It is mutually understood and agreed that all provisions herein are severable and that, in the event any of them shall be held to be invalid, any competent court may modify or reform any such provisions to make it enforceable and that the remaining provisions hereof shall nevertheless be valid and binding.

13. **Binding Effect; Governing Law.** This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, administrators, successors and assigns and shall be governed by and construed in accordance with the laws of the State of Illinois.

14. **Attorney's Fees.** If any action is filed in relation to this Agreement, then the unsuccessful party in the action shall pay to the successful party, in addition to all sums that either party may be called on to pay, a reasonable sum for the successful party's attorney's fees.

15. **Consent to Jurisdiction.** The parties hereto consent to the jurisdiction and venue of any court of general jurisdiction of any state or federal court in the county in which Kids Count maintains its principal place of business with respect to any proceedings arising out of this Agreement and, further, agree that the mailing to the last known address by certified mail or registered mail of any process shall constitute lawful and valid process.

DISTRIBUTION AGREEMENT - PAGE 3

C:\My Documents\Vickilew\Office\Legal\Agreements\Tony Nasharr\DistributionAgreement\Distribution Agreement Jan 2000.doc

16. <u>Entire Agreement/Amendments</u>. This Agreement constitutes the entire understanding between the parties with respect to the subject matter contained herein and supersedes any prior understandings and agreements between them respecting such subject matter. This Agreement may be amended and supplemented only by a written instrument duly executed by both parties.

17. <u>Assignment</u>. This Agreement may not be assigned, transferred, exchanged, converted or encumbered without the prior written consent of both parties.

18. <u>Waiver</u>. The failure of either party to insist upon strict performance of any of the terms or conditions of this Agreement will not constitute a waiver of any of its rights hereunder.

19. <u>Notices</u>. All notices required to be given hereunder shall be deemed to be duly given by personally delivering such notice or by mailing it, via certified mail return receipt requested, to the parties at the following addresses:

Kids Count:

Vicki Esralew, Manager
Kids Count Entertainment, LLC
1735 RFD
Long Grove, Illinois 60047


Vickilew:

Vicki Esralew, Manager
Vickilew, LLC
1735 RFD
Long Grove, Illinois 60047

IN WITNESS WHEREOF, the parties hereto have exec_uted this Agreement effective the date and year first above written.

| | |
|---|---|
| **KIDS COUNT:** | **VICKILEW:** |
| Kids Count Entertainment, LLC<br>an Illinois Limited Liability Company | Vickilew, LLC<br>a Delaware Limited Liability Company |
| By: _/s/ Vicki Esralew_<br>Vicki Esralew, Its Manager | By: _/s/ Vicki Esralew_<br>Vicki Esralew, Its Manager |
| Date: January 5, 2000 | Date: January 5, 2000 |

DISTRIBUTION AGREEMENT – PAGE 5

# LICENSE AGREEMENT

THIS Agreement is made as of this 1st day of June 1, 2001, between KIDS COUNT ENTERTAINMENT, LLC, an Illinois Limited Liability Company, with offices located at 1735 RFD, Long Grove, Lake County, Illinois ("Kids Count"), and VICKILEW, LLC, a Delaware Limited Liability Company, with offices located at 1735 RFD, Long Grove, Lake County, Illinois ("Vickilew").

WHEREAS, Kids Count is the owner of the copyrights for the following products: Jack's House CD ROM, Jack's Attic CD ROM, Kids Count Workout! Video, Home Music CD/Cassette, and Spuzzled artwork computer files, (hereinafter collectively referred to as the "Products") which have been previously manufactured by Kids Count.

WHEREAS, Vickilew desires a license to manufacture, produce, market, advertise, sell, distribute, provide technical support for, maintain and/or upgrade the Products within a defined exclusive territory, all under the terms and subject to the conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the mutual promises contained herein, and intending to be legally bound, the parties hereto agree as follows:

1. <u>Grant Of License</u>. Kids Count hereby grants an exclusive license to Vickilew to manufacture, produce, market, advertise, sell, distribute, provide technical support for, maintain and/or upgrade the Products.

2. <u>Manner of Manufacture</u>. All of the Products manufactured and offered for sale under and pursuant to this Agreement shall be manufactured in strict accordance with Kids Count's specifications as disclosed to Vickilew and as modified from time to time.

3. <u>Exclusive Territory</u>. The License granted in this Agreement includes the right to sell all such Products within the following territory (the "Territory"): North America, South America, Europe, Asia, Africa and Australia

4. <u>Exclusive License</u>. The License granted herein shall be an exclusive License during the existence of this Agreement, and Kids Count warrants that no other person, firm, corporation, or other entity will be licensed to manufacture and sell the Products in the Territory.

5. <u>Termination Of License</u>. Vickilew understands and agrees that the License granted herein is limited to the described Territory and will terminate upon termination of this Agreement.

6. <u>Best Efforts Of Licensee</u>. Vickilew shall devote its best efforts to promote the sales of the Products.

LICENSE AGREEMENT - PAGE 1

7. <u>Responsibility of Vickilew</u>. Vickilew shall have the following responsibilities:

   a. To manufacture the Products at its own cost and expense;

   b. To market, advertise and promote the sales of the Products;

   c. To furnish to Kids Count such reports, information and data as Kids Count may from time to time reasonably require;

   d. To pay all of Vickilew's expenses in connection with its obligations and activities under this Agreement, without reimbursement from Kids Count; and

   e. To conform to all merchandising policies of Kids Count as may be from time to time announced.

8. <u>Labeling</u>. Each of the Products shall indicate that Kids Count is the Manufacturer of the Product. Vickilew may also attach a sticker to the Products, provided, however, that the Kids Count trademark is not obscured or contradicted in any manner.

9. <u>Accounting</u>. Vickilew shall make written report to Kids Count on or before the thirtieth day following the end of the calendar year (i.e. January 30) showing the number of each Product sold by Vickilew and the total gross sales of all the Products sold by Vickilew during the calendar year.

10. <u>Royalty Fee</u>. Vickilew shall pay to Kids Count a royalty fee, as follows:

    a. A fixed fee of $2,000.00 per month subject to credit in favor of Vickilew for any Kids Count business expenses directly paid by Vickilew for the benefit of Kids Count;

    b. Ten percent (10%) of all the gross receipts from the sale of Kids Count Products during the calendar year, commencing 6/1/01.

"Gross Sales" as used in this Agreement means the total amount of all sales for cash or on credit whether or not payment is received for such sales, less sales or similar taxes collected from customers and remitted to a governmental agency. All payments to Kids Count shall be made at the address designated in this Agreement or as otherwise specified. The royalty fee shall be payable on or before the thirtieth day following the end of the calendar year (i.e. January 30).

Additionally, royalties due hereunder may be accrued and payable by Vickilew as its business cash flow reasonably permits.

LICENSE AGREEMENT - PAGE 2

11. <u>Term</u>. Unless otherwise terminated as herein provided, the License granted under this Agreement shall commence on June 1, 2001 and shall continue from year to year, provided, however, that either party may at any time, terminate the License immediately upon giving written notice delivered personally or by certified mail, return receipt requested, addressed as either party may designate in writing from time to time.

Upon notification of the termination of the License by either party, Vickilew shall immediately surrender to Kids Count all of Kids Count's records and files in its possession, including but not limited to, the following:

 a. Product design and Specification Files;

 b. Customer Lists and Log Books;

 c. Mailing Lists

 c. Policies and Procedures Manuals;

 e. All other records and files created by Vickilew in manufacturing the Products.

12. <u>Relationship Of The Parties</u>. The relationship created by this Agreement shall be that of independent contractor and not that of principal and agent or of employer and employee, and under no circumstances is Vickilew to be considered an agent or employee of Kids Count. Vickilew will operate under this Agreement as an independent contractor for the purpose of soliciting orders for the sale of the Products. Vickilew shall have no right or authority to assume or undertake any obligations of any kind, express or implied, on behalf of Kids Count.

13. <u>Interpretations</u>. It is mutually understood and agreed that all provisions herein are severable and that, in the event any of them shall be held to be invalid, any competent court may modify or reform any such provisions to make it enforceable and that the remaining provisions hereof shall nevertheless be valid and binding.

14. <u>Binding Effect; Governing</u> Law. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, administrators, successors and assigns and shall be governed by and construed in accordance with the laws of the State of Illinois.

LICENSE AGREEMENT - PAGE 3

15. **Attorney's Fees.** If any action is filed in relation to this Agreement, then the unsuccessful party in the action shall pay to the successful party, in addition to all sums that either party may be called on to pay, a reasonable sum for the successful party's attorney's fees.

16. **Consent to Jurisdiction.** The parties hereto consent to the jurisdiction and venue of any court of general jurisdiction of any state or federal court in the county in which Kids Count maintains its principal place of business with respect to any proceedings arising out of this Agreement and, further, agree that the mailing to the last known address by certified mail or registered mail of any process shall constitute lawful and valid process.

17. **Entire Agreement/Amendments.** This Agreement constitutes the entire understanding between the parties with respect to the subject matter contained herein and supersedes any prior understandings and agreements between them respecting such subject matter. This Agreement may be amended and supplemented only by a written instrument duly executed by both parties.

18. **Agreement Survives Termination Of License.** All rights of the parties pursuant to this Agreement shall survive any termination of the License.

19. **Assignment.** This Agreement may not be assigned, transferred, exchanged, converted or encumbered without the prior written consent of both parties.

20. **Waiver.** The failure of either party to insist upon strict performance of any of the terms or conditions of this Agreement will not constitute a waiver of any of its rights hereunder.

21. **Notices.** All notices required to be given hereunder shall be deemed to be duly given by personally delivering such notice or by mailing it, via certified mail return receipt requested, to the parties at the following addresses:

Kids Count:

Vicki Esralew, Manager
Kids Count Enterprises, LLC
1735 RFD
Long Grove, Illinois 60047


Vickilew:

Vicki Esralew, Manager
Vickilew, LLC
1735 RFD
Long Grove, Illinois 60047


LICENSE AGREEMENT - PAGE 4

C:\My Documents\Vickilew\Office\Legal\Agreements\Tony Nashan\DistributionAgreement\License Agreement June 2001.doc

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective the date and year first above written.

KIDS COUNT:

Kids Count Enterprises, LLC
an Illinois Limited Liability Company

By: _____
Vicki Esralew, Its Manager
Date: 6/1/01

VICKILEW:

Vickilew, LLC
a Delaware Limited Liability Company

By: _____
Vicki Esralew, Its Manager
Date: 6/1/01

LICENSE AGREEMENT - PAGE 5

# LICENSE AGREEMENT

THIS Agreement is made as of this 1st day of January 2, 2002, between KIDS COUNT ENTERTAINMENT, LLC, an Illinois Limited Liability Company, with offices located at 1735 RFD, Long Grove, Lake County, Illinois ("Kids Count"), and VICKILEW, LLC, a Delaware Limited Liability Company, with offices located at 1735 RFD, Long Grove, Lake County, Illinois ("Vickilew").

WHEREAS, Kids Count is the owner of the copyrights for the following products: Jack's House CD ROM, Jack's Attic CD ROM, Kids Count Workout! Video, Home Music CD/Cassette, and Spuzzled artwork computer files, (hereinafter collectively referred to as the "Products") which have been previously manufactured by Kids Count.

WHEREAS, Vickilew desires a license to manufacture, produce, market, advertise, sell, distribute, provide technical support for, maintain and/or upgrade the Products within a defined exclusive territory, all under the terms and subject to the conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the mutual promises contained herein, and intending to be legally bound, the parties hereto agree as follows:

1. **Grant Of License.** Kids Count hereby grants an exclusive license to Vickilew to manufacture, produce, market, advertise, sell, distribute, provide technical support for, maintain and/or upgrade the Products.

2. **Manner of Manufacture.** All of the Products manufactured and offered for sale under and pursuant to this Agreement shall be manufactured in strict accordance with Kids Count's specifications as disclosed to Vickilew and as modified from time to time.

3. **Exclusive Territory.** The License granted in this Agreement includes the right to sell all such Products within the following territory (the "Territory"): North America, South America, Europe, Asia, Africa and Australia

4. **Exclusive License.** The License granted herein shall be an exclusive License during the existence of this Agreement, and Kids Count warrants that no other person, firm, corporation, or other entity will be licensed to manufacture and sell the Products in the Territory.

5. **Termination Of License.** Vickilew understands and agrees that the License granted herein is limited to the described Territory and will terminate upon termination of this Agreement.

6. **Best Efforts Of Licensee.** Vickilew shall devote its best efforts to promote the sales of the Products.


EXHIBIT 11
VEE 12-6-05

LICENSE AGREEMENT - PAGE 1

C:\Documents and Settings\Dad\My Documents\Vickilew\Office\Legal\Agreements\Tony Nashan\DistributionAgreement\License Agreement Jan 2002.doc

7. <u>Responsibility of Vickilew</u>. Vickilew shall have the following responsibilities:

    a. To manufacture the Products at its own cost and expense;

    b. To market, advertise and promote the sales of the Products;

    c. To furnish to Kids Count such reports, information and data as Kids Count may from time to time reasonably require;

    d. To pay all of Vickilew's expenses in connection with its obligations and activities under this Agreement, without reimbursement from Kids Count; and

    e. To conform to all merchandising policies of Kids Count as may be from time to time announced.

8. <u>Labeling</u>. Each of the Products shall indicate that Kids Count is the Manufacturer of the Product. Vickilew may also attach a sticker to the Products, provided, however, that the Kids Count trademark is not obscured or contradicted in any manner.

9. <u>Accounting</u>. Vickilew shall make written report to Kids Count on or before the thirtieth day following the end of the calendar year (i.e. January 30) showing the number of each Product sold by Vickilew and the total gross sales of all the Products sold by Vickilew during the calendar year.

10. <u>Royalty Fee</u>. Vickilew shall pay to Kids Count a royalty fee, as follows:

    a. A fixed fee of $2,000.00 per month subject to credit in favor of Vickilew for any Kids Count business expenses directly paid by Vickilew for the benefit of Kids Count;

    b. Twenty percent (20%) of all the gross receipts from the sale of Kids Count Products during the calendar year, commencing 1/2/02.

"Gross Sales" as used in this Agreement means the total amount of all sales for cash or on credit whether or not payment is received for such sales, less sales or similar taxes collected from customers and remitted to a governmental agency. All payments to Kids Count shall be made at the address designated in this Agreement or as otherwise specified. The royalty fee shall be payable on or before the thirtieth day following the end of the calendar year (i.e. January 30).

Additionally, royalties due hereunder may be accrued and payable by Vickilew as its business cash flow reasonably permits.

LICENSE AGREEMENT - PAGE 2

C:\Documents and Settings\Dad\My Documents\Vickilew\Office\Legal\Agreements\Tony Nasharr\DistributionAgreement\License Agreement Jan 2002.doc

11. <u>Term</u>. Unless otherwise terminated as herein provided, the License granted under this Agreement shall commence on June 1, 2001 and shall continue from year to year, provided, however, that either party may at any time, terminate the License immediately upon giving written notice delivered personally or by certified mail, return receipt requested, addressed as either party may designate in writing from time to time.

Upon notification of the termination of the License by either party, Vickilew shall immediately surrender to Kids Count all of Kids Count's records and files in its possession, including but not limited to, the following:

    a.    Product design and Specification Files;

    b.    Customer Lists and Log Books;

    c.    Mailing Lists

    c.    Policies and Procedures Manuals;

    e.    All other records and files created by Vickilew in manufacturing the Products.

12. <u>Relationship Of The Parties</u>. The relationship created by this Agreement shall be that of independent contractor and not that of principal and agent or of employer and employee, and under no circumstances is Vickilew to be considered an agent or employee of Kids Count. Vickilew will operate under this Agreement as an independent contractor for the purpose of soliciting orders for the sale of the Products. Vickilew shall have no right or authority to assume or undertake any obligations of any kind, express or implied, on behalf of Kids Count.

13. <u>Interpretations</u>. It is mutually understood and agreed that all provisions herein are severable and that, in the event any of them shall be held to be invalid, any competent court may modify or reform any such provisions to make it enforceable and that the remaining provisions hereof shall nevertheless be valid and binding.

14. <u>Binding Effect; Governing</u> Law. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, administrators, successors and assigns and shall be governed by and construed in accordance with the laws of the State of Illinois.

LICENSE AGREEMENT - PAGE 3

C:\Documents and Settings\Dad\My Documents\Vickilew\Office\Legal\Agreements\Tony Nasharr\DistributionAgreement\License Agreement Jan 2002.doc

15. <u>Attorney's Fees</u>. If any action is filed in relation to this Agreement, then the unsuccessful party in the action shall pay to the successful party, in addition to all sums that either party may be called on to pay, a reasonable sum for the successful party's attorney's fees.

16. <u>Consent to Jurisdiction</u>. The parties hereto consent to the jurisdiction and venue of any court of general jurisdiction of any state or federal court in the county in which Kids Count maintains its principal place of business with respect to any proceedings arising out of this Agreement and, further, agree that the mailing to the last known address by certified mail or registered mail of any process shall constitute lawful and valid process.

17. <u>Entire Agreement/Amendments</u>. This Agreement constitutes the entire understanding between the parties with respect to the subject matter contained herein and supersedes any prior understandings and agreements between them respecting such subject matter. This Agreement may be amended and supplemented only by a written instrument duly executed by both parties.

18. <u>Agreement Survives Termination Of License</u>. All rights of the parties pursuant to this Agreement shall survive any termination of the License.

19. <u>Assignment</u>. This Agreement may not be assigned, transferred, exchanged, converted or encumbered without the prior written consent of both parties.

20. <u>Waiver</u>. The failure of either party to insist upon strict performance of any of the terms or conditions of this Agreement will not constitute a waiver of any of its rights hereunder.

21. <u>Notices</u>. All notices required to be given hereunder shall be deemed to be duly given by personally delivering such notice or by mailing it, via certified mail return receipt requested, to the parties at the following addresses:

Kids Count:

Vicki Esralew, Manager
Kids Count Enterprises, LLC
1735 RFD
Long Grove, Illinois 60047


Vickilew:

Vicki Esralew, Manager
Vickilew, LLC
1735 RFD
Long Grove, Illinois 60047


LICENSE AGREEMENT - PAGE 4

C:\Documents and Settings\Dad\My Documents\Vickilew\Office\Legal\Agreements\Tony Nashan\DistributionAgreement\License Agreement Jan 2002.doc

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective the date and year first above written.

| KIDS COUNT: | VICKILEW: |
|---|---|
| Kids Count Enterprises, LLC<br>an Illinois Limited Liability Company | Vickilew, LLC<br>a Delaware Limited Liability Company |

By: _____  By: _____
Vicki Esralew, Its Manager          Vicki Esralew, Its Manager

Date: January 2, 2002   Date: January 2, 2002

LICENSE AGREEMENT - PAGE 5

C:\Documents and Settings\Dad\My Documents\Vickilew\Office\Legal\Agreements\Tony Nasharr\DistributionAgreement\License Agreement Jan 2002.doc

## LICENSE AGREEMENT

THIS LICENSE AGREEMENT is made and entered into as of this 14th day of April 2004, by and between Good Sector LLC, an Illinois limited liability company, ("GOOD SECTOR") and Kids Count Entertainment LLC, an Illinois limited liability company ("KIDS COUNT").

WHEREAS, GOOD SECTOR desires to license from KIDS COUNT and KIDS COUNT desires to license to GOOD SECTOR the PRODUCTS as herein defined.

NOW, THEREFORE, in consideration of the promises and mutual agreements herein, GOOD SECTOR and KIDS COUNT agree as follows:

1. **KIDS COUNT PRODUCTS.** The "PRODUCTS" shall mean the following products previously manufactured by KIDS COUNT and owned by KIDS COUNT: (i) Jack's Attic CD-ROM, (ii) Jack's House CD-ROM, (iii) Kids Count Workout! video, and (iv) Home audio products.

2. **GRANT OF LICENSE.** KIDS COUNT hereby grants a non-exclusive license to GOOD SECTOR to manufacture, produce, advertise, sell, distribute, provide technical support for, maintain and/or upgrade the PRODUCTS.

3. **TERM.** This grant of license shall be for a period of thirty (30) days and shall automatically renew for additional thirty (30) day periods. Either party may terminate this Agreement upon fourteen (14) days prior written notice.

4. **RESPONSIBILITIES OF GOOD SECTOR AND KIDS COUNT.**

    a) GOOD SECTOR shall have the following responsibilities:

    i) To manufacture additional inventory of PRODUCTS at its own cost and expenses (provide that any inventory manufactured by GOOD SECTOR shall be owned by GOOD SECTOR);

    ii) To pay for any marketing, advertising and promotion that GOOD SECTOR chooses to provide for the PRODUCTS at its own cost and expense;

    iii) To furnish KIDS COUNT with reports and information related to sales of PRODUCTS by GOOD SECTOR in a timely manner;

    b) KIDS COUNT shall have the following responsibility: to provide to GOOD SECTOR access to any and all inventory of the PRODUCTS owned by KIDS COUNT.

    Notwithstanding anything to the contrary, GOOD SECTOR may continue to sell any inventory of PRODUCT owned by GOOD SECTOR at the time of termination of this AGREEMENT subject to the terms of this AGREEMENT; provide, however, KIDS COUNT has the right to purchase such inventory from GOOD SECTOR at thirty-five percent (35%) of such PRODUCTS' SRP.

5. **LABELING.** Each of the PRODUCTS shall indicate that KIDS COUNT is the manufacturer of the PROUCTS.

6. **ROYALTY FEE.** GOOD SECTOR shall pay to KIDS COUNT a royalty fee as follows:

    a) Twenty-five percent (25%) of the gross receipts from the sale of PRODUCTS where KIDS COUNT owns the inventory of PRODUCTS sold.

    b) Twenty percent (20%) of the gross receipts from the sale of PRODUCTS where GOOD SECTOR owns the inventory of PRODUCTS sold.

"Gross receipts" as used herein shall mean the total amount of all sales for cash or on credit less sales or similar taxes and shipping and handling charges in each case collected from customers. The royalty fee shall be due and payable by the last day of the month following the calendar month in which the gross receipts are collected.

The obligation to pay the aforementioned royalty fee shall survive the termination of this AGREEMENT, subject to Section 7 below.

7. KIDS COUNT EXPENSES. If GOOD SECTOR pays any expense rightfully allocable to KIDS COUNT, such as the cost associated with storage of inventory of PRODUCTS owned by KIDS COUNT or costs associated with gaining access to any source code associated with the PRODUCTS, GOOD SECTOR may offset such expenses against any amounts owed to KIDS COUNT under this AGREEMENT. If such expenses exceed amounts due by GOOD SECTOR to KIDS COUNT under this AGREEMENT, then KIDS COUNT shall pay to GOOD SECTOR the excess. This obligation shall survive the termination of this AGREEMENT.

8. INDEPENDENT CONTRACTOR STATUS. KIDS COUNT shall be an independent contractor of GOOD SECTOR and KIDS COUNT acknowledges, and confirms to GOOD SECTOR, its status as that of an Independent contractor. Nothing herein shall be deemed or construed to create a joint venture, partnership, agency or employee/employer relationship between the parties for any purpose, including but not limited to taxes or employee benefits.

9. GOVERNING LAW. This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois.

10. ENTIRE AGREEMENT; WAIVER; MODIFICATIONS. This AGREEMENT constitutes the entire agreement between the parties with respect to the subject matter hereof. No waiver or modification of the terms of this Agreement will be binding upon either party unless made in writing and signed by a duly authorized representative of each party.

11. ASSIGNMENT. Neither party hereto may assign its rights or delegate its duties under this Agreement, and any such purported assignment or delegation shall be void.

IN WITNESS WHEREOF, the parties have duly executed this Agreement as of the day and year first above written.

GOOD SECTOR LLC
By: _____
Title: Manager
Date: 4-15-04

KIDS COUNT ENTERTAINMENT LLC
By: _____
Title: Manager
Date: 4-15-04

2