UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| VICKI E. ESRALEW, | ) | No. 04 B 24393 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ROLLIN SOSKIN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04 A 3774 |
| | ) | |
| VICKI E. ESRALEW, | ) | |
| | ) | |
| Defendant. | ) | Judge Goldgar |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Before the court is defendant Vicki Esralew's motion for summary judgment. The motion was filed on November 14, 2006.

This matter is currently set for trial on December 11, 2006. On August 23, 2006, almost three months ago, the court denied a previous motion by Esralew seeking summary judgment on certain affirmative defenses. That same day, the court set the December 11 trial date and entered a final pretrial order. The final pretrial order provided, among other things: "No party seeks to file any further pleadings or any further potentially dispositive motions." *See* Final Pretrial Order ¶ 3. No party objected to the entry of the final pretrial order, let alone objected to this provision of it. At no point did Esralew express any interest in filing an additional summary judgment motion.

When the trial date was set, the court also made clear that barring serious illness, death,

or some comparable catastrophe, the date would not be changed. Adhering to that commitment, on September 20, 2006, the court denied a motion from Esralew to continue the trial date. In denying the motion, the court reaffirmed that the trial would proceed on December 11 as scheduled.

Now, just three weeks before trial, Esralew has filed a new motion for summary judgment. The motion is conveniently scheduled to be presented to the court on November 20, 2006, the very day the parties are due under the final pretrial order to file and exchange their pretrial materials. *See* Final Pretrial Order ¶¶ 4-6.

This new motion violates the final pretrial order's clear statement that there will be no further "potentially dispositive motions." The motion raises no grounds that could not have been raised long ago. It is simply the latest tactic from Esralew to delay the trial. *See Fairley v. Andrews*, 423 F. Supp. 2d 800, 817 (N.D. Ill. 2006) (observing that "summary judgment motions filed on the eve of trial are often tenuous and aimed at causing delay"). This sort of tactic cannot – and will not – be tolerated. *See Koefoot v. Am. College of Surgeons*, No. 81 C 4333, 1987 WL 5233, at *4 (N.D. Ill. Jan. 2, 1987) (denying defendants' last-minute motion seeking summary judgment on grounds that could have been raised before, noting that "[i]t would be manifestly unfair to the plaintiffs to permit the defendants to have a second chance at summary judgment on the eve of trial").

Esralew's motion for summary judgment is DENIED. The trial date remains December 11, 2006. Copies of this order will be sent to counsel of record by fax.

Dated: November 15, 2006

_____
A. Benjamin Goldgar
United States Bankruptcy Judge

-2-