IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | |
| VICKI ESRALEW ) | |
| ) | |
| Debtor, ) | |
| _____ ) | |
| ) | No. 04 A 3774 |
| ROLLIN SOSKIN, et. al. ) | |
| ) | Judge Goldgar |
| Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| VICKI ESRALEW ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE RELATING TO
UNRELATED BUSINESS VENTURES**

Defendant, VICKI ESRALEW ("Esralew"), by and through her attorneys, ASHMAN & STEIN, respectfully moves this Honorable Court for the entry of an Order *in limine* excluding all evidence and testimony relating to Esralew's affiliation or participation in any business ventures which are unrelated to Kids Count Entertainment, L.L.C. ("Kids Count")

Plaintiffs allege in their adversary complaint that Esralew fraudulently induced Plaintiffs to invest in Kids Count Entertainment, L.L.C.; and committed fraud and breached her fiduciary duties with respect to the operation of Kids Count subsequent to Plaintiffs' investment. In particular, Plaintiffs allege that Esralew improperly transferred Kids Count's assets to other companies in which Esralew subsequently became affiliated, to wit: Vickilew, Inc. ("Vickilew") and Good Sector, L.L.C. ("Good Sector").

1

With the exception of Vickilew and Good Sector, evidence regarding other business ventures in which Esralew has been involved, if any, is completely irrelevant to this litigation and should be excluded pursuant to Fed.R.Evid. 403. "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice." *U.S. v. Brooke*, 4 F.3d 1480, 1486 (9th Cir. 1993); See also: *Shoppin' Bag of Pueblo, Inc. v. Dillon Co., Inc.,* 783 F. 2d 159 (10th Cir. 1986); *Escrow Disbursement Ins. Agency, Inc. v. American Title Ins. Co., Inc.*, 551 F.Supp. 302 (S.D. Fla. 1982).

Further, evidence concerning any other such business ventures would result in undue delay and a waste of time. If Plaintiffs are allowed to present such evidence, the result would be a mini-trial on an insignificant issue. Accordingly, in addition to the reasons stated above, this evidence should be excluded because it would waste time. *See Johnson v. Yellow Freight System, Inc.*, 734 F.2d 1304, 1309-10 (8th Cir. 1984), *cert. Denied*, 469 U.S. 1041 (1984) (where value of evidence is minimal, a court may weigh the value of that evidence against the fact that to admit it would prolong the trial).

For the reasons set forth above, Plaintiff respectfully requests an Order *in limine* precluding Plaintiffs and their counsel from referring to, questioning any witness about, commenting upon, or attempting to introduce into the record evidence of any business ventures, other than Vickilew and Good Sector, in which Esralew was or is affiliated,.

                Respectfully submitted,

        BY:   /s/ Carey M. Stein
                One of Plaintiff's attorneys

Carey M. Stein
ASHMAN & STEIN
Attorneys for Plaintiff
150 North Wacker Drive
Suite 3000
Chicago, Illinois 60606
(312) 782-3484
\\Workgroup\disk 1\carey\ACTIVE\esralew adv soskin\Trial\limine\business.wpd