IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | |
| VICKI ESRALEW ) | |
| ) | |
|    Debtor, ) | |
| _____ ) | |
| ) | No. 04 A 3774 |
| ROLLIN SOSKIN, et. al. ) | |
| ) | Judge Goldgar |
|    Plaintiffs ) | |
| ) | |
|    v. ) | |
| ) | |
| VICKI ESRALEW ) | |
| ) | |
|    Defendant ) | |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
TESTIMONY OF ROBERT BLAGMAN AND PETER ABRUZZO**

Defendant, VICKI ESRALEW ("Esralew"), by and through her attorneys, ASHMAN & STEIN, respectfully moves this Honorable Court for the entry of an Order *in limine* barring the testimony of Robert Blagman and Peter Abruzzo regarding (i) any specific event(s) that either of them has witnessed; and (ii) any specific information which either of them may possess regarding any issues in this case. In support thereof, Esralew states as follows:

On June 27, 2005, Esralew propounded the following interrogatory to Plaintiffs:

3. For each person identified in response to interrogatory no. 2, please state with specificity the event(s) they claim or are believed to have witnessed and state with specificity the information you believe they possess.[1]

---

[1] Messrs. Blagman and Abruzzo were identified in response to Esralew's interrogatory No. 2.

1

Plaintiffs' responses to said interrogatory, for both Robert Blagman and Peter Abruzzo, as well as for each of the Plaintiffs, were precisely the same, to wit:

> facts surrounding entry into agreement and advisors consulted; Defendant's sophistication, unclean hands, including but not limited to evidence that Defendants never intended to honor the agreement of the parties, Defendants' fraudulent inducement of Plaintiffs, Defendants' statements against interest, Defendants' fraud, breach of contract and breach of fiduciary duties.

[Exhibit A][2]

Plaintiffs' interrogatory responses fail to indicate a single event that either Blagman or Abruzzo witnessed or are believed to have witnessed. Nor do said responses identify any specific information that either of these persons is believed to possess. Simply, Plaintiffs' responses are so lacking as to constitute no response at all.[3]

Esralew did not take the depositions of Blagman or Abruzzo, but did take the depositions of Eugene Terry ("Terry") and Rollin Soskin ("Soskin") who, according to their responses to Esralew's interrogatories, witnessed the exact same events and possessed the exact same specific information as Messrs. Blagman and Abruzzo. Neither Terry nor Soskin gave any testimony during their depositions that would indicate that either Abruzzo or Blagman had witnessed any particular event or possessed any specific information that was particularly relevant to any

---

[2] Plaintiffs' responses were provided by Plaintiffs Eugene Terry and Rollin Soskin, each of whom is an attorney.

[3] Initially, the Complaint herein named three defendants. Plaintiffs have failed to supplement their interrogatory answers to indicate which of these three defendants Messrs. Blagman and/or Abruzzo were referring to.

contested issue in this case. [4]

In the case of a party's "failure...to serve answers or objections to interrogatories," FRCP Rule 37(d) authorizes the Court to "make such orders in regard to the failure as are just," including "prohibiting that party from introducing designated matters into evidence." The Rule also provides, in pertinent part, as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosure. *Nguyen v. IBP, Inc,* 162 F.R.D. 675, 680 (D. Kansas 1995)

When considering whether to exclude testimony, courts generally look to, among other things, the validity of the excuse offered by the offending party, the willfulness of the party's failure to comply with the Court's order, the party's intent to mislead or confuse his adversary, and the importance of the excluded testimony. *Stewart v. Walbridge Aldinger Co.,* 162 FRD 29, 31 (citing: *Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F2d 894, 904 (3rd Cir. 1977). Based on these considerations, the court must weigh (1) the prejudice or surprise to the party against whom the excluded witness would have testified; (2) the party's ability to cure the prejudice; (3) the extent to which calling undisclosed witnesses would disrupt the trial process; and (4) bad faith or willfulness in failing to comply with the Court's Orders, *Finch v. Hercules,*

---

[4] Because Plaintiffs' interrogatory responses admit that neither Blagman nor witnessed any events or possessed any specific information that Messrs. Terry and Soskin didn't also witness and possess, any remaining testimony Blagman or Abruzzo might have to offer would be nothing more than duplicative.

3

*Inc.*, 1995 U.S. Dist. LEXIS 19805.

In the instant case, Plaintiffs have shown no justification, let alone a "substantial justification", for their failure to disclose the events and/or specific information that either Blagman or Abruzzo ever witnessed or possessed, if any. Rather, if either of these individuals had, in fact, witnessed any events or possessed any specific information that was relevant to any contested issue in this case, the record shows that Plaintiffs intentionally failed to disclose same until well after the extended discovery closure date (October 14, 2005). Indeed, it wasn't until April 17, 2006, that Plaintiffs first proffered the affidavits of Blagman and Abruzzo (in support of Plaintiffs' opposition to Esralew's motion for summary judgment) which, if truthful, establish that Plaintiffs' responses to Esralew's interrogatory were substantially inaccurate or incomplete.[5]

Moreover, if Messrs. Blagman and/or Abruzzo witnessed any events or possessed any specific information relevant to Plaintiffs' claims, there is no excuse for Plaintiffs failure to disclose same in a timely manner. They chose to respond to the Esralew's interrogatories in the way they did; and they must now live with their decision. Plaintiffs shouldn't be allowed to profit from their failure to comply with their discovery obligations.

Nor was Plaintiffs' failure or refusal to disclose the events or specific information that Blagman and/or Abruzzo purportedly witnessed or possessed (if any) "harmless". Indeed, Plaintiffs obviously believed that Blagman and Abruzzo had something relevant enough to say that they belatedly sought to include their affidavits in their opposition to Esralew's motion for summary judgment; and have now included them in their witness list.

---

[5] The Pretrial Order, entered shortly after Esralew's said motion was denied and shortly before Esralew substituted counsel herein, also provides that discovery was closed.

Finally, there is no question but that Esralew would be prejudiced if Messrs. Blagman and Abruzzo are allowed to testify at trial with respect to events and/or specific information which Plaintiffs failed to disclose until more than six full months after the final discovery closure date herein. Because of Plaintiffs' failure to disclose, Esralew did not have the opportunity to adequately prepare for such testimony; and there is no reasonable way to cure that prejudice.

Because Plaintiffs failed to identify or disclose any specific event that either Mr. Blagman or Mr. Abruzzo witnessed, neither should be permitted to testify as to any such event. Likewise, because Plaintiffs failed to identify or disclose any specific information either of them possess, neither of them should be permitted to testify as to any such information.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests an Order *in limine* precluding Plaintiffs and their counsel from eliciting any testimony from either Robert Blagman or Peter Abruzzo regarding (i) any specific event(s) that either of them has witnessed; and (ii) any specific information which either of them possess regarding any issue in this case.

Respectfully submitted,

VICKI ESRALEW

BY:/s/ Carey M. Stein
One of Defendant's attorneys

Carey M. Stein
ASHMAN & STEIN
Attorneys for Defendant
150 North Wacker Drive
Suite 3000
Chicago, Illinois 60606
(312) 782-3484