**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| | ) | Case No. 04-B-24393 |
| VICKI E. ESRALEW | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| ROLLIN J. SOSKIN, EUGENE TERRY, NICOLE TERRY and TERRY'S COMPANY, INC. | ) ) ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) ) | Adversary Proceeding No. 04 A 3774 |
| | ) | |
| VICKI E. ESRALEW, | ) | Judge Goldgar |
| Defendant. | ) | |

PLAINTIFF'S MOTION IN LIMINE

Now come the plaintiffs, by and through their attorney, Thomas C. Crooks, and moves this court to exclude certain evidence from admission at trial. In support of this motion plaintiffs state as follows:

1. The defendant has offered certain exhibits and presumably will offer related testimony, which relates to discussions amongst the parties concerning settlement of plaintiffs' claims. Specifically, defendant's proposed exhibits 21 through 26 all relate to attempts to resolve the claims underlying this litigation.

2. Rule 408 of the Federal Rules of Evidence prohibits the admission of evidence of settlement discussions in order to prove "liability for or invalidity of the claim or its amount." *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1234-35 (7th Cir. 1983). Rule 408 reads as follows:

Rule 408. Compromise and Offers to Compromise

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

3. No valid alternative purpose exists for admitting documentation and testimony related to settlement discussions in this case.

Wherefore, plaintiffs pray for an order as follows:

(a) Barring any testimony or exhibits related to attempts to settle any claims which form the basis of this litigation;

(b) Specifically that defendant's proposed exhibits 21 through 26 be barred;

(c) For such further relief as this court deems just.

s/Thomas C. Crooks_____
Thomas C. Crooks
Attorney for Plaintiff

Thomas C. Crooks
Three First National Plaza, Suite 1950
Chicago, Illinois 60602
Telephone: (312) 641-2260
Facsimile: (312) 641-5220

Rollin J. Soskin
Rollin J. Soskin & Associates
9933 Lawler Avenue, Suite 312
Skokie, Illinois 60077
Telephone: (847) 329-9991

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on November 27, 2006, the foregoing was served electronically through the Court's ECF filing system on:

>Mr. Carey M. Stein
>Ashman & Stein
>150 N. Wacker Drive, Suite 3000
>Chicago, Illinois 60606

>s/Thomas C. Crooks
>Thomas C. Crooks
>Attorney for Plaintiff