TCC:jp 061201

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| | ) | Case No. 04-B-24393 |
| VICKI E. ESRALEW | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| ROLLIN J. SOSKIN, EUGENE TERRY, NICOLE TERRY and TERRY'S COMPANY, INC. | ) ) ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) ) | Adversary Proceeding No. 04 A 3774 |
| | ) | |
| VICKI E. ESRALEW, | ) | Judge Goldgar |
| Defendant. | ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION AND MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S EXHIBITS 20 AND 24

The plaintiffs, by and through their attorney, Thomas C. Crooks, hereby respond to the objection and motion in limine filed by Defendant Esralew seeking to exclude plaintiff's Exhibits 20 and 24. In opposition to this motion, the plaintiffs state as follows:

1. Esralew has sought to bar plaintiff's Exhibits 20 (a "Confidential Private Placement Memorandum" used to seek investors) claiming it to be irrelevant and Exhibit 24 (Esralew's tax returns), claiming Esralew is willing to stipulate to her income.

2. As to exhibit 24, plaintiffs have no need to admit the tax returns into evidence so long as Esralew admits at trial to the income she and her husband received. Honest answers to income questions will take no more trial time than the reading of a stipulation and if honest answers are given, Exhibit 24 will not be needed at trial.

      3.      Esralew argues that Exhibit 20 should be barred because "if plaintiffs are allowed to present such evidence, the result would be a mini-trial on insignificant issues." Plaintiffs only intend to use Exhibit 20 as additional evidence that Esralew's pattern of providing false information in order to induce investments into one of her entities continued into 2002. Such pattern evidence is admissible to show, among other things, intent. *Village of San Jose v. McWilliams,* 284 F.3d 785, 791 (7th Cir. 2002).

      4.      Plaintiffs anticipate spending no more than 10 minutes at trial questioning Esralew about Exhibit 20. No persuasive reason has been put forth by the Esralew to prohibit this.

      Wherefore, plaintiffs pray that Esralew's motion in limine to bar Exhibits 20 and 24 be denied.

      s/Thomas C. Crooks_____
      Thomas C. Crooks
      Attorney for Plaintiffs

Thomas C. Crooks
Three First National Plaza, Suite 1950
Chicago, Illinois 60602
Telephone: (312) 641-2260
Facsimile:   (312) 641-5220

Rollin J. Soskin
Rollin J. Soskin & Associates
9933 Lawler Avenue, Suite 312
Skokie, Illinois 60077
Telephone: (847) 329-9991

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on December 4, 2006, the foregoing was served electronically through the Court's ECF filing system on:

>Mr. Carey M. Stein
>Ashman & Stein
>150 N. Wacker Drive, Suite 3000
>Chicago, Illinois 60606

>s/Thomas C. Crooks_____
>Thomas C. Crooks
>Attorney for Plaintiffs

\\Ma01\data - client\Crooks, Thomas\Kid's count\Bankruptcy\Trial\Plaintiff's response to defendant's objection and motion in limine to exclude plaintiff's exhibits 20 and 24.doc