TCC:jp 061204

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| | ) | Case No. 04-B-24393 |
| VICKI E. ESRALEW | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| ROLLIN J. SOSKIN, EUGENE | ) | |
| TERRY, NICOLE TERRY and | ) | |
| TERRY'S COMPANY, INC. | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | Adversary Proceeding |
| | ) | No. 04 A 3774 |
| | ) | |
| VICKI E. ESRALEW, | ) | Judge Goldgar |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE
## TO EXCLUDE EVIDENCE RELATING TO OTHER BUSINESS VENTURES

The plaintiffs, by and through their attorney, Thomas C. Crooks, hereby respond to the

motion in limine filed by Defendant Esralew to exclude evidence relating to other business ventures.

In opposition to this motion, the plaintiffs state as follows:

1.      Defendant seeks to exclude evidence of what she terms "unrelated business ventures."

In fact, the evidence Esralew seeks to bar is  evidence of her breach of contract relative to the

plaintiffs.  As laid out in plaintiff's response to defendant's motion for summary judgment, Esralew

took the products owned by Kid's Count and, most importantly, her own creative talents, to other

business entities.  She did this despite the fact that under the parties' agreement she had to use her

creative talents for the benefit of Kid's Count, not other entities.

2.      The evidence shows that Esralew received substantial salaries from these other

entities, all of which she kept, rather than pay into Kid's Count.  Because Kid's Count owned her

creative talents, any money she received for her talents was the possession of Kid's Count.

3.      Additionally, Esralew's activities with other business ventures shows a pattern which

proves up the fraud in this case.  Beginning shortly after she entered into the agreement with the

plaintiffs, Esralew went forward with her business ventures through a variety of other entities.

During this time period she created virtually no new products but accepted substantial salaries for

herself and her husband, Robert Aren.

4.      Esralew's plan is simple and repetitive.  She goes from investor to investor

convincing people to invest in her products and creative talents.  Once she has received investors'

money she pays herself and her husband a substantial salary from that money while searching for

more investors to put more money into that or another venture so that her ability to receive a salary

continues.  The evidence shows that Esralew has essentially been operating a Ponzzi scheme over a

period of many years.  This pattern of fraud is admissible to show Esralew's fraudulent intent.

*Village of San Jose v. McWilliams,* 284 F.3d 785, 791 (7th Cir. 2002).

Wherefore, plaintiffs pray that Esralew's motion in limine to bar evidence related to other

business ventures be denied.

s/Thomas C. Crooks
Thomas C. Crooks
Attorney for Plaintiffs

Thomas C. Crooks
Three First National Plaza, Suite 1950
Chicago, Illinois 60602
Telephone: (312) 641-2260
Facsimile:  (312) 641-5220

Rollin J. Soskin
Rollin J. Soskin & Associates
9933 Lawler Avenue, Suite 312
Skokie, Illinois 60077
Telephone: (847) 329-9991

<u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on December 4, 2006, the foregoing was served

electronically through the Court's ECF filing system on:

> Mr. Carey M. Stein
> Ashman & Stein
> 150 N. Wacker Drive, Suite 3000
> Chicago, Illinois 60606

> s/Thomas C. Crooks_____
> Thomas C. Crooks
> Attorney for Plaintiffs

\\Ma01\data - client\Crooks, Thomas\Kid's count\Bankruptcy\Trial\Ptf's response to motion in limine to exclude evidence relating to other business ventures.doc