TCC:jp 06120

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| | ) | Case No. 04-B-24393 |
| VICKI E. ESRALEW | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| ROLLIN J. SOSKIN, EUGENE TERRY, NICOLE TERRY and TERRY'S COMPANY, INC. | ) ) ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) ) | Adversary Proceeding No. 04 A 3774 |
| | ) | |
| VICKI E. ESRALEW, | ) | Judge Goldgar |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE
## TO EXCLUDE TESTIMONY OF ROBERT BLAGMAN AND PETER ABRUZZO

The plaintiffs, by and through their attorney, Thomas C. Crooks, hereby responds to the motion in limine filed by Defendant Esralew seeking to bar the testimony of Robert Blagman and Peter Abruzzo. In opposition to this motion, the plaintiffs state as follows:

1.  Defendant seeks to bar the testimony of Robert Blagman and Peter Abruzzo on the grounds that insufficient information was provided in response to Esralew's interrogatories. Defendant's argument is without merit.

2.  The interrogatory response with respect to these two individuals identifies the topics of which they had knowledge and the areas in which they would provide testimony. The answers provided are consistent with the testimony they will give at trial and consistent with the affidavits they filed in response to defendant's motion for summary judgment. See attached Exhibits A and B.

3. As is evident by the attached affidavits, both Blagman and Abruzzo were well known to Defendant Esralew. Both of them were individuals Defendant Esralew engaged in business and it was only through Esralew that these individuals became known to the plaintiffs.

4. Because their testimony involves primarily their interaction with Esralew, she had full knowledge of what these people knew and what they were likely to testify to.

5. If Esralew believed that the answers to interrogatories were insufficient, she possessed a variety of remedies. First, she could have informally requested additional material concerning these witnesses. She never did so. Second, she could have filed a motion to compel in order to seek additional information concerning these witnesses. She never did so. Third, she could have simply inquired of the plaintiffs, Soskin and Terry, at their depositions. While defendant references the plaintiffs' depositions in the motion in limine, she provides no cites to those depositions. While complaining that "neither Terry nor Soskin gave any testimony during their depositions that would indicate that either Abruzzo or Blagman had witnessed any particular event or possessed any specific information that was particularly relevant to any contested issue in this case," she does not show us where in the deposition questions were asked about these individuals. The reason for this is simple. Esralew wishes to hide from the court the information provided about Abruzzo and Blagman at the parties' depositions.

6. Esralew took two depositions in this case, Soskin and Eugene Terry. In both depositions she inquired about Abruzzo and Blagman and her questions were answered. Gene Terry testified about both Blagman and Abruzzo (Terry dep.pp. 41, 57-65, attached as ex. C). Soskin also testified about both Abruzzo and Blagman at his deposition (Soskin dep. pp. 44, 70-79, 108-122, attached as Ex. D). Specifically, Soskin sets out the nature of Abruzzo's anticipated testimony at

pages 116-122 of his deposition. Soskin testifies at length about Blagman, twice referencing Blagman's letter (now Plaintiffs' Ex. 16, see attached) which contains the essential facts to which he will testify. (Soskin dep. pp. 116-117).

7. Esralew has no basis to claim surprise as to either of these witnesses.

Wherefore, plaintiffs pray that defendant's motion in limine to exclude the testimony of Blagman and Abruzzo be denied.

s/Thomas C. Crooks_____
Thomas C. Crooks
Attorney for Plaintiffs

Thomas C. Crooks
Three First National Plaza, Suite 1950
Chicago, Illinois 60602
Telephone: (312) 641-2260
Facsimile:   (312) 641-5220

Rollin J. Soskin
Rollin J. Soskin & Associates
9933 Lawler Avenue, Suite 312
Skokie, Illinois 60077
Telephone: (847) 329-9991

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on December 4, 2006, the foregoing was served electronically through the Court's ECF filing system on:

> Mr. Carey M. Stein
> Ashman & Stein
> 150 N. Wacker Drive, Suite 3000
> Chicago, Illinois 60606

s/Thomas C. Crooks_____
Thomas C. Crooks,
Attorney for Plaintiffs