IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| VICKI ESRALEW | ) ) ) ) |
| Debtor, | ) ) ) |
| ROLLIN SOSKIN, et. al. | ) ) ) |
| Plaintiffs | )   No. 04 A 3774 |
| v. | )   Judge Goldgar |
| VICKI ESRALEW | ) ) ) |
| Defendant | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE**

Now Comes the Defendant VICKI ESRALEW, by and through her attorneys, ASHMAN & STEIN, and in response to Plaintiffs' Motion in Limine to Bar Defendant's Exhibits 21 through 26, Defendant states as follows:

In what is, at best, a breach of contract action against an Illinois Limited Liability Company known as Kids Count Entertainment, L.L.C. ("Kids Count"), Plaintiffs have instead brought what is essentially a "strike suit" herein, seeking a judgment against Defendant in respect of amounts alleged to be owed to Plaintiffs by Kids Count, and a finding that such judgment be held non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A), (a)(4) and (a)(6). In connection therewith, Plaintiffs now contend that communications which "relate to discussions amongst the parties concerning settlement of (P)laintiffs' claims" should be barred pursuant to Fed. R. Evid.

1

408.

Specifically, Plaintiffs identify Defendant's Exhibits 21 through 26 as documents which purportedly evidence the aforesaid "discussions". However, while these documents certainly address the settlement of the Plaintiffs' claims against Kids Count, that is rather a far cry from suggesting that they also addressed a claim that wasn't raised against a different party (Defendant) until four years later! Indeed, the most glaring and obvious problem with Plaintiffs' motion is that the documents they are seeking to exclude relate only to the settlement of claims they may have against Kids Count. None of them have anything to do with the settlement of Plaintiffs' fraud claims against Defendant.  In fact, the very first sentence of Defendant's Exhibit 23 contains Soskin's affirmation and understanding that he is dealing with the representative of Kids Count, not the representative of Defendant; and although that same document asserts that Defendant breached her contract with the Plaintiffs, there is no mention of any settlement of any fraud claims against her.[1]

Fed. R. Evid. 408 only excludes evidence of settlement offers if such evidence is offered to prove liability for, or invalidity of, **the claim under negotiation**. *Towerridge, Inc. v. T.A.O., Inc.*, 111 F. 3d 758, 770 (10th Cir. 1997) ("Rule 408 does not require the exclusion of evidence regarding the settlement of a claim different from the one litigated, though admission of such evidence may nonetheless implicate the same concerns of prejudice and deterrence of settlement

---

[1]    Soskin also asserts that Defendant "**may** have made intentional misstatements in order to procure the investment of time and money called for in (the November 22, 1998 Memorandum of Agreement)", but he fails to articulate a single "misstatement" made by Defendant. Mr. Soskin didn't dream up his fraud claim until four years later. Moreover, although the ostensible purpose of Soskin's self-serving attack was to induce her to cause Kids Count to treat the Plaintiffs (mainly Soskin) more favorably than Kids Count's other creditors, Defendant refused to do so.

which underlie Rule 408"); *Vulcan Hart Corporation v National Labor Relations Board*, 718 F 2d 269, 277 (7th Cir. 1983) ( "To the extent that the evidence is offered for another purpose, and to the extent that either party makes an independent admission of fact, the evidence is admissible"). The claim to which the settlement evidence purportedly relates must be the same claim that is being litigated. *Broadcort Capital Corp. v. Summa Medical Corporation*, 972 F. 2d 1183, 1194 (10th Cir. 1992) ("Rule 408 does not bar evidence related to settlement discussions that involved a different claim than the one at issue in the current trial");

Breach of contract claims and fraud claims are not the same. Although the Plaintiffs really have nothing more than a breach of contract claim - if they have that - the only claim being litigated in the instant case is fraud. There were no fraud claims against Defendant when the exhibits that Plaintiffs are seeking to bar were prepared, and none of these exhibits even remotely pertain to anyone's efforts to bring or settle their present fraud claims against Defendant.

Finally, even if the exhibits that Plaintiffs are seeking to exclude had anything to do with efforts to settle any of the claims made against the Defendant in this lawsuit, they would still be admissible to show bias or prejudice of a witness, for purposes of rebuttal, for purposes of impeachment, to show knowledge and/or to prove estoppel. *Bankcard Am., Inc. v. Universal Bancard Sys., Inc.,* 203 F. 3d 477, 484 (7th Cir. 2000), citing: *Freidus v. First Nat'l Bank*, 928 F.2d 793 (8th Cir.1991); *County of Hennepin v. AFG Indus., Inc.*, 726 F.2d 149, 153 (8th Cir.1984); *United States v. Hauert*, 40 F.3d 197, 199-200 (7th Cir.1994); *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1362-66 (10th Cir.1987); and *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 294 (2d Cir.1999).

Among other things, the documents Plaintiffs are seeking to exclude rebut their

3

contentions that the Defendant (i) refused to communicate or provide them with any information about Kids Count after May of 1999 [Compl. ¶ 15]; (ii) engaged in some "secret" effort to transfer assets out of Kids Count and/or made a "private offering" based upon said purported transfer [Compl. ¶ 21, 22, 34,38]; (iii) breached her fiduciary duties, if any, to the Plaintiffs [Compl. ¶ 46]; and (iv) acted willfully or maliciously with the intent of avoiding the payment of any valid debts owed to the Plaintiffs [Compl. ¶ 50].

For all of the foregoing reasons, and in the clear and unequivocal absence of any evidence whatsoever that any of Defendant's proposed exhibits relate to attempts to settle any claims at issue in the instant lawsuit, Plaintiffs' motion in limine must be denied in its entirety.

    Respectfully submitted,

    BY: /s/Carey M. Stein
        One of Defendant's attorneys

Carey M. Stein
ASHMAN & STEIN
Attorneys for Defendant
150 North Wacker Drive
Suite 3000
Chicago, Illinois 60606
(312) 782-3484
\\Workgroup\disk 1\carey\ACTIVE\esralew adv soskin\Trial\plaintiffs' limine\defendant's response.wpd