# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | |
| VICKI ESRALEW ) | |
| ) | |
|     Debtor, ) | |
| _____ ) | |
| ) | No. 04 A 3774 |
| ROLLIN SOSKIN, et. al. ) | |
| ) | Judge Goldgar |
|     Plaintiffs ) | |
| ) | |
|     v. ) | |
| ) | |
| VICKI ESRALEW ) | |
| ) | |
|     Defendant ) | |

## DEFENDANT'S MOTION FOR LEAVE TO AMEND HER ANSWER AND AFFIRMATIVE DEFENSES

Defendant, VICKI ESRALEW ("Esralew"), by and through her attorneys, ASHMAN & STEIN, respectfully moves this Honorable Court for leave to amend her Answer and Affirmative Defenses.  In support of her Motion, Esralew states as follows:

1.     Esralew filed her voluntary Chapter 7 bankruptcy petition on June 29, 2004.

2.     Plaintiffs Rollin J. Soskin ("Soskin"), Eugene Terry, Nicole Terry and Terry's Company Inc. filed the instant Adversary Complaint on October 12, 2004; and their First Amended Adversary Complaint on November 16, 2004.

3.     Esralew filed her Answer on February 10, 2005, asserting two (2) Affirmative Defenses, both  based upon alleged defects in a Memorandum Agreement dated November 22, 1998 among the parties, pursuant to which Plaintiffs alleged  that they contributed and/or invested money

and services to an Illinois limited liability company known as Kids Count Entertainment LLC ("Agreement").

4.      Esralew retained new counsel; after this matter was set for trial on December 11, 2006.

5.      On September 6, 2001, Plaintiff Soskin filed a complaint against Esralew and others in Lake County, Illinois (01 CH 1269), seeking an accounting based upon Soskin's allegations that Esralew had refused to communicate with him after May of 1999. Soskin later amended this complaint to add, *inter alia*, breach of contract and breach of fiduciary duty claims, however, all of the relief sought by Soskin continued to be attributable to events alleged to have occurred after May 1999. A copy of the Soskin's original complaint and the amendment thereto (the "Soskin Complaint") is attached as Exhibit A.

6.      In 2003, Plaintiffs Eugene Terry, Nicole Terry and Terry's Company, Inc. then filed a complaint against Esralew and others in Lake County, Illinois (03 CH 1769), alleging breach of contract and seeking an accounting and injunctive relief (the "Terry Complaint"). Like the Soskin Complaint, all of the relief sought in the Terry Complaint is attributable to events alleged to have occurred after May 1999. A copy of the Terry Complaint is attached as Exhibit B.

7.      There are no allegations of fraud in either the Soskin Complaint or the Terry Complaint (both of which are currently stayed pending the outcome of the instant matter). Nor does either the Soskin Complaint or the Terry Complaint contain any allegations that any of the Plaintiffs were fraudulently induced by Esralew to enter into the Agreement, or that Esralew misrepresented any material fact to the Plaintiffs with respect to their entering into the Agreement, or that Esralew had engaged in any improper actions whatsoever prior to May of 1999.

2

8.    However,  Paragraph 31 of the Plaintiffs' Adversary Complaint  herein alleges that prior to November 22, 1998,  Esralew engaged in various "fraudulent, deceitful and bad faith acts" relative to inducing the Plaintiffs to enter into the  Agreement. Said allegations are the sole basis for Plaintiffs' fraud claims in Count I, and portions of Count IV, of their Adversary Complaint.

9.    Although there may be no requirement that  the allegations of a complaint filed in state court prior to a debtor filing a petition in bankruptcy correspond to the elements of the grounds contained in § 523(a) of the Bankruptcy Code, *Banks  v Gill Distribution Centers, Inc.*, 263 F. 3d 862, 868 (9th Cir. 2001*)* (citing *Spinnenweber v. Moran (In re Moran)*, 152 B.R. 493, 496 (Nakr. S.D. Ohio 1993)), in addition to the fact that neither the Soskin Complaint nor the Terry Complaint contain any fraud claims, none of the claims set forth in either the Soskin Complaint or the Terry Complaint are for the  recovery of, or even relate to, the same "debt" at issue in Count I of the Plaintiffs' instant Adversary Complaint.

10.    Moreover,  there was no evidence adduced during the course of discovery herein that any of the Plaintiffs took any affirmative actions or sought  to enforce any "debt" arising out of any of the allegations set forth in Paragraph 31 of their Adversary Complaint herein prior to October 12, 2004.

11    The statute of limitations on claims of common law fraud in the State of Illinois is five (5) years.  Accordingly,  in  the absence of any evidence adduced at trial that Plaintiffs did not learn until after October 14, 1999, that Esralew had engaged in the allegedly fraudulent, deceitful and/or bad faith acts resulting in the Plaintiffs entering into the Agreement on November 22, 1998, Plaintiffs' claims  set forth in Count I of the Adversary Complaint (as well as their related claims set forth in Count IV thereof) are barred by the statute of limitations  See: *McKendry v. McKendry*, 40

3

F.3d 331, 336, 337 (10th Cir. 1994).

12.     Fed. R. Civ. Pro. 15(a) provides that "(a) party may amend the party's pleading only with leave of court or by written consent of the adverse party; as leave shall be freely given when justice so requires.[1]

13.     Because amendments to pleadings are allowed even after a trial, this Court should allow Esralew to amend her Affirmative Defenses to include a statute of limitations defense respecting Counts I and IV of the Adversary Complaint. Fed. R.Civ.Pro.15(b) and *In re Bullock Garages, Inc., v. Terry L. Bullock, et al.,* 338 B.R. 784, 790 (C.D. 1ll. 2006).

14.     Further, Plaintiffs would not be prejudiced by the addition of this Affirmative Defense because Plaintiffs know when they first obtained knowledge regarding the allegations contained in Paragraph 31 of the Adversary Complaint and will not be barred from testifying with regard thereto; and this matter will proceed  to trial on the remaining counts of same regardless of the amendment.

15.     Finally, Esralew has raised the statute of limitations issue, as it relates to Counts I and IV of the Adversary Complaint, in her Trial Brief previously filed herein.

16.     Accordingly, Esralew requests that this Honorable Court grant her leave to amend her Answer and Affirmative Defenses to include her affirmative defense that the claims set forth in Counts I and IV of the Adversary Complaint are barred by the statute of limitations.

WHEREFORE, Defendant, VICKI ESRALEW, by and through her attorneys, ASHMAN & STEIN, respectfully moves this Honorable Court for leave to amend her Answer and Affirmative Defenses herein, as aforesaid.

---

[1]  Rule 15(a) is fully supported by Rule 7015(b) of the Federal Rules of Bankruptcy Procedure.

4

Respectfully submitted,

BY:    /s/ Carey M. Stein
One of Defendant's attorneys

Carey M. Stein
ASHMAN & STEIN
Attorneys for Plaintiff
150 North Wacker Drive
Suite 3000
Chicago, Illinois 60606
(312) 782-3484

\\Workgroup\disk 1\carey\ACTIVE\esralew adv soskin\defendant motions\statute of limitations\Amend Affirmative Defenses.wpd