FILED

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT 16 2001
LAKE COUNTY, ILLINOIS

*Bailey, at Griffith*
CIRCUIT CLERK

| | | |
|---|---|---|
| ROLLIN J. SOSKIN, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | No.  01 CH 1269 |
| KIDS COUNT ENTERTAINMENT, L.L.C., an Illinois Limited Liability Company; KIDS COUNT ENTERTAINMENT, INC., an Illinois Corporation, ROBERT AREN, and VICKI ESRALEW, a/k/a VICKI AREN | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## VERIFIED COMPLAINT FOR ACCOUNTING AND OTHER RELIEF

### COUNT I

NOW COMES the Plaintiff, ROLLIN J. SOSKIN ("Soskin"), by his attorney

Thomas C. Crooks, and complains of Defendants KIDS COUNT ENTERTAINMENT,

L.L.C ("Defendant L.L.C."), KIDS COUNT ENTERTAINMENT, INC. ("Defendant

Corporation"), ROBERT AREN ("Aren") and VICKI ESRALEW a/k/a VICKI AREN

("Esralew"), jointly and severally as follows:

1.  Pursuant to an agreement dated November 22, 1998 ("Agreement"),

Plaintiff is a member of Defendant L.L.C.. The Agreement was modified in part by a

letter agreement dated February 24, 1999. A copy of such Agreement along with a

copy of the modification letter of February 24, 1999, are attached hereto as Group

Exhibit A.

-1-


EXHIBIT
A

2.      All Defendants are parties to the Agreement. According to the records filed with the Illinois Secretary of State, the registered office address of the Defendant entities and of Esralew is 1735 Country Club Drive, Long Grove, Illinois 60047. Aren is Esralew's husband and resides with her at the same address.

3.      According to its Articles of Organization and subsequent documents filed with the Secretary of State, Defendant Corporation and Esralew are the managers of Defendant L.L.C., and Aren is an officer of Defendant L.L.C.. Such Articles and documents are attached hereto as Exhibit B.

4.      Pursuant to Section 9.4 of the Operating Agreement of the Defendant L.L.C. ("Operating Agreement"), the secretary of the L.L.C. is required to send to each member, monthly financial reports prepared by the L.L.C. and an annual compilation report prepared by independent accountants. To date, no such reports have been received by Plaintiff.

5.      Pursuant to Section 9.2 of the Operating Agreement, Plaintiff, as a member, is entitled to examine the financial and business records of Defendant L.L.C..

6.      A written request for such examination has been submitted to Esralew as Defendant L.L.C.'s registered agent. A copy of such request is attached hereto as Exhibit C.

-2-

7.   To date such request has not been honored, nor has a reply been received.

8.   Pursuant to Paragraph 12 of the Agreement, the parties to the Agreement were to meet not less often than every fourteen days to review various financial data.

9. From and after May of 1999, Defendants refused to communicate directly with Plaintiff or with the other parties to the Agreement, or to provide any information whatsoever about the activities of the Company or of Esralew.

10.   Plaintiff is informed and believes that Esralew and Aren have converted assets and opportunities of the Defendant L.L.C. to their personal use and benefit, to the detriment of Plaintiff.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Defendants jointly and severally, directing Defendants to provide to all members of Defendant L.L.C., an accounting from November 22, 1998 to the present, including income and expense statements, beginning and ending balance sheets, and a detailed schedule of current assets and liabilities, and for such other or further relief as the Court deems equitable and appropriate in the circumstances.

## COUNT II

1. - 10.  Plaintiff realleges Paragraphs 1 through 10 of Count I as Paragraphs 1 through 10 of Count II.

11.     Pursuant to Paragraph 18 of the Agreement, and for substantial consideration, Defendant Esralew agreed that all of her personal services, appearances, creative efforts, activities and products shall be performed and/or created for the exclusive benefit of Defendant L.L.C.

12.     Upon information and belief, Esralew has not devoted all of her personal services, appearances, creative efforts, activities and products for the exclusive benefit of Defendant L.L.C. and Defendant Corporation, and has devoted significant effort to the benefit of herself and others, to the detriment of Plaintiff.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Defendants jointly and severally, and direct that Defendant Esralew account for all of her personal services, appearances, creative efforts, activities and products from November 22, 1998 to the present, and for such other or further relief as the Court deems equitable and appropriate in the circumstances.

Respectfully submitted,

Rollin J. Soskin

-4-

ROLLIN J. SOSKIN, upon his oath states that he has read the foregoing

Complaint by him subscribed, and that the same is true in substance and in fact.

_____
Rollin J. Soskin

Thomas C. Crooks
Attorney for Plaintiff
Three First National Plaza
Suite 535
Chicago, Illinois 60602
(312) 641-2260

Rollin J. Soskin
Pro Se
9933 Lawler Ave.
Suite 312
Skokie, IL 60077
(847) 329-9991

-5-

TCC:jr 020525

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

ROLLIN J. SOSKIN,

      Plaintiff,

   v.

                No. 01 CH 1269

KIDS COUNT ENTERTAINMENT, L.L.C., an
Illinois Limited Liability Company; KIDS COUNT
ENTERTAINMENT, INC., an Illinois Corporation;
ROBERT AREN; and VICKI ESRALEW,
a/k/a VICKI AREN, individaully and d/b/a
VICKILEW LLC and/or VICKILEW.COM;
VICKILEW LLC a/k/a VICKILEW.COM;
         Defendants.

### AMENDED VERIFIED COMPLAINT
### FOR ACCOUNTING AND OTHER RELIEF

    Now comes the Plaintiff, Rollin J. Soskin ("Soskin"), by and through his Attorney, Thomas

C. Crooks, and complains of Defendants Kids Count Entertainment, L.L.C. ("Defendant L.L.C."),

Kids Count Entertainment, Inc. ("Defendant Corporation"), Robert Aren ("Aren"), and Vicki Esralew

a/k/a Vicki Aren ("Esralew"), individually and d/b/a Vickilew.com a/k/a Vickilew.LLC, ("Vickilew");

Vickilew.com and Vickilew, LLC, jointly and severally as follows:

### COUNT I—ACCOUNTING

    1.  Pursuant to an agreement dated November 22, 1998 ("Agreement"), Plaintiff is a

member of Defendant L.L.C.  The Agreement was modified in part by a letter agreement dated

February 24, 1999.  A copy of such Agreement along with a copy of the modification letter of

February 24, 1999 are attached hereto as Group Exhibit A.

    2.  All Defendants, except Vickilew, are parties to the Agreement.  According to the records

filed with the Illinois Secretary of State, the registered office address of the Defendant entities and of Esralew is 1735 Country Club Drive, Long Grove, Illinois 60047. Aren is Esralew's husband and resides with her at the same address.

3.      According to its Articles of Organization and subsequent documents filed with the Secretary of State, Defendant Corporation and Esralew are the managers of Defendant L.L.C. and Aren is an officer of Defendant L.L.C. Such Articles and documents are attached hereto as Exhibit B.

4.  Pursuant to Section 9.4 of the Operating Agreement of the Defendant L.L.C. ("Operating Agreement"), the secretary of the L.L.C. is required to send to each member monthly financial reports prepared by the L.L.C. and an annual compilation report prepared by independent accountants. To date, no such reports have been received by Plaintiff.

5.  Pursuant to Section 9.2 of the Operating Agreement, Plaintiff as a member, is entitled to examine the financial and business records of Defendant L.L.C.

6.      A written request for such examination has been submitted to Esralew as Defendant L.L.C.'s registered agent. A copy of such request is attached hereto as Exhibit C.

7.   To date such request has not been honored, nor has a reply been received.

8.      Pursuant to Paragraph 12 of the Agreement, the parties to the Agreement were to meet not less often than every fourteen days to review various financial data.

9.   From and after May of 1999, Defendants refused to communicate directly with Plaintiff or with the other parties of the Agreement, or to provide any information whatsoever about the activities of the Company or of Esralew.

10.     Plaintiff is informed and believes that Esralew and Aren have converted assets and

opportunities of the Defendant L.L.C. to their personal use and benefit, to the detriment of Plaintiff.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Defendants jointly and severally, directing Defendants to provide all members of Defendant L.L.C. an accounting from November 22, 1998 to the present, including income and expense statements, beginning and ending balance sheets, and a detailed schedule of current assets and liabilities, and for such other or further relief as the Court deems equitable and appropriate in the circumstances.

## COUNT II–BREACH OF CONTRACT

1.–10. Plaintiff realleges Paragraphs 1 through 10 of Count I as Paragraphs 1 through 10 of Count II.

11.    Some time after May of 1999 defendant Esralew and, upon information and belief, defendants Aren and Kids Count Entertainment, Inc., created or participated in the creation of an internet web site through which products owned, created and/or developed by Kids Count Entertainment, L.L.C. or are based on ideas and concepts owned by Kids Count Entertainment, L.L.C. and/or the creative efforts of Esralew, which were exclusively promised to Kids Count Entertainment, L.L.C. are offered for sale to the public.

12.    Upon information and belief defendants Esralew, Aren and Kids Count Entertainment, Inc., are engaging in other marketing strategies in order to sell products which were owned, created and/or developed by Kids Count Entertainment, L.L.C. or are based on ideas and concepts owned by Kids Count Entertainment, L.L.C. and/or the creative efforts of Esralew, which were exclusively promised to Kids Count Entertainment, L.L.C. Upon information and belief defendants Esralew, Aren and Kids Count Entertainment, Inc., have created one or more new business entities in order to sell said products through the web site and through other means.

13.    Defendant Esralew and, upon information and belief, defendant Kids Count Entertainment, Inc., have developed products using concepts which are the property of Kids Count Entertainment, L.L.C. and are selling said products through the web site and through other means.

14.    The products being sold, as alleged in paragraphs 11, 12 and 13, are the property of Kids Count Entertainment, L.L.C. and, pursuant to the parties' agreement, Soskin has a right to share in the income derived from the sale of products and concepts owned Kids Count Entertainment, L.L.C.

15.    Soskin has fulfilled all of his promises and obligations under the parties' written Agreement. Defendant Esralew and, upon information and belief, defendants Aren and Kids Count Entertainment, Inc., however, have breached the parties agreement as specified in paragraphs 6, 7, 8, 9, 10, 11, 12 and 13 as well as in the following ways:

(a)    By providing Esralew's creative efforts and activities to business entities other than Kids Count Entertainment, L.L.C. in violation of paragraph 18;

(b)    By making disbursements in excess of $2,000.00 from Kids Count Entertainment, L.L.C.'s bank account without the requisite signatures in violation of paragraph 3;

(c)    By failing to deposit all receipts of Kids Count Entertainment, L.L.C. into its bank account at the LaSalle Bank in violation of paragraph 3;

(d)    By refusing to permit Soskin to participate in the management of Kids Count Entertainment, L.L.C. in violation of paragraphs 9 and 12;

(e)    Upon information and belief, in other ways as yet unknown to the plaintiff;

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Defendants Kids

847-550-0810        p.6

Count Entertainment, Inc., Bran and Esralew, and grant the following relief:

(1)    Order that the aforesaid defendants account for all funds received from the sale of the property of Kids Count Entertainment, L.L.C. and/or which have resulted from Esralew's creative efforts and activities; and deposit into Kids Count Entertainment, L.L.C.'s LaSalle Bank account, any and all such funds

(2)    Order that Esralew account for all of her creative efforts and activities and all funds resulting therefrom;

(3)    Order that the aforesaid defendants specifically perform as required under the parties agreement;

(4)    Order such other relief as the Court deems appropriate under the circumstances.

## COUNT III–BREACH OF FIDUCIARY DUTY

1.–15.   Plaintiff realleges Paragraphs 1 through 15 of Count II as Paragraphs 1 through 15 of Count III.

16.    At all relevant times hereto defendants Esralew, Kids Count Entertainment, Inc. and Aren, by law and pursuant to the parties' Agreement, owed fiduciary duties to the plaintiff as to the manner in which Esralew, Kids Count Entertainment, Inc. and Aren, operated the business entity Kids Count Entertainment, L.L.C.

17.    Defendants breached their fiduciary duties to the plaintiff as described in paragraphs 6, 7, 8, 9, 10, 11, 12, 13 and 15.

18.    As a result of the breach of the fiduciary duties described above, plaintiff has been damaged through the loss of income and the devaluation of the entity Kids Count Entertainment, L.L.C.

5

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Defendants Kids Count Entertainment, Inc., Eran and Esralew, and grant the following relief:

(1)    Order that the aforesaid defendants account for all funds received from the sale of the property of Kids Count Entertainment, L.L.C. and/or which have resulted from Esralew's creative efforts and activities; and deposit into Kids Count Entertainment, L.L.C.'s LaSalle Bank account, any and all such funds

(2)    Order that Esralew account for all of her creative efforts and activities and all funds resulting therefrom;

(3)    Order that the aforesaid defendants specifically perform as required under the parties agreement;

(4)    Order such other relief as the Court deems appropriate under the circumstances.

## COUNT IV–USURPATION OF BUSINESS OPPORTUNITY

1.–18.   Plaintiff realleges Paragraphs 1 through 18 of Count III as Paragraphs 1 through 18 of Count IV.

19.    At all relevant times hereto, defendants Esralew, Kids Count Entertainment, Inc. and Aren, by law and pursuant to the parties' Agreement, owed a fiduciary duty to Kids Count Entertainment, L.L.C. Pursuant to this duty defendants Esralew, Kids Count Entertainment, Inc. and Aren had the obligation to pursue business opportunities available to Kids Count Entertainment, L.L.C. for the benefit of Kids Count Entertainment, L.L.C. and its owners.

20.    In violation of their fiduciary duty defendants took business opportunities which defendants Esralew, Kids Count Entertainment, Inc. and Aren knew were available to Kids Count Entertainment, L.L.C. and diverted them to another business entity all to the damage of Kids Count

6

Entertainment, L.L.C. and the plaintiff.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Defendants Kids

Count Entertainment, Inc., Aren and Esralew, and grant the following relief:

(1)    Order that the aforesaid defendants account for all funds received from the sale of the

property of Kids Count Entertainment, L.L.C. and/or which have resulted from Esralew's creative

efforts and activities; and deposit into Kids Count Entertainment, L.L.C.'s LaSalle Bank account, any

and all such funds

(2)    Order that Esralew account for all of her creative efforts and activities and all funds

resulting therefrom;

(3)    Order that the aforesaid defendants specifically perform as required under the parties

agreement;

(4)    Order such other relief as the Court deems appropriate under the circumstances.

## COUNT V--ACCOUNTING OF VICKILEW

1.–20.  Plaintiff realleges Paragraphs 1 through 20 of Count IV as Paragraphs 1 through 20

of Count V.

21.    Defendant Esralew and, upon information and belief, defendants Aren and Kids Count

Entertainment, Inc., sometime in or after 1999,  created or participated in the creation of a website,

namely Vickilew.com, in order to market and sell products which were owned, created and/or

developed by Kids Count Entertainment, L.L.C. or are based on ideas and concepts owned by Kids

Count Entertainment, L.L.C. and the creative efforts of Esralew, which were exclusively promised

to Kids Count Entertainment, L.L.C.

22.    Although the name Vickilew L.L.C. appears on the website, plaintiff is informed by

7

the Secretary of State and believes that no such entity has been formed within or is registered to do business within the State of Illinois. Defendant Esralew, upon information and belief, controls and directs the activities of Vickilew.com and, accordingly, Esralew, at all relevant times hereto, is an agent or owner of Vickilew.com. If, in fact, the entity Vickilew L.L.C. does exist, upon information and belief, Esralew, at all relevant times hereto, is an agent or owner of Vickilew L.L.C.

23.     Vickilew has sold and continues to sell products through a website (Vickilew.com), as alleged in paragraph 11. Said products are owned, created and/or were developed by Kids Count Entertainment, L.L.C. or are based on ideas and concepts owned by Kids Count Entertainment, L.L.C. and the creative efforts of Esralew, which were exclusively promised to Kids Count Entertainment, L.L.C.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against defendants Esralew, individually, and d/b/a Vickilew L.L.C. and/or Vickilew.com, Vickilew L.L.C. and/or Vickilew.com ordering said defendants to account for the creative efforts, personal services and activities of Esralew and provide an accounting, from the inception of Vickilew.com, and/or Vickilew L.L.C. to the present, including income and expense statements, beginning and ending balance sheets, and a detailed schedule of current assets and liabilities, and for such other or further relief as the Court deems equitable and appropriate in the circumstances.

Respectfully submitted,

Rollin J. Soskin

8