STATE OF ILLINOIS )
) SS:
COUNTY OF L A K E )

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

EUGENE TERRY, NICOLE TERRY, )
And TERRY'S COMPANY, INC. )
)
Plaintiffs. )
)
vs. ) No.: 03 CH 1769
)
KIDS COUNT ENTERTAINMENT, INC. )
An Illinois corporation, KIDS COUNT )
ENTERTAINMENT, LLC, an Illinois )
Limited Liability Company, VICKI )
ESRALEW, and ROBERT AREN, )
)
Defendants. )

FILED
NOV 12 2003
CLERK

## COMPLAINT AT LAW

Now comes the Plaintiffs, EUGENE TERRY, NICOLE TERRY, and TERRY'S COMPANY, INC. by and through their attorneys, TROBE, BABOWICE & ASSOCIATES LLC, and complaining of Defendants, KIDS COUNT ENTERTAINMENT, INC., an Illinois corporation, KIDS COUNT ENTERTAINMENT LLC., an Illinois Limited Liability Company, VICKI ESRALEW, and ROBERT AREN, as follows:

### FACTS COMMON TO ALL COUNTS

1. Plaintiffs, Eugene and Nicole Terry are husband and wife and reside in Highland Park, Lake County, Illinois.

2. Plaintiff, Terry's Company, Inc., is an Illinois corporation, licensed to do business in the State of Illinois.



3. Defendant, Kids Count Entertainment, Inc., is an Illinois corporation, licensed to do business in the State of Illinois whose president is Vicki Esralew.

4. Defendants, Kids Count Entertainment, LLC, is an Illinois Limited Liability Company, managed by Defendant, Vicki Esralew.

5. Defendant, Robert Aren, is the husband of Defendant, Vicki Esralew.

6. On or about November 22, 1998, Plaintiffs and Defendants entered into a Memorandum of Agreement which was dated November 22, 1998. (Exhibit "A" – Memorandum of Agreement).

7. Paragraph 1 of the Memorandum of Agreement recites that Plaintiffs will invest between $200,000 to $250,000 in Defendant companies. The investment would be treated as a loan to Kids Count at the rate of 10% interest per annum. (Memorandum of Agreement, Par. 1)

8. Paragraph 2 of the Memorandum of Agreement provides for an additional investment by Plaintiffs in the amount of $27,000 to Kids Count. (Memorandum of Agreement, par. 2).

9. Pursuant to the Memorandum of Agreement, plaintiffs advanced certain sums of money to Defendants.

10. Pursuant to Paragraph 12 of the Memorandum of Agreement, the parties to the Agreement were to meet not less often than every 14 days to review various financial data.

11. Since May 1999, Defendants have refused to communicate directly with the Plaintiffs or provide any information concerning the activities of the Company. On September 17, 2003, Plaintiffs made demand on Defendants for immediate repayment of all loans due under the Memorandum of Agreement. At the time of the demand, the amount owing was $258,686.87. (Exhibit "B" – Demand Letter, September 17, 2003).

12. Plaintiffs have not received a response to the demand.

## COUNT I

### (Breach of Contract)

1-12. Plaintiffs reallege and restate Paragraphs 1 through 12 as and for Paragraphs 1 through 12 of this Count I as though fully set forth herein.

13. The Memorandum of Agreement is a valid and enforceable contract between Plaintiffs and Defendants.

14. Defendants have breached the contract in that:

(a) they have failed to meet every 14 days to review sales, inventory levels, cash dispositions, and other data relevant to Kids Count as required by the agreement;

(b) they failed to provide financial information to Plaintiffs;

(c) they failed to pay monies due under the contract.

WHEREFORE, Plaintiffs, EUGENE TERRY, NICOLE TERRY and TERRY'S COMPANY, INC., requests that this Court enter judgment in favor of Plaintiffs and against Defendants in the amount of Two Hundred Fifty Eight Thousand Six Hundred Eighty Six and 87/100 ($258,686.87) and for such other relief as the Court deems appropriate.

## COUNT II

### (Accounting)

1 – 14. Plaintiffs reallege and restate Paragraphs 1 through 14 of Count I as and for Paragraphs 1 through 14 of this Count II as though fully set forth herein.

15. Paragraph 6 of the Memorandum of Agreement states in part:

> 6. As part of the consideration for Terry's loan, Terry shall have a five (5) year option to purchase ten (10%) percent of Kids Count Entertainment, LLC for a price of $250,000. The sum may be paid by cash and/or cancellation of the

3

>Terry's loans to the company. For this purpose, the unpaid portion of Terry's investment in the inventory may be treated as part of Terry's loan upon transfer of any unpurchased inventory to Kids Count ... (Exhibit "A" – Par. 6)

16. This provision gives Plaintiffs the right to convert all of their loan into an equity percentage in Kids Count Entertainment LLC.

17. This option to convert part or all of Plaintiffs' loan into an equity percentage will expire November 22, 2003.

18. In order to analyze whether or not to exercise this option, Plaintiffs require certain financial information about the company.

19. On September 17, 2003, Plaintiffs sent a letter to Defendants requesting financial information in order to make their analysis. (Exhibit "C" – Letter requesting financial information). Plaintiffs have not received a response to their request.

20. Plaintiffs' status as a creditor with an option to purchase an equity position in Defendants' company gives them standing to request an accounting from the Defendants.

WHEREFORE, Plaintiffs, EUGENE TERRY, NICOLE TERRY and TERRY'S COMPANY, INC., respectfully requests that this Court enter judgment against Defendants, KIDS COUNT ENTERTAINMENT, INC., an Illinois corporation, KIDS COUNT ENTERTAINMENT LLC., an Illinois Limited Liability Company, VICKI ESRALEW, and ROBERT AREN, directing Defendants to provide Plaintiffs an accounting from November 22, 1998 to the present.

## COUNT III

### (Injunctive Relief)

1-20. Plaintiffs reallege and restate Paragraphs 1 – 20 of Count II as and for Paragraphs 1 through 20 of Count III as though fully set forth herein.

4

21. Plaintiffs' option to convert in part or all of their loans to Defendants to an equity position in Defendant, Kids Count Entertainment LLC, will expire on November 22, 2003.

22. In order to have sufficient information upon which to base a decision concerning the exercise of this option, Plaintiffs need financial data from Defendants.

23. Plaintiffs have requested this financial data but it has not been received.

24. Plaintiffs do an adequate remedy at law. The equity position in Defendants' company is unique, and Plaintiffs cannot be compensated by a monetary judgment.

25. Plaintiffs will be irreparably harmed if the option expires without Plaintiffs being able to adequately evaluate the value of the option.

WHEREFORE, Plaintiffs, EUGENE TERRY, NICOLE TERRY and TERRY'S COMPANY, INC., respectfully request that this Court enter an injunction in favor of Plaintiffs and against Defendants, requiring the Defendants to extend the date upon which Plaintiffs can exercise their option.

Respectfully submitted,

EUGENE TERRY, NICOLE TERRY and
TERRY'S COMPANY, INC., Plaintiffs,

By: _____
Peter M. Trobe

Peter M. Trobe #02857863
Trobe, Babowice & Associates LLC
32 N. West Street, Suite 102
Waukegan, IL 60085
(847) 625-8700

5

## MEMORANDUM OF AGREEMENT

Vicki Esralew, Robert Aren (hereinafter collectively referred to as "Esralew), Eugene Terry, Nicole Terry and Terry's Company, Inc. (hereinafter collectively referred to as "Terry"), Rollin J. Soskin (hereinafter referred to as "Soskin"), and Kids Count Entertainment, Inc. and Kids Count Entertainment, L.L.C. (hereinafter collectively referred to as "Kids Count") have agreed as follows:

1. Terry will invest $200,000 to $250,000 as December, 1998 through February, 1999 cash flow shall require. Terry's Company, Inc. may purchase the new inventory and sell it to Kids Count as ordered, at a price that provides a 10% per annum return on the funds invested in inventory. The balance of the investment by Terry will be a loan to Kids Count at the rate of 10% interest. A financing statement will be filed with the Secretary of State in order to provide protection under the Uniform Commercial Code with respect to Terry's investment, secured by the assets of Kids Count. The primary purpose of Terry's investment is to fund creation of commercials, purchase of air time and manufacture of required inventory.

2. In addition to the investment described in paragraph 1, Terry will deposit the sum of $27,000 into a bank account in the name of Kids Count. This portion of Terry's investment (the "receivable loan") is in the form of a purchase from Kids Count of certain receivables due from Discovery Toys - $12,855 scheduled to be received in December, and $14,145 of the $18,000 scheduled to be received in February. Immediately upon receipt, the instruments of payment of such amounts, or any portion thereof, shall be immediately endorsed over to Terry without deposit by Kids Count. The original invoices for the aforementioned Discovery Toy invoices shall be marked "ASSIGNED TO EUGENE TERRY" and delivered to Soskin to hold.

3. A new bank account at LaSalle Bank shall be created in the name of Kids Count Entertainment, L.L.C. into which Terry shall deposit the receivable loan and that portion of his investment which will be treated as a loan to the Kids Count. Disbursements in excess of $2,000 from such account shall be made only upon two signatures as follows: one signature to be either Eugene Terry, Nicole Terry, or Rollin J. Soskin; and one signature to be either Vicki Esralew or Robert Aren. All receipts of Kids Count, regardless of source, shall be deposited into such bank account.

4. It is anticipated that the receivable loan from Terry and collections from December sales will be sufficient to cover overhead. From such amounts, Esralew shall be entitled to withdraw from Kids Count a sum not to exceed $12,000 per month, which may be taken, in Esralew's sole discretion, as salary or repayment of the loans to Kids Count previously made by Esralew or Aren, or in any combination thereof, provided that the total of gross compensation and loan repayment shall not exceed $12,000 per month.

EXHIBIT "A"

MEMORANDUM OF AGREEMENT - page 2

5. From the receivable loan and subsequent sales, Kids Count shall pay to Soskin a sum not to exceed $4,000 per month which Soskin may have paid as salary or as legal fees to his law firm, in his sole discretion. To the extent not taken in a particular month, the sums payable to Esralew and Soskin shall accrue and be payable, if and when cash flow allows.

6. As part of the consideration for Terry's loan, Terry shall have a five (5) year option to purchase ten (10%) percent of Kids Count Entertainment, L.L.C. for a price of $250,000. This sum may be paid by cash and/or cancellation of the Terry's loans to the company. For this purpose, the unpaid portion of Terry's investment in inventory may be treated as part of Terry's loan upon transfer of any unpurchased inventory to the Kids Count. In the event of a refinancing in excess of two million dollars or recapitalization of Kids Count with new value in excess of two million dollars Kids Count may demand that Terry exercise or waive his option within ninety (90) days of notice.

7. As part of the consideration to Terry and to Soskin, Soskin shall immediately receive a one (1%) percent interest in Kids Count Entertainment, L.L.C. and shall have a five (5) year option to purchase eight (8%) percent of Kids Count Entertainment, L.L.C. for the sum of $200,000. In the event of a refinancing in excess of two million dollars or recapitalization of Kids Count with new value in excess of two million dollars Kids Count may demand that Soskin exercise or waive his option within ninety (90) days of notice.

8. In addition to the interest and the option granted to Soskin above, Soskin shall immediately receive a one (1%) percent interest as incentive and in lieu of fees for services to Kids Count, whether as attorney, employee, or otherwise, in excess of the agreed upon $4,000 per month set forth in paragraph 5 above, for the period from December 1, 1998 through such time as the salaries and compensation of Esralew and Soskin are reviewed, based upon company performance, but in no event shall such period of "free excess" services by Soskin extend beyond May 31, 1999. It is understood and agreed that Soskin will not work exclusively for Kids Count and has other business interests, including a law practice. Soskin shall not be required to spend in excess of sixty (60) hours per month during such period without additional compensation.

9. It is agreed that any of the following actions shall require the unanimous consent of Esralew, Terry and Soskin:

    (a) incurring of any new debt beyond normal trade payables;
    (b) issuance of any new stock or security or other interest convertible in to an ownership interest in Kids Count;

MEMORANDUM OF AGREEMENT - page 3

    (c)    sale or transfer of any interest in Kids Count owned by Esralew or Aren to anyone other than Esralew, Aren, Soskin or Terry or to Kids Count, without first offering such interest to Terry and Soskin upon the same terms and conditions as are offerred by any proposed transferee.

10.    In the event of any sale or transfer by Kids Count or Esralew of any shares in Kids Count Entertainment, Inc. or Kids Count Entertainment, L.L.C., which results in Esralew owning less than 51% of Kids Count, Terry and Soskin shall have the right to "tag along" on a pro-rata basis at a price equal to the price at which Esralew's shares or interest are sold, and Esralew shall have the right to "bring-along" Terry and Soskin on a pro-rata basis at a price equal to the price at which Esralew's shares or interest are sold.

11.    Each party hereto has made such investigation of the facts and circumstances and the condition of Kids Count and of the other parties, and has engaged such attorneys, accountants, or other professionals as they have determined in their own discretion to be necessary or prudent in the circumstances. Esralew, Terry, and Kids Count all hereby waive any actual or apparent conflict of interest resulting from the participation of Soskin in bringing Esralew, Aren and Kids Count together with the Terrys, or from the services of Soskin to, by or in regard to Kids Count, Terry and Esralew, or any of them, and from the representations made by any of the partiews hereto to the others in order to induce them to enter into this agreement, and after due consideration, the parties agree to hold Soskin harmless and idemnified against any and all loss, cost and damages, including reasonable attorney's fees, resulting from any claims that Soskin represented one party or the other or was subject to a conflict of interest as between any of the parties to this agreement, or that any party made any material misrepresentation with respect to the transactions herein contemplated.

12.    The parties agree to meet not less often than every fourteen (14) days to review sales, inventory levels, cash position and other data relevant to Kids Count.

13.    The parties agree that because time is short and the investment of Terry is essential to Kids Count's chances of success, in large part as a result of the desire to have commercials on the air in time to take advantage of the Christmas gift season, this transaction is being documented by this simple memorandum rather than by all of the legal documents which this agreement contemplates. The parties agree to enter into shareholder's agreements, option agreements, and other contracts and legal documents as may be necessary or customary, containing the provisions which are set forth herein (in addition to any other items as to which the parties may agree). The parties agree to attempt to complete all such documentation by February 28, 1999.

MEMORANDUM OF AGREEMENT - page 4

14. The parties agree that the operating agreement of the limited liability company shall also be amended to reflect the provisions hereof, and it is agreed that Soskin, Esralew, Aren, and either of the Terrys shall be directors of Kids Count. In the event that Robert Leeper should be made a director, both of the Terrys shall be directors.

15. Esralew and Kids Count represent that the ownership of Kids Count Entertainment, L.L.C. is as follows: Robert Leeper - five (5%) percent; Harris Associates - one (1%) percent; Kids Count Entertainment, Inc. - ninety-four (94%) (Kids Count Entertainment, Inc. is owned 100% by Esralew and/or trusts for their children). Esralew and Kids Count represent that after this Memorandum of Agreement is signed, the ownership of Kids Count Entertainment, L.L.C. will be as follows: Harris Associates - one (1%) percent; Robert Leeper - five (5%) percent; Rollin J. Soskin - two (2%) percent; and Kids Count Entertainment, Inc. - ninety-two (92%), subject to the rights of Terry and Soskin to acquire the additional percentages set forth herein from Kids Count Entertainment, Inc., from Esralew, or from Kids Count Entertainment, L.L.C.

16. Esralew and Kids Count represent that the total debt (principal) of Kids Count Entertainment consists of the following: Jim Terra - $75,000; Harris Bank - $150,000; First National Bank - $73,933.34; Hudsucker Partners (Irving Harris) - $325,000; Vicki Esralew - $196,445; Feels Good Partners - $50,000; Steve Santowski - $75,000; Foley & Lardner - $18,000; Citibank Visa - $9,600 (credit card used exclusively for Kids Count expenses; Miscellaneous trade payables - $33,000 (includes $15,000 to Aultschuler, Melvoin & Glasser).

17. Esralew and Kids Count represent and warrant that the financial statements prepared as of October 20, 1998 are substantially true and correct except as to the status of Santowski as a shareholder.

18. Absent subsequent agreement to the contrary, Vicki Esralew agrees that all of her personal services, appearances, creative efforts, activities and products shall be performed and or created for the exclusive benefit of Kids Count.

19. It is understood and agreed that neither Soskin nor Terry shall be personally liable for any debts of Kids Count or any personal debts of Esralew.

MEMORANDUM OF AGREEMENT - page 5

20. Acceptance by Esralew, Aren and Kids Count of the benefit of the services of Soskin and/or of the deposit of funds and/or the receipt of other benefits from Terry shall constitute their acceptance of all of the foregoing terms.

WHEREFORE, the parties have set their hands this 22 day of November, 1998.

Kids Count Entertainment, Inc.

By: _____
Vicki Esralew, President

_____
Vicki Esralew

_____
Eugene Terry

_____
Rollin J. Soskin

Kids Count Entertainment, L.L.C.

By: _____
Vicki Esralew, Manager

_____
Robert Aren

_____
Nicole Terry

Eugene Terry
1891 Old Briar
Highland Park, Illinois 60035
(847) 831-~~3490~~ 3977

<u>Via Certified Mail - Return Receipt Requested</u>

September 17, 2003

Vicki Esralew, Manager
Kids Count Entertainment, L.L.C.
3800 N. Wilke Road
Suite 300
Arlington Heights, Illinois 60004

    Re:    Outstanding loans

Dear Vicki:

    Demand is hereby made for the immediate repayment of all loans due to the undersigned and to Terry's Company, Inc. for all sums loaned to Kids Count Entertainment, LLC. The outstanding principal amount is $173,651.56. With interest at 10% over the last five years as per the written Memorandum of Agreement covering such loans, the amount due as of this date is $ _256,00?_ In addition, the loan continues to accrue interest at the rate of $47.58 per day and such interest will continue to accrue until the actual date of payment.

    If I do not receive full payment within fourteen (14) days, I will have no alternative but to file suit in order to collect the sums due, and, if necessary, to levy upon the assets of the company to secure the said loans. Hopefully this will not be necessary.

                                            Very truly yours,

                                            Eugune Terry, individually and as
                                            President of Terry's Company, Inc.

ET/slw

cc:    Rollin J. Soskin

                                                                     EXHIBIT _B_

Eugene Terry
1891 Old Briar
Highland Park, Illinois 60035
(847) 831-3490 3472

**Via Certified Mail - Return Receipt Requested**

September 17, 2003

Vicki Esralew, Manager
Kids Count Entertainment, L.L.C.
3800 N. Wilke Road
Suite 300
Arlington Heights, Illinois 60004

    Re:    exercise of option

Dear Vicki:

    Pursuant to the Memorandum of Agreement dated November 22, 1998, I have an option to acquire up to 10% of Kids Count Entertainment, L.L.C. at a price of $250,000.00. I further have the right to offset the amounts due me against such exercise price. The outstanding principal amount is now $173,651.56. With interest at 10% over the last five years as per the written Memorandum of Agreement, the amount is now well in excess of $250,000.00.

    In order to properly analyze whether or not to exercise my option, it will be necessary for me to examine the financial records of the company, including the results of all operations, current assets and liabilities, and all information pertaining to the current prospects for the company.

    It is hereby demanded that you provide me with sufficient information with which to make an informed decision as to my option. I suggest that we meet within the next five days to discuss what records may be available.

EXHIBIT "C"

Esralew
September 17, 2003
Page Two

If I do not receive the requested information in a timely manner, I will have no alternative but to file suit in order to preserve and enforce my rights under the Memorandum of Agreement.

Very truly yours,



Eugune Terry, individually and as
President of Terry's Company, Inc.

ET/slw

cc:   Rollin J. Soskin